1  ROBERT M. YASPAN (CA Bar No. 51867)
   JOSEPH G. McCARTY (CA Bar No. 151020)
2  JASON H. GOROWITZ (CA Bar No. 225428)
   LAW OFFICES OF ROBERT M. YASPAN
3  21700 Oxnard Street, Suite 1750
   Woodland Hills, California 91367
4  Telephone: (818) 905-7711
   Facsimile: (818) 501-7711
5
   Attorneys for Defendants/Debtors-in-Possession
6  GGW DIRECT, LLC, GGW BRANDS, LLC
   and GGW EVENTS, LLC
7

8                   UNITED STATES BANKRUPTCY COURT

9                         DISTRICT OF NEVADA

10

11 | WYNN LAS VEGAS LLC d/b/a              ) Adversary Case No.: 13-01050
   | WYNN LAS VEGAS, a Nevada              )
12 | limited liability company             ) Chapter 11
   |                                       )
13 |               Plaintiff,              ) NOTICE OF MOTION AND MOTION TO
   |                                       ) TRANSFER VENUE; MEMORANDUM OF
14 |       vs.                             ) POINTS AND AUTHORITIES
   |                                       )
15 | GGW DIRECT, LLC, a Delaware limited   ) Date:  May 8, 2013
   | liability company; GGW BRANDS, LLC, a ) Time:  8:30 a.m.
16 | Delaware limited liability company; GGW ) Place: Courtroom 2
   | EVENTS, LLC, a Delaware limited liability )      U.S. Bankruptcy Court
17 | company; MANTRA FILMS, INC., a        )        District of Nevada
   | suspended Oklahoma corporation; BLUE  )        Foley Federal Building
18 | HORSE TRADING, LLC, a California      )        300 Las Vegas Boulevard South
   | limited liability company; PEPE BUS, LLC, )   Las Vegas, Nevada 89101
19 | an inactive Montana limited liability )
   | company; SANDS MEDIA, INC., a revoked )
20 | Nevada domestic corporation; JOSEPH R. )
   | FRANCIS, an individual; DAVID R.      )
21 | HOUSTON, an individual; and DAVID R.  )
   | HOUSTON, LTD., a Nevada professional  )
22 | corporation, doing business as THE LAW )
   | OFFICE OF DAVID R. HOUSTON,           )
23 |                                       )
   |               Defendants.             )
24 |                                       )

25

26

27

28

- 1 -
NOTICE MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES

TO THE HONORABLE MIKE K. NAKAGAWA, ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 7087, defendants/debtors-in-possession GGW Direct, LLC, GGW Brands, LLC and GGW Events, LLC ("Debtors") hereby request a transfer of venue ("Motion") from this Court to the United States Bankruptcy Court for the Central District of California (the "Home Court"), where Debtors respective bankruptcy cases are currently pending.[1]  Transfer of venue to the Home Court is sought in the interest of justice and for the convenience of the parties.

The facts of this action establish that transfer of venue to the Home Court is in the interest of justice because (1) the resolution of this action will have a very significant impact on administration of Debtors' estates given that this action may result in a claim exceeding $10.3 million; (2) there is a strong presumption in favor of transferring venue to the Home Court; and (3) judicial efficiency will be served by consolidating this action with the ongoing bankruptcies being handled by the Home Court, further enabling the Home Court to efficiently and effectively adjudicate all issues related to plaintiff Wynn Las Vegas LLC d/b/a Wynn Las Vegas' ("Wynn") multi-million dollar claims against Debtors' estates.

Additionally, transfer of venue to the Home Court because Debtors are each Delaware limited liability companies. As such, neither Nevada law nor California law – if the venue transfer is granted – will be applied. Instead, Delaware law will be applied, and therefore it would be untrue to even remotely suggest that Debtors are venue shopping, which they are not.

///
///
///
///
///

---

[1] The Central District of California Chapter 11 Bankruptcy case number for GGW Direct, LLC is 2:13-bk-15132-SK. The Central District of California Chapter 11 Bankruptcy case number for GGW Brands, LLC is 2-13-bk-15130-SK. The Central District of California Chapter 11 Bankruptcy case number for GGW Events, LLC is 2-13-bk-15134-SK. (The Chapter 11 Bankruptcy cases for GGW Direct, LLC, GGW Brands, LLC and GGW Events, LLC are collectively referred to herein as the "GGW Bankruptcy Cases".)

1  This Motion is supported by the attached Memorandum of Points and Authorities, the concurrently filed Notice of Hearing, the concurrently filed Declaration of Robert M. Yaspan, the entire record before the Court in this adversary proceeding and such other evidence, as may be presented, at the hearing on this Motion.

DATED: April 1, 2013              LAW OFFICES OF ROBERT M. YASPAN

                                  By: _____
                                  ROBERT M. YASPAN
                                  JOSEPH G. McCARTY
                                  JASON H. GOROWITZ
                                  Attorneys for Defendants/Debtors-in-Possession
                                  GGW DIRECT, LLC, GGW BRANDS,
                                  LLC and GGW EVENTS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Factual and Procedural Background.

On February 27, 2013 (the "Petition Date"), defendants/debtors-in-possession GGW Direct, LLC, GGW Brands, LLC and GGW Events, LLC ("Debtors") separately filed voluntary Chapter 11 petitions, which are each presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Home Court"). The Chapter 11 case number for GGW Direct, LLC is 2:13-bk-15132-SK. The Chapter 11 case number for GGW Brands, LLC is 2-13-bk-15130-SK. The Chapter 11 case number for GGW Events, LLC is 2-13-bk-15134-SK. (The Chapter 11 cases for GGW Direct, LLC, GGW Brands, LLC and GGW Events, LLC are collectively referred to herein as the "GGW Bankruptcy Cases".)

Since the Petition Date, Debtors have remained in possession of their assets pursuant to Bankruptcy Code §§ 1107 and 1108.

Before removal, Debtors and plaintiff Wynn Las Vegas LLC d/b/a Wynn Las Vegas' ("Wynn") were parties to the civil action captioned *Wynn Las Vegas LLC d/b/a Wynn Las Vegas vs. GGW Direct, LLC, et al.*, case number A-12-660288-B, which was pending in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada State Court Action").

Pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027, Debtors removed the Nevada State Court Action to the United States Bankruptcy Court for the District of Nevada on March 26, 2013.[2] (Docket No. 1.)

Through this Motion to Transfer Venue (the "Motion"), Debtors seek to have the Home Court decide the merits of the removed Nevada State Court Action. The Motion should not be viewed as an attempt to forum shop since Debtors are each Delaware limited liability companies and accordingly, neither Nevada law nor California law will be applied if the venue transfer is granted – will be applied. Instead, Delaware law will be applied and therefore no party will be

---

[2] The complete record of pleadings and documents filed in the Nevada State Court Action are voluminous and Debtors are in the process of compiling them. Debtors will file the complete record of the Nevada State Court Action pleadings with this Court within 30 days from the date of the Notice of Removal, unless otherwise ordered by this Court.

- 4 -

advantaged or disadvantaged if this Court grants the herein Motion and transfers this adversary to the Home Court.

**B.    Venue Should Be Transferred.**

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." This statute is "used to analyze the request for a change of venue in a proceeding related to a bankruptcy case." (*Sonorx v. Coudert Bros., LLP*, Case No. C-07-1075 SC (N.D. Cal. 2007) 2007 WL 2470125 at *1, citing *A.B. Real Estate, Inc. v. Bruno's Inc. (In re Bruno's, Inc.* (Bankr. N.D. Ala. 1998) 227 B.R. 311, 323.)

The "interest of justice" prong is analyzed under "a broad and flexible standard which must be applied on a case-by-case basis." (*Id.*, quoting *Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)* (2d Cir. 1990) 896 F.2d 1384, 1391.) Factors courts consider in the interest of justice prong include:

(1)    economics of estate administration;

(2)    the presumption in favor of the "home court";

(3)    judicial efficiency;

(4)    the ability to receive a fair trial;

(5)    the state's interest in having local controversies decided within its borders by those familiar with its laws;

(6)    the enforceability of the judgment; and

(7)    the plaintiff's original choice of forum.

(*Id.*, citing *In re Bruno's Inc.*, (Bankr. N.D. Ala. 1998) 227 B.R. at 324-325.)

The most important factor, however, is "whether the requested transfer would promote the economic and efficient administration of the estate." (*Id.*, quoting *In re Commonwealth Oil Refining Co., Inc.* (5th Cir. 1979) 596 F.2d 1239.)

In *Sonorx*, the defendants were sued for professional negligence in California. (*Id.*) After the defendants filed Chapter 11 in the Southern District of New York, the plaintiff filed a proof of claim based on the amount claimed in the California lawsuit. (*Id.*) The defendants

removed the action to the California District Court, and the plaintiff moved for remand. (*Id.*) The California District Court denied remand because the "Plaintiff's claims against [the Defendants] are core bankruptcy matters and the Plaintiff's claims against the Individual Partner Defendants of the firm are related to the Bankruptcy Case." (*Id.*) The Defendants subsequently moved to transfer venue of the case to their home bankruptcy court in New York. (*Id.*) The Court granted the change of venue, in part, because:

> "Analysis of the relevant factors weighs heavily in favor of transfer. First, resolution of the ... claims ... will have a significant effect on the economics of estate administration because [the] proof of claim carries a potential liability of over $25 million. Second, the "home court" for the estate is the Southern District of New York. Third, judicial efficiency will be served by administering all claims against the estate in the same forum. Finally, the remaining factors also weigh in favor of transfer. The most efficient and economical place to administer the [bankruptcy] estate is in the [home court]."

(*Id.* at *2; see also *Cornerstone Dental, PLLC v. Smart Dental Care* (Bankr. D. Idaho 2008) 2008 WL 907374 at *2 ("The Court determines that the interests of justice are best served by transferring this proceeding, including the unresolved motion to remand, to the [home court]."); *Seybolt v. Bio-Energy of Lincoln, Inc.* (Bankr. D. Mass. 1984) 38 B.R. 123, 128 ("As a conduit under the removal statute, this Court can only speculate as to the effect that this proceeding will have on [the debtor's] Chapter 11 proceedings. The equitable considerations underlying a motion to remand are best addressed by the [home court]."); *Colarusso v. Burger King Corp.* (Bankr. E.D. Pa. 1982) 21 B.R. 715, 724-725 ("The local bankruptcy court is the most convenient court to receive removal petitions and acts as the first court to review them. ... If the local bankruptcy court is not the "home" court, it should transfer the case to the 'home' court.").

Here, the relevant factors establish that transfer of venue to the Home Court is appropriate. First, the resolution of the removed Nevada State Court Action could have a very significant impact on the administration of Debtors' respective estates given that the removed action could potentially result in a claim exceeding $10.3 million for which Debtors could potentially be held jointly and severally liable. Additionally, Debtors' respective estates will be diminished by the added costs of travel and having to maintain local Nevada bankruptcy counsel. Second, as noted in case law, there is a strong presumption in favor of transferring venue to the Home Court. Third, judicial efficiency will be served by administering all claims

against Debtors, including Wynn's potential claim exceeding $10.3 million, in the Home Court. Moreover, the Home Court will be in a better position to fully grasp the potential impact decisions in the removed Nevada State Court Action will have on the administration of the respective estates because it will be most familiar with all the relevant facts of the parties. In addition, because Debtors are Delaware limited liability companies, the deciding court will have to apply Nevada law, and therefore Debtors' desired venue transfer should not be construed as forum shopping since it is not. For these and other reasons, the Court should transfer venue of this matter to the Home Court.

C. **The Convenience of the Parties Favors Transfer of Venue to the Home Court.**

The "interests of justice" prong and the "convenience of the parties" prong are disjunctive, and the moving party need only satisfy one. (See 28 U.S.C. § 1452(a).) The relevant factors courts consider regarding convenience include:

(1)   location of plaintiff and defendant;

(2)   ease of access to necessary proof;

(3)   convenience of witnesses;

(4)   availability of subpoena power for the unwilling witnesses; and

(5)   the expense relating to obtaining witnesses.

(*Sonorx v. Coudert Bros., LLP*, 2007 WL 2470125 at *2 (granting transfer of venue because "though most of the witnesses and documents reside in California, they will also be available in New York").)

In this case, the Home Court is a more convenient forum for Debtors. Debtors' principals are located in the Los Angeles area and so are Debtors' attorneys. The removed Nevada State Court Action is essentially an alter ego and judgment enforcement case and that can be readily handled and managed by the Home Court. Most, if not all of Debtors' documents and witnesses will be available in the Central District of California. Finally, any added expense to witnesses and attorneys by maintaining venue in Las Vegas is far outweighed by the added expense to Debtors' estates if this Motion is not granted. For all these reasons, the Court should transfer venue of the removed Nevada State Court Action to Debtors' Home Court.

**D.     Conclusion.**

Based on the foregoing, Debtors respectfully request that the Court enter an order transferring venue of the removed Nevada State Court Action to the United States Bankruptcy Court for the Central District of Nevada and grant Debtors such other and further relief as the Court may deem just and proper.

DATED: April 1, 2013         LAW OFFICES OF ROBERT M. YASPAN

By: _____
ROBERT M. YASPAN
JOSEPH G. McCARTY
JASON H. GOROWITZ
Attorneys for Defendants/Debtors-in-Possession
GGW DIRECT, LLC, GGW BRANDS, LLC and GGW EVENTS, LLC