Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
Laura F. Bielinski, Esq., Nevada Bar No. 10516
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone: (702) 382-2101
Facsimile (702) 383-8135

and

MALHAR S. PAGAY, ESQ. (CA BAR NO. 189289)
(*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
mpagay@pszjlaw.com
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON,<br><br>                    Defendants. | Adversary Case No.: 13-01050-MMN<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION REGARDING RESOLUTION OF REMOVED ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing**<br><br>Date:  August 28, 2013<br>Time:  9:30 a.m.<br>Place: Courtroom 2<br>         U.S. Bankruptcy Court<br>         District of Nevada<br>         Foley Federal Building<br>         300 Las Vegas Boulevard South<br>         Las Vegas, Nevada 89101 |

Error! Unknown document property name.                    1

**TO THE HONORABLE MIKE M. NAKAGAWA, UNITED STATES BANKRUPTCY JUDGE; ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") hereby moves (the "Motion") the Court for an order substantially in the form attached as **Exhibit A**, approving that certain *Stipulation Regarding Resolution of Removed Action* attached as **Exhibit B** (the "Stipulation").

**PLEASE TAKE FURTHER NOTICE** that if you object or opposed the relief sought in the Motion, or if you want the Court to consider your support of the Motion, then you must file a response with the Court, and serve a copy on undersigned counsel **no later than fourteen (14) days preceding the hearing date** for the Motion, unless an exception applies (see Local Rule 9014(d)(3)).  The response must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c).

**PLEASE TAKE FURTHER NOTICE** that if you object to the relief requested by the Motion, you *must* file a written response to this pleading with the Court on or prior to the deadline set forth herein.  You *must* also serve your written response on undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that if you do not file a written response with the Court on or before the deadline set forth herein, or if you do not serve your written response on undersigned counsel, then the Court may *refuse to allow you to speak* at the scheduled hearing and the Court may *rule against you* without formally calling the matter at the hearing.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will be held before the Honorable Mike M. Nakagawa, United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Third Floor, Bankruptcy Courtroom No. 2, Las Vegas, Nevada 89101, on **August 28, 2013 at 9:30 a.m.**

Error! Unknown document property name.    2

| | | |
|---|---|---|
| Dated: July 31, 2013 | | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
| | By: | */s/ Mitchell J. Langberg* |
| | | Mitchell J. Langberg |
| | | and |
| Dated: July 31, 2013 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By: | */s/ Malhar S. Pagay* |
| | | Malhar S. Pagay |
| | | Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas |

**Error! Unknown document property name.** 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, Wynn Las Vegas seeks approval of a stipulated resolution of the competing motions seeking to remand this litigation to the Nevada state court and to transfer its venue to the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court"). The stipulation was entered into by Wynn Las Vegas and the chapter 11 trustee (the "Trustee") on behalf of Defendants GGW Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), GGW Brands, LLC ("GGW Brands"), and debtor in possession GGW Marketing, LLC, pursuant to the terms of a global settlement between the parties and is a condition to the effectiveness of that settlement. Assuming the California Bankruptcy Court grants the pending motion to approve the global settlement pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Motion also should be granted so that the global settlement may be implemented and the pending remand and venue transfer motions may be resolved.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2012, Wynn Las Vegas filed a complaint in the District Court, Clark County, Nevada against GGW Direct, LLC, GGW Events, LLC, GGW Brands, LLC, Mantra Films, Inc., Blue Horse Trading, LLC, Pepe Bus, LLC, Sands Media, Inc., Joseph R. Francis, David R. Houston, and David R. Houston, Ltd. (the "Nevada State Court Action"), which has been removed to this Court. In the Nevada State Action, Wynn Las Vegas has asserted a right to $1,846,578.28 being held in an IOLTA trust account (the "Trust Funds") by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively "Houston").

The Court has jurisdiction over the Trust Funds pursuant to the *Stipulation and Proposed Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, filed June 29, 2012 (the "Houston Stipulation"), and the *Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, dated July 12, 2012 and entered July 16, 2012 (the "Houston Order"). Copies of the Houston Stipulation

Error! Unknown document property name.    1

and the Houston Order are attached to the Stipulation as Exhibits A and B, respectively. In the Houston Stipulation, each of the parties to the Nevada State Court action stipulates that the "right to possession of the Trust Funds is an issue to be determined by this court in this action…." Houston Stipulation ¶ 1. The Houston Stipulation also provides, "Houston has no beneficial interest in the Trust Funds or its proceeds. Houston … will comply with such order or judgments served upon Houston, whether or not Houston has been dismissed as a party." *Id.* ¶ 2; *see also* Houston Order ¶ 2.

On February 27, 2013, each of GGW Direct, GGW Events, GGW Brands and GGW Magazine, LLC ("GGW Magazine"), commenced voluntary chapter 11 cases in the California Bankruptcy Court. On May 22, 2013, GGW Marketing, LLC ("GGW Marketing" and together with GGW Direct, GGW Events, GGW Brands and GGW Magazine, the "Debtors"), commenced a voluntary chapter 11 case in the California Bankruptcy Court. The Debtors' chapter 11 cases (the "California Bankruptcy Cases") have been administratively consolidated.

On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee in the California Bankruptcy Cases of GGW Direct, GGW Events, GGW Brands, and GGW Magazine (the "Trustee Motion"), which was granted by orders entered on April 11, 2013, in each of the California Bankruptcy Cases. The United States Trustee for the Central District of California appointed R. Todd Neilson as the Trustee for each of the Debtors other than GGW Marketing. In the California Bankruptcy Cases, Wynn Las Vegas asserts various claims against the Debtors (the "Wynn Claims"). The Trustee disputes those claims.

On March 26, 2013, the Debtors removed the Nevada State Court Action to this Court (the "Nevada Bankruptcy Court").

On April 1, 2013, the Debtors filed a motion to transfer venue of the Nevada State Court Action [Dkt. No. 4] (as amended, the "Venue Transfer Motion") from this Court to the California Bankruptcy Court.

On April 10, 2013, Wynn Las Vegas filed its motion to remand the Nevada State Court Action back to the Nevada State Court [Dkt. No. 11] (the "Remand Motion").

**Error! Unknown document property name.**         2

A hearing to consider both the Venue Transfer Motion and the Remand Motion was scheduled to take place on May 8, 2013, beginning at 9:30 a.m. Pursuant to a stipulation executed by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by this Court on April 30, 2013 [Dkt. No. 19], that hearing was continued to July 11, 2013, at 10:00 a.m. and then continued again to September 26, 2013, at 10:00 a.m. [Dkt. No. 21].

The Parties have negotiated a consensual resolution of their disputes regarding the Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn Claims and the Trust Funds, on the terms and conditions of that certain *Settlement Agreement*, dated as of July 10, 2013 (the "Settlement Agreement"). On July 15, 2013, the Trustee filed a motion (the "Settlement Motion") with the California Bankruptcy Court seeking approval of the Settlement Agreement pursuant to Rule 9019 of the Bankruptcy Rules. A copy of the Settlement Motion, together with exhibits thereto, is attached hereto as **Exhibit C**.[1] A hearing regarding that motion has been set for August 7, 2013 at 9:30 a.m. in the California Bankruptcy Court.

As part of the global settlement and subject to the California Bankruptcy Court's approval of the Settlement Agreement, the Parties agreed to seek this Court's approval of the Stipulation, which provides for the following resolution of the Parties' disputes with respect to the Trust Funds, the Venue Transfer Motions, and the Remand Motion:

a. Houston shall immediately pay the Trustee $800,000 of the Trust Funds. Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas. The payment of the balance of the Trust Funds to Wynn Las Vegas shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286. *See* Stipulation ¶ 1.

b. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation, Wynn Las Vegas shall dismiss, without prejudice, Defendants GGW Brands, GGW Direct, and GGW Events from the Nevada State Court Action, which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California Bankruptcy Cases or its claims against the other defendants in the Nevada State Court Action. Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation is complete. Stipulation ¶ 2.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, Wynn Las Vegas respectfully requests that the Court take judicial notice of the Settlement Motion.

Error! Unknown document property name.      3

c.  Wynn Las Vegas will not attempt to add any of the Debtors as parties in the Nevada State Court Action unless the California Bankruptcy Cases are dismissed. Stipulation ¶ 3.

d.  Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands and GGW Magazine, withdraws the Venue Transfer Motions. Counsel for Wynn Las Vegas shall prepare and lodge an order resolving the Venue Transfer Motions when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation is complete. Stipulation ¶ 4.

e.  Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation, the Trustee, as successor to Debtors GGW Direct, GGW Events, GGW Brands, and GGW Magazine, consents to the relief sought in the Remand Motion. Counsel for Wynn Las Vegas shall prepare and lodge an order granting the Remand Motion when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of the Stipulation is complete. Stipulation ¶ 5.

f.  The hearings on the Remand Motion and the Venue Transfer Motions, currently scheduled to take place in the Court on September 26, 2013, at 10:00 a.m., should be taken off calendar and adjourned. All deadlines for opposition and reply papers associated therewith should be cancelled. In the event payment in accordance with paragraph 1 of the Stipulation is not completed by August 30, 2013 (unless the Parties agree to extend that date), the Parties will contact the Court to reschedule briefing and hearing on the Remand Motion and the Venue Transfer Motions. Stipulation ¶ 6.

## III.

## **THE STIPULATION SHOULD BE APPROVED**

As noted above, the entry by the Parties into the Stipulation and its approval by this Court are express conditions to effectiveness of the Parties' global settlement of disputes as set forth in the Settlement Agreement. Before the filing of this Motion, the Trustee filed the Settlement Motion with the California Bankruptcy Court and served creditors and the United States Trustee with a copy of the Settlement Motion. Moreover, a hearing regarding the Settlement Motion has been set for August 7th, and notice of the hearing has been provided. Thus, it is contemplated that prior to the hearing regarding this Motion, the California Bankruptcy Court already will have approved the Settlement Agreement in accordance with the requirements of Bankruptcy Rule 9019(a).

By approving the Settlement Agreement, the California Bankruptcy Court will have determined that the terms of the Settlement Agreement, including entry by the Trustee and GGW Marketing into the Stipulation, constitute an appropriate compromise of the Parties' disputes and otherwise comply with the applicable legal standards for bankruptcy settlements. Accordingly, this

**Error! Unknown document property name.**    4

Motion should be granted in order for the Settlement Agreement as approved by the California Bankruptcy Court may become effective and the Remand Motion and Venue Transfer Motions resolved.

### IV.
### CONCLUSION

Based on the foregoing, Wynn Las Vegas respectfully requests that the Court (a) grant the Motion, (b) enter an order approving the Stipulation substantially in the form attached hereto as **Exhibit A**, and (c) grant such other and further relief as the Court may deem just and proper.

Dated: July 31, 2013              BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                  By:    */s/ Mitchell J. Langberg*
                                         Mitchell J. Langberg

                                  and

Dated: July 31, 2013              PACHULSKI STANG ZIEHL & JONES LLP

                                  By:    */s/ Malhar S. Pagay*
                                         Malhar S. Pagay

                                         Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

**Error! Unknown document property name.**                     5