# **EXHIBIT B**

**(Stipulation)**

Case 13-01050-mkn    Doc 23-2    Entered 07/31/13 19:02:16    Page 1 of 6

```
 1  Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
     Laura F. Bielinski, Esq., Nevada Bar No. 10516
 2  BROWNSTEIN HYATT FARBER SCHRECK, LLP
     100 North City Parkway, Suite 1600
 3  Las Vegas, Nevada 89106
     mlangberg@bhfs.com
 4  lbielinski@bhfs.com
     Telephone:  (702) 382-2101
 5  Facsimile (702) 383-8135

 6       and

 7  MALHAR S. PAGAY (CA BAR NO. 189289) (pro hac vice pending)
     PACHULSKI STANG ZIEHL & JONES LLP
 8  10100 Santa Monica Blvd., 13th Floor
     Los Angeles, California  90067
 9  Telephone:    310/277-6910
     Facsimile:    310/201-0760
10  Email:     mpagay@pszjlaw.com
                  jfried@pszjlaw.com
11
     Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas
12
```

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Adversary Case No.: 13-01050-MKN |
| WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company, | Chapter 11 |
| Plaintiff, | **STIPULATION REGARDING RESOLUTION OF REMOVED ACTION** |
| vs. | **Hearing** |
| GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON, | Date:     September 26, 2013<br>Time:     10:00 a.m.<br>Place:    Courtroom 2<br>             U.S. Bankruptcy Court<br>             District of Nevada<br>             Foley Federal Building<br>             300 Las Vegas Boulevard South<br>             Las Vegas, Nevada 89101 |
| Defendants. | |

145455.1   Settlement Agreement
Exhibit 9 of 11

1    Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") and R. Todd Neilson,
2 the chapter 11 trustee (the "Trustee") appointed in the respective bankruptcy estates of GGW
3 Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), GGW Magazine, LLC
4 ("GGW Magazine") and GGW Brands, LLC ("GGW Brands" and, together with GGW Direct,
5 GGW Events, and GGW Magazine, the "Debtors"), through their counsel of record, hereby
6 stipulate and agree as follows in accordance with the following facts and recitals:

<strong><u>RECITALS</u></strong>

8    A.    On April 18, 2012, Wynn Las Vegas filed a complaint in the District Court of
9 Clark County, Nevada against GGW Direct, GGW Events, GGW Brands, Mantra Films, Inc.,
10 Blue Horse Trading, LLC, Pepe Bus, LLC, Sands Media, Inc., Joseph R. Francis, David R.
11 Houston, and David R. Houston, Ltd. thereby initiating the above-captioned action (the "<u>Nevada
12 State Court Action</u>"), which has been removed to this Court. In the Nevada State Court Action,
13 Wynn Las Vegas has asserted a right to $1,846,578.28 being held in an IOLTA trust account (the
14 "<u>Trust Funds</u>") by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively
15 "<u>Houston</u>").

16    B.    The Court has jurisdiction over the Trust Funds pursuant to the *Stipulation and
17 Proposed Order Regarding the Participation of David R. Houston, Esq. and David R, Houston,
18 Ltd. in Further Proceedings*, filed June 29, 2012 (the "Houston Stipulation") and the *Order
19 Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further
20 Proceedings*, dated July 12, 2012 and entered July 16, 2012 (the "Houston Order"). Copies of the
21 Houston Stipulation and the Houston Order are attached to this Stipulation as Exhibits A and B,
22 respectively. In the Houston Stipulation, each of the parties to the Nevada State Court action
23 stipulate that the "right to possession of the Trust Funds is an issue to be determined by this court
24 in this action…." Houston Stipulation ¶ 1. The Houston Stipulation also provides, "Houston has
25 no beneficial interest in the Trust Funds or its proceeds. Houston … will comply with such order
26 or judgments served upon Houston, whether or not Houston has been dismissed as a party." *Id.* ¶
27 2; *see also* Houston Order ¶ 2.

28

145455.1    Settlement Agreement    1
Exhibit 9 of 11

C.  On February 27, 2013, each of the Debtors commenced voluntary chapter 11 cases (the "California Bankruptcy Cases") in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

D.  On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee in each of the California Bankruptcy Cases (the "Trustee Motion"), which was granted by orders entered on April 11, 2013 in each of the California Bankruptcy Cases. The United States Trustee for the Central District of California appointed R. Todd Neilson as the chapter 11 trustee for each of the Debtors in the California Bankruptcy Cases. In the California Bankruptcy Cases, Wynn Las Vegas asserts various claims against the Debtors (the "Wynn Claims"). The Trustee disputes those claims.

E.  On March 26, 2013, the Debtors removed the Nevada State Court Action to the United States Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Court").

F.  On April 1, 2013, the Debtors filed a motion to transfer venue of the Nevada State Court Action [Dkt. No. 4] (as amended, the "Venue Transfer Motions") from the Nevada Bankruptcy Court to the California Bankruptcy Court.

G.  On April 10, 2013, Wynn Las Vegas filed its motion to remand the Nevada State Court Action back to the Nevada State Court [Dkt. No. 11] (the "Remand Motion")..

H.  A hearing to consider both the Venue Transfer Motion and the Remand Motion was scheduled to take place on May 8, 2013, beginning at 9:30 a.m. Pursuant to a stipulation executed by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by the Nevada Bankruptcy Court on April 30, 2013 [Dkt. No. 19], that hearing was continued to July 11, 2013, at 10:00 a.m. and then continued again to September 26, 2013, at 10:00 a.m. [Dkt. No. 21].

I.  The Parties have negotiated a consensual resolution to their disputes regarding the Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn Claims and the Trust Funds. Accordingly, as part of a global settlement of their differences that has been approved by the California Bankruptcy Court, the Parties have agreed that that they will stipulate to the resolution set forth below.

145455.1  Settlement Agreement
Exhibit 9 of 11

2

# STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED** as follows:

1. Houston shall immediately pay the Trustee $800,000 of the Trust Funds. Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas, LLC. The payment of the balance of the Trust Funds to Wynn Las Vegas, LLC shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas, LLC on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.

2. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of this Stipulation, Wynn Las Vegas dismisses, without prejudice, Defendants GGW Brands, GGW Direct, and GGW Events from the Nevada State Court Action, which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California Bankruptcy Cases or its claims against the other defendants in the Nevada State Court Action. Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 is complete.

3. Wynn Las Vegas will not attempt to add any of the Debtors or GGW Marketing, LLC as parties in the Nevada State Court Action unless the California Bankruptcy Cases are dismissed.

4. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of this Stipulation, the Trustee, as successor to the Debtors, withdraws the Venue Transfer Motions. Counsel for Wynn Las Vegas shall prepare and lodge an order resolving the Venue Transfer Motions when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 is complete.

5. Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in accordance with paragraph 1 of this Stipulation, the Trustee, as successor to the Debtors, consents to the relief sought in the Remand Motion. Counsel for Wynn Las Vegas shall prepare and lodge an order granting the Remand Motion when payment to the Trustee and Wynn Las Vegas in accordance with paragraph 1 is complete.

    6.    The hearings on the Remand Motion and the Venue Transfer Motions, currently scheduled to take place in the Court on September 26, 2013, at 10:00 a.m., should be taken off calendar and adjourned. All deadlines for opposition and reply papers associated therewith should be cancelled. In the event payment in in accordance with paragraph 1 of this Stipulation is not completed by August 30, 2013 (unless the Parties agree to extend that date), the Parties will contact the Court to reschedule briefing and hearing on the Remand Motion and the Venue Transfer Motions.

Dated: August   , 2013        BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _____
    Mitchell J. Langberg

and

Dated: August __, 2013        PACHULSKI STANG ZIEHL & JONES LLP

By: _____
    Malhar S. Pagay

Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

Dated: August __, 2013        KLEE, TUCHIN, BOGDANOFF & STERN, LLP

By: _____
    Michael L. Tuchin

Counsel for R. Todd Neilson, Chapter 11 Trustee for GGW Direct, LLC, GGW Brands, LLC, GGW Events, LLC, and GGW Magazine, LLC