# EXHIBIT A

**Settlement Agreement**

This settlement agreement (the "Agreement") is dated as of July 10, 2013 (but subject to the provisions regarding effectiveness set forth herein), and is by and between, on the one hand, (i) R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC; and (ii) GGW Marketing, LLC (together with GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC, the "Debtors"); and, on the other hand, (iii) Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas ("Wynn LV"); and (iv) Stephen A. Wynn ("Mr. Wynn"), with reference to the following facts:

A. <u>Bankruptcy Filing.</u>  On February 27, 2013 (the "Petition Date"), the Debtors other than GGW Marketing, LLC, petitioned for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").  On May 22, 2013, GGW Marketing, LLC, petitioned for relief under chapter 11 of the Bankruptcy Code in the California Bankruptcy Court.  The Debtors' chapter 11 cases (the "Bankruptcy Cases") have been administratively consolidated.

B. <u>Trustee.</u>  On April 11, 2013, R. Todd Neilson was appointed chapter 11 trustee of the Debtors other than GGW Marketing, LLC, and is the duly qualified and acting chapter 11 trustee (the "Trustee").  GGW Marketing, LLC, remains a debtor in possession.

C. <u>Joseph R. Francis.</u>  Prior to the Petition Date, Joseph R. Francis ("Mr. Francis") founded the Debtors, held himself out publicly as a significant, if not the sole, person with an economic interest in the Debtors, and exercised significant control over the Debtors.

D. <u>Nevada Marker Judgment.</u>  Prior to the Petition Date, specifically on August 18, 2009, Wynn LV obtained a judgment against Mr. Francis in the District Court of Clark County, Nevada ("Clark County District Court"), in Case No. A566286, arising from unpaid gambling debts (the "Nevada Marker Judgment").  A copy of the Nevada Marker Judgment is attached hereto as Exhibit 1.  As set forth in the Nevada Marker Judgment, the Clark County District Court awarded Wynn LV $2,000,000 plus prejudgment interest of $838,356 for the period from February 17, 2007, to August 18, 2009, plus post-judgment interest from and after August 18, 2009, at the rate of $986.30 per day.  As of the Petition Date, Wynn LV is owed $3,937,124.36 on account of the Nevada Marker Judgment.  The Nevada Marker Judgment is final and nonappealable.

E. <u>Nevada Defamation Judgment.</u>  On April 9, 2012, Wynn LV and Mr. Wynn obtained a judgment against Mr. Francis in the Clark County District Court, Case No. A577548, on account of claims of defamation (the "Nevada Defamation Judgment").  A copy of the Nevada Defamation Judgment is attached hereto as Exhibit 2.  As set forth in the Nevada Defamation Judgment, the Clark County District Court awarded Wynn LV $2,500,000 in compensatory damages and $1,250,000 in punitive damages and also awarded Mr. Wynn $2,500,000 in compensatory damages and $1,250,000 in punitive damages.  The Clark County District Court denied Mr. Francis's motion to set aside the Nevada Defamation Judgment, and Mr. Francis has filed an appeal of the court's denial of such motion that remains pending.  As of the Petition Date, Wynn LV and Mr. Wynn are each owed $3,924,760.74 on account of the Nevada Defamation Judgment (hereinafter, the "Wynn LV Nevada Defamation Judgment" as to Wynn LV and the "Stephen Wynn Nevada Defamation Judgment" as to Mr. Wynn).

1

F.  <u>Alter Ego Litigation.</u>  On April 18, 2012, Wynn LV commenced an action in the Clark County District Court, Case No. A-12-660288-B (the "Alter Ego Litigation") against GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC (collectively, the "Debtor Defendants"), Mr. Francis, and other individuals and entities.  A copy of the complaint in the Alter Ego Litigation is attached hereto as Exhibit 3.  In the complaint, Wynn LV alleged, among other things, that Wynn LV has been largely unable to collect on its judgments against Mr. Francis because Mr. Francis is using the Debtor Defendants to hide his assets and income, and that the Debtor Defendants are "influenced and governed by Francis, and Francis acts as the ultimate authority for their business and financial transactions."  In the Alter Ego Litigation, Wynn LV seeks to hold other entities, including the Debtor Defendants, jointly and severally liable for the Nevada Marker Judgment and that portion of the Nevada Defamation Judgment awarded to Wynn LV.

G.  <u>Preliminary Injunction.</u>  On August 17, 2012, the Clark County District Court granted preliminary injunctive relief (the "Preliminary Injunction") in the Alter Ego Litigation.  A copy of the Preliminary Injunction is attached hereto as Exhibit 4.  In granting the Preliminary Injunction, the court found that Wynn LV "has a substantial likelihood of success on the merits of its claim for declaratory relief related to alter ego … and has presented evidence that . . . (d) As the person most knowledgeable of the day to day operations of GGW Direct[, LLC] and the sole signatory on checks issued by GGW Direct[, LLC], Francis likely controls GGW Direct[, LLC]'s operations; [and] (e) There is such unity of interest between GGW Direct[, LLC] and Francis such that GGW Direct[, LLC] is the alter ego of Francis…."

H.  <u>Trust Funds.</u>  Among the defendants sued by Wynn LV in the Alter Ego Litigation was David R. Houston and David R. Houston, Ltd. (collectively "Houston") who hold $1,846,578.28 (the "Trust Funds") in a client trust account.  Although Mr. Houston stated that the Trust Funds came from GGW Direct, LLC, other evidence suggests that only a portion of such funds originated from GGW Direct, LLC, and that those amounts were paid first to Mr. Francis (or on his account, to his agent, Boulevard Management) before being transferred to Mr. Houston, and that other amounts may have come from multiple other sources.  Wynn LV and Mr. Houston entered into a stipulation, a copy of which is attached as Exhibit 5, approved by an order of the Clark County District Court, a copy of which is attached as Exhibit 6, to maintain the Trust Funds in Mr. Houston's client trust account pending further order of the Clark County District Court.

I.  <u>California Slander Judgment.</u>  On December 12, 2012, Mr. Wynn obtained a judgment against Mr. Francis in the Superior Court of California, County of Los Angeles ("LASC"), Case No. BC438884, on account of claims for slander (the "California Slander Judgment").  A copy of the California Slander Judgment is attached hereto as Exhibit 7.  As set forth in the California Slander Judgment, the LASC awarded Mr. Wynn $19,000,000 in compensatory damages (after reducing such amount from $20,000,000).  Although the LASC struck all claims for punitive damages, it otherwise denied Mr. Francis's post-trial motions.  Mr. Francis has filed an appeal that remains pending.  As of the Petition Date, Mr. Wynn is owed $19,411,232.92 on account of the California Slander Judgment.

J.  <u>Removal of Alter Ego Litigation.</u>  After the Petition Date, the Debtor Defendants removed the Alter Ego Litigation to the United States Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Court"), where it is pending as Adversary Proceeding No. 13-01050.  The Debtor Defendants have moved to transfer the Alter Ego Litigation to the

California Bankruptcy Court. Wynn LV has opposed the transfer and has moved to remand the Alter Ego Litigation to the Clark County District Court. The Trustee and Wynn LV stipulated to a continuance of the hearings on these motions, which this Agreement (and a parallel stipulation to be filed in the Nevada Bankruptcy Court) will resolve.

K.  <u>Contentions Regarding Claims.</u>  Wynn LV and Mr. Wynn contend that all the Debtors are liable on the Nevada Marker Judgment, the Nevada Defamation Judgment and the California Slander Judgment. The Trustee and GGW Marketing, LLC, dispute these contentions.

L.  <u>Contentions Regarding Trust Funds.</u>  Wynn LV contends that it is entitled to all the Trust Funds because such funds are either subject to levy as property of Wynn LV's judgment debtor (Mr. Francis), or, in the alternative, are subject to perfected liens in favor of Wynn LV and Mr. Wynn. The Trustee and GGW Marketing, LLC, dispute these contentions.

M.  <u>Contentions Regarding Removed Alter Ego Litigation.</u>  Wynn LV contends that the motion to transfer the Alter Ego Litigation from the Nevada Bankruptcy Court to the California Bankruptcy Court should be denied and that the Alter Ego Litigation should instead be remanded to the Clark County District Court. The Trustee disputes these contentions.

N.  <u>Mutual Desire to Settle.</u>  Wynn LV, Mr. Wynn, the Trustee, and GGW Marketing, LLC, (collectively, the "Parties," and individually, a "Party") wish to resolve the disputes set out above in paragraphs K, L and M on the terms and conditions set out in this Agreement, and each Party has the authority to do so save and except that the Trustee's and GGW Marketing, LLC's authority are subject to the approval of the California Bankruptcy Court.

Now, therefore, in consideration of the foregoing, the Parties stipulate and agree as follows:

1.  <u>Incorporation of Recitals.</u>  The foregoing recitals, set out at paragraphs A through N, inclusive, are true and correct and are an integral part of this Agreement.

2.  <u>Partial and Conditional Allowance of Claims.</u>  The Nevada Marker Judgment, Nevada Defamation Judgment and California Slander Judgment shall be allowed claims in each of the Bankruptcy Cases upon the terms, conditions and amounts set forth below.

    a.  ***Nevada Marker Judgment.***  Wynn LV shall be allowed a general unsecured claim on account of the Nevada Marker Judgment in the amount of $3,543,412 (hereinafter the "Marker Claim") subject to the following conditions and provisos:

        i.  *Limited Subordination.*  Any distribution that would otherwise be made on the Marker Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (*i.e.*, not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insiders of the Debtors or any of them. Neither shall it apply to the individuals and entities listed on Exhibit 8 hereto.

        ii.  *Credit for Other Collections.*  To the extent that Wynn LV collects funds from any source or party other than the Debtors on account of the

Nevada Marker Judgment, Wynn LV shall be entitled to apply such funds, first, to the amount of the Nevada Marker Judgment in excess of the Marker Claim (the "Nevada Marker Judgment Excess Amount") and, after the Nevada Marker Judgment Excess Amount is paid in full, then the Marker Claim shall be reduced dollar-for-dollar by collections as if such collections had occurred on the Petition Date; provided, however, that Wynn LV shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Wynn LV collects on the Nevada Marker Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Wynn LV receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.  Notwithstanding the foregoing, all sums paid to Wynn LV in accordance with the provisions of paragraph 3 shall be credited against the Nevada Marker Judgment and shall reduce the Marker Claim as provided in this paragraph 2.a.ii as if the Nevada Marker Judgment Excess Amount had been paid in full.

    iii.    *Distributions Not Subject to Subordination.*  Except as specifically provided in this paragraph 2.a., the Marker Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

b.    ***Wynn LV Nevada Defamation Judgment (General Unsecured).***  Wynn LV shall be allowed a general unsecured claim on account of the Wynn LV Nevada Defamation Judgment in the amount of $2,354,856 (hereinafter the "Wynn LV Defamation General Unsecured Claim") subject to the following conditions and provisos:

    i.    *Effect of Further Proceedings.*  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Nevada Defamation Judgment is finally determined (the "Wynn LV Final Nevada Defamation Judgment") to be less than $3,924,760.74 (the amount due and owing to Wynn LV on the Petition Date on account of the Wynn LV Nevada Defamation Judgment), then the Wynn LV Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation General Unsecured Claim prior to there being a Wynn LV Final Nevada Defamation Judgment, then Wynn LV shall return any distributions on account of the Wynn LV Defamation General Unsecured Claim that exceed the amount Wynn LV would have received had the Wynn LV Final Nevada Defamation Judgment existed on the Petition Date.

    ii.    *Limited Subordination.*  Any distribution that would otherwise be made on the Wynn LV Defamation General Unsecured Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (*i.e.*, not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insiders of the

Debtors or any of them.  Neither shall it apply to the individuals and entities listed on Exhibit 8 hereto.

iii.  *Credit for Other Collections.*  To the extent that Wynn LV collects from any source or party other than the Debtors on the Wynn LV Nevada Defamation Judgment, Wynn LV shall be entitled to apply such funds, first, to the amount of the Wynn LV Nevada Defamation Judgment in excess of the Wynn LV Defamation General Unsecured Claim (the "Wynn LV Nevada Defamation Judgment Excess Amount") and, after the Wynn LV Nevada Defamation Judgment Excess Amount is paid in full, then the Wynn LV Defamation General Unsecured Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Wynn LV shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Wynn LV collects on the Wynn LV Nevada Defamation Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Wynn LV receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

iv.  *Distributions Not Subject to Subordination.*  Except as specifically provided in this paragraph 2.b., the Wynn LV Defamation General Unsecured Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

c.  **Wynn LV Nevada Defamation Judgment (Subordinated).**  Wynn LV shall be allowed a general unsecured claim subordinated to all other allowed general unsecured claims whose allowed claims are not otherwise subordinated on account of the Wynn LV Nevada Defamation Judgment in the amount of $1,177,428 (hereinafter the "Wynn LV Defamation Subordinated Claim") subject to the following conditions and provisos:

i.  *Effect of Further Proceedings.*  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Final Nevada Defamation Judgment is less than $3,924,760.74, then the Wynn LV Defamation Subordinated Claim shall be reduced to an amount equal to 30% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation Subordinated Claim prior to there being a Wynn LV Final Nevada Defamation Judgment, then Wynn LV shall return any distributions on account of the Wynn LV Defamation Subordinated Claim that exceed the amount Wynn LV would have received had the Wynn LV Final Nevada Defamation Judgment existed on the Petition Date.

ii.  *Limited Subordination.*  Any distribution that would otherwise be made on the Wynn LV Defamation Subordinated Claim shall instead be made to the respective Debtors' allowed general unsecured creditors whose claims are not otherwise subordinated.  Once Debtors' allowed general

unsecured creditors whose claims are not otherwise subordinated have been paid in full, distributions to Wynn LV shall be made without regard to the provisions of this subparagraph.

iii.   *Distributions Not Subject to Subordination.*   Except as specifically provided in this paragraph 2.c., the Wynn LV Defamation Subordinated Claim shall not be otherwise subordinated.

d.   ***Stephen Wynn Nevada Defamation Judgment (General Unsecured).***   Mr. Wynn shall be allowed a general unsecured claim on account of the Stephen Wynn Nevada Defamation Judgment in the amount of $2,354,856 (hereinafter the "Stephen Wynn Defamation General Unsecured Claim") subject to the following conditions and provisos:

i.   *Effect of Further Proceedings.*   If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Stephen Wynn Nevada Defamation Judgment is finally determined (the "Stephen Wynn Final Nevada Defamation Judgment") to be less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the Petition Date on account of the Stephen Wynn Nevada Defamation Judgment), then the Stephen Wynn Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the Stephen Wynn Final Nevada Defamation Judgment.  If any distribution has been made on account of the Stephen Wynn Defamation General Unsecured Claim prior to there being a Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return any distributions on account of the Stephen Wynn Defamation General Unsecured Claim that exceed the amount Mr. Wynn would have received had the final disposition of the Stephen Wynn Final Nevada Defamation Judgment existed on the Petition Date.

ii.   *Limited Subordination.*   Any distribution that would otherwise be made on the Stephen Wynn Defamation General Unsecured Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (*i.e.*, not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insiders of the Debtors or any of them.  Neither shall it apply to the individuals and entities listed on Exhibit 8 hereto.

iii.   *Credit for Other Collections.*   To the extent that Mr. Wynn collects from any source or party other than the Debtors on the Nevada Defamation Judgment, Mr. Wynn shall be entitled to apply such funds, first, to the amount of the Stephen Wynn Nevada Defamation Judgment in excess of the Stephen Wynn Defamation General Unsecured Claim (the "Stephen Wynn Nevada Defamation Judgment Excess Amount") and, after the Stephen Wynn Nevada Defamation Judgment Excess Amount is paid in full, then the Stephen Wynn Defamation General Unsecured Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Mr. Wynn shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Mr. Wynn collects on the

Stephen Wynn Nevada Defamation Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Mr. Wynn receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

iv.    *Distributions Not Subject to Subordination.*    Except as specifically provided in this paragraph 2.d., the Stephen Wynn Defamation General Unsecured Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

e.    ***Stephen Wynn Nevada Defamation Judgment (Subordinated).***    Mr. Wynn shall be allowed a general unsecured claim subordinated to all other allowed general unsecured claims whose allowed claims are not otherwise subordinated on account of the Stephen Wynn Nevada Defamation Judgment in the amount of $1,177,428 (hereinafter the "Stephen Wynn Defamation Subordinated Claim") subject to the following conditions and provisos:

i.    *Effect of Further Proceedings.*    If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Stephen Wynn Final Nevada Defamation Judgment is less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the Petition Date on account of the Stephen Wynn Nevada Defamation Judgment), then the Stephen Wynn Defamation Subordinated Claim shall be reduced to an amount equal to 30% of the Stephen Wynn Final Nevada Defamation Judgment.  If any distribution has been made on account of the Stephen Wynn Defamation Subordinated Claim prior to there being a Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return any distributions on account of the Stephen Wynn Defamation Subordinated Claim that exceed the amount Mr. Wynn would have received had the final disposition of the Stephen Wynn Final Nevada Defamation Judgment existed on the Petition Date.

ii.    *Limited Subordination.*    Any distribution that would otherwise be made on the Stephen Wynn Defamation Subordinated Claim shall instead be made to the respective Debtors' general unsecured creditors whose allowed claims are not otherwise subordinated.  Once Debtors' general unsecured creditors whose allowed claims are not otherwise subordinated have been paid in full, distributions to Mr. Wynn shall be made without regard to the provisions of this subparagraph.

iii.    *Distributions Not Subject to Subordination.*    Except as specifically provided in this paragraph 2.e., the Stephen Wynn Defamation Subordinated Claim shall not be otherwise subordinated.

f.    ***California Slander Judgment.***    Mr. Wynn shall be allowed a general unsecured claim on account of the California Slander Judgment in the amount of $17,470,110 (hereinafter the "California Slander Claim") subject to the following conditions and provisos:

7

i.    *Effect of Further Proceedings.*  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the California Slander Judgment is finally determined (the "Final California Slander Judgment") to be less than $19,411,232.92 (the amount due and owing to Mr. Wynn on the Petition Date on account of the California Slander Judgment), then the California Slander Claim shall be reduced to an amount equal to 90% of the Final California Slander Judgment.  If any distribution has been made on account of the California Slander Claim prior to there being a Final California Slander Judgment, then Mr. Wynn shall return any distributions on account of the California Slander Claim that exceed the amount Mr. Wynn would have received had the Final California Slander Judgment existed on the Petition Date.

ii.    *Limited Subordination.*  Any distribution that would otherwise be made on the California Slander Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (*i.e.*, not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insiders of the Debtors or any of them.  Neither shall it apply to the individuals and entities listed on Exhibit 8 hereto.

iii.    *Credit for Other Collections.*  To the extent that Mr. Wynn collects from any source or party other than the Debtors on the California Slander Judgment, Mr. Wynn shall be entitled to apply such funds, first, to the amount of the California Slander Judgment in excess of the California Slander Claim (the "California Slander Judgment Excess Amount") and, after the California Slander Judgment Excess Amount is paid in full, then the California Slander Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Mr. Wynn shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Mr. Wynn collects on the California Slander Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Mr. Wynn receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

iv.    *Distributions Not Subject to Subordination.*  Except as specifically provided in this paragraph 2.f., the California Slander Judgment Claim shall be treated as a general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

g.    *Single Satisfaction.*  Although Wynn LV and/or Mr. Wynn are being provided with allowed general unsecured claims against each of the Debtors, in no event is either Wynn LV or Mr. Wynn entitled to more than a single satisfaction.  For avoidance of doubt, the aggregate of all distributions to Wynn LV and/or Mr. Wynn on account of each of the allowed claims provided in subparagraphs 2.a. through 2.f., inclusive, shall not exceed the amount of such allowed claims.  Further, if some or all of the Debtors' bankruptcy estates are substantively

consolidated, then as to the resulting consolidated bankruptcy estate, there shall be allowed only a single Marker Claim, a single Wynn LV Defamation General Unsecured Claim, a single Wynn LV Defamation Subordinated Claim, a single Stephen Wynn Defamation General Unsecured Claim, a single Stephen Wynn Defamation Subordinated Claim, and a single California Slander Claim as against such consolidated bankruptcy estate.

3.    Resolution of Alter Ego Litigation.    The Alter Ego Litigation shall be resolved – but only with respect to the Debtors – upon the terms set forth below.

a.    **Trust Funds.**  $800,000 of the Trust Funds shall be paid to the Trustee.  The Trustee shall receive such portion of the Trust Funds on behalf of all the Debtors, with the California Bankruptcy Court to determine to which estate or estates such money is allocable.  The balance of the Trust Funds shall be paid to Wynn LV and shall be credited against the Nevada Marker Judgment and shall reduce the Marker Claim as provided in paragraph 2.a.ii.

b.    **Priority Claim.**  In consideration of the release of any claim to $800,000 of the Trust Funds, Wynn LV shall have an allowed, non-interest bearing administrative expense (the "Priority Claim") in the amount of $250,000 against the Debtor that the California Bankruptcy Court determines is the owner of the Trust Funds.  If the California Bankruptcy Court determines that the Trust Funds are property of several Debtors' bankruptcy estates, then the Priority Claim shall be allocated amongst the Debtors' bankruptcy estates proportionate with the allocation of the Trust Funds.  The Priority Claim shall be entitled to be paid ahead of all claims and administrative expenses of the Debtors and their estates except for amounts allowed under Bankruptcy Code § 503(b)(2).  Any amounts paid to Wynn LV on account of the Priority Claim shall be credited against the Nevada Marker Judgment and shall reduce the Marker Claim as provided in paragraph 2.a.ii.

c.    **Dismissal of Debtors.**  Wynn LV shall dismiss the Debtor Defendants from the Alter Ego Litigation without prejudice to any of its claims in the Bankruptcy Cases.  Provided, however, that Wynn LV and Mr. Wynn agree not to attempt to add any of the Debtors as parties in the Alter Ego Litigation unless the Bankruptcy Cases are dismissed.

d.    **Remand.**  The Trustee shall stipulate to remand the Alter Ego Litigation to the Clark County District Court.

e.    **Stipulation.**  The Parties shall execute the *Stipulation Regarding Resolution of Removed Action*, attached hereto as Exhibit 9 and incorporated hereby.  The *Stipulation Regarding Resolution of Removed Action* shall be filed with the Nevada Bankruptcy Court as soon as practicable after the time to appeal the Compromise Order (as defined below) shall have passed unless an appeal of the Compromise Order is filed and a stay pending appeal is in effect.

f.    **Unwind.**  In the event that the Effective Date (defined below) has not occurred on or before August 30, 2013 (unless extended further by agreement of the Parties),  then the Parties shall unwind this Agreement, cooperate in the vacatur of the Compromise Order and return to the status quo ante execution of this

Agreement, and this Agreement shall be null, void, of no force or effect and inadmissible in any proceeding in any court or before any regulatory body.

4. <u>Bankruptcy Court Approval.</u>  This Agreement is not effective unless and until all of the following have occurred:

    a. ***Compromise Motion.***  The Trustee has filed a motion (the "Compromise Motion") in the Bankruptcy Cases pursuant to Bankruptcy Code § 105 and Federal Rule of Bankruptcy Procedure 9019 seeking approval of this Agreement, which motion shall be filed not later than 14 days following full execution hereof (unless extended by agreement of the Parties).

    b. ***Compromise Order.***  The California Bankruptcy Court has granted the Compromise Motion and entered an order (the "Compromise Order") in substantially the form attached hereto as Exhibit 10.

    c. ***Time to Appeal.***  The time to commence an appeal of the Compromise Order pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure has run, whether or not an appeal has been filed.

    d. ***No Stay.***  The Compromise Order has not been stayed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

    e. ***Provisional Effectiveness.***  The first date on which all the preceding (paragraphs 4.a through 4.d, inclusive) have occurred is the "Compromise Order Provisional Effective Date."

    f. ***Stipulation Regarding Resolution of Removed Action.***  As soon as practicable following the Compromise Order Provisional Effective Date, the Parties shall file the *Stipulation re Resolution of Removed Action* in the Nevada Bankruptcy Court and shall request that court to enter an order approving the *Stipulation Regarding Resolution of Removed Action* ("Stipulation Approval Order") in substantially the form attached hereto as Exhibit 11, as expeditiously as possible.

    g. ***Stipulation Approval Order.***  The Nevada Bankruptcy Court has entered the Stipulation Approval Order.

    h. ***Time to Appeal.***  The time to commence an appeal of the Stipulation Approval Order pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure has run whether or not an appeal has been filed.

    i. ***No Stay.***  The Stipulation Approval Order has not been stayed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure.

    j. ***Disbursement.***  The Trust Funds have been disbursed to the Trustee and Wynn LV as provided in paragraph 3.a.

    k. ***Full Effectiveness.***  The first date on which all the preceding (paragraphs 4.a through 4.j, inclusive) have occurred is the "Effective Date."

5. <u>Effective Date.</u>  Upon the Effective Date, this Agreement shall become effective and shall be binding upon the Parties.

6. <u>Assumption of Risk.</u>  It is expressly understood and agreed by the Parties that the facts with respect to this Agreement may turn out to be different from the facts now known or believed by the Parties to be true.  Each of the Parties expressly assumes the risk of the facts turning out to be different and agrees that this Agreement will be in all respects effective and not subject to termination or rescission by reason of any such differences.

7. <u>Legal Fees.</u>  Each Party shall bear his or its own attorneys' fees and costs in connection with the negotiation, documentation, execution, delivery, and performance of this Agreement.    Notwithstanding the preceding sentence, should any action, suit or proceeding be commenced by any Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs and expenses incurred in said action, suit or proceeding, including any appeal.

8. <u>No Other Claims.</u>  To the best of Wynn LV's and Mr. Wynn's knowledge, following reasonable inquiry, as of the date of this Agreement set forth above, Wynn LV and Mr. Wynn represent and warrant that the only claims or rights to payment of which they are aware that they have against the Debtors or their bankruptcy estates are the Nevada Marker Judgment, Nevada Defamation Judgment, California Slander Judgment, claims arising under the Alter Ego Litigation and claims against the Trust Funds, which are compromised (as against the Debtors) through the Marker Claim, the Wynn LV Defamation General Unsecured Claim, the Wynn LV Defamation Subordinated Claim, the Stephen Wynn Defamation General Unsecured Claim, the Stephen Wynn Defamation Subordinated Claim, the California Slander Claim, and the Priority Claim, by this Agreement and will be allowed by the Compromise Order.

9. <u>No Admission of Liability.</u>  The Parties acknowledge that this Agreement represents a compromise of disputed claims and that, by entering into this Agreement, none of the Parties admits or acknowledges the existence of any liability or wrongdoing.

10. <u>No Assignments.</u>  Each Party represents and warrants to all of the other Parties and each of them, that he or it has not assigned or transferred any of the claims or interests addressed in this Agreement.  Each Party agrees to defend and indemnify all of the other Parties and each of them against any claim based upon, arising out of, or arising in connection with any such alleged or actual assignment or transfer.

11. <u>Further Assurances and Cooperation.</u>  The Parties hereby provide assurances of cooperation to each other and agree to take any and all necessary and reasonable steps, including executing any other and further documents or instructions and performing any other and further acts, appropriate to effect the intent of this Agreement.

12. <u>Notices.</u>  The Parties may give notice to each other by sending a written communication by overnight mail, facsimile or e-mail to the Parties at the addresses set forth below.  Additionally, all payments to be made under this Agreement will be made to the Parties (via personal or overnight delivery) at the addresses set forth below:

11

   a.   To the Trustee or GGW Marketing, LLC:

Mr. R. Todd Neilson
c/o Berkeley Research Group, LLC
2049 Century Park East, Suite 2525
Los Angeles, CA 90067

Fax: 310.557.8982
Email: tneilson@brg-expert.com

with a copy to:

Matthew C. Heyn, Esq.
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

Fax: 310.407.9090
Email: mheyn@ktbslaw.com

   b.   To Wynn LV:

Kevin J. Tourek, Esq.
Senior Vice President and General Counsel
Wynn | Encore
3131 Las Vegas Blvd. South
Las Vegas, NV  89109

Fax:  702.770.2113
Email:  kevin.tourek@wynnlasvegas.com

with a copy to:

Malhar S. Pagay, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067

Fax:  310.201.0760
Email:  mpagay@pszjlaw.com

   c.   To Mr. Wynn:

Mr. Stephen A. Wynn
c/o Kevin J. Tourek, Esq.
Senior Vice President and General Counsel
Wynn | Encore
3131 Las Vegas Blvd. South
Las Vegas, NV  89109

Fax:  702.770.2113
Email:  kevin.tourek@wynnlasvegas.com

with a copy to:

Mitchell J. Langberg, Esq.
Brownstein Hyatt Farber Schreck, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA  90067

Fax:  310.500.4602
Email:  mlangberg@bhfs.com

Any Party wishing to change the address, fax number or email address at which he or it receives notices or payments may do so by giving notice as provided in this paragraph 12.

13.  <u>Governing Law.</u>  This Agreement is to be construed under and governed by the internal laws of the State of California (without regard to conflict of laws principles) and, as applicable, the Bankruptcy Code.

14.  <u>Entire Agreement.</u>  This Agreement contains the entire agreement and understanding among the Parties concerning the matters set forth herein and supersedes all prior or contemporaneous stipulations, negotiations, representations, understandings, and discussions among the Parties or their respective counsel with respect to the subject matter of this Agreement.  No other representations, covenants, undertakings, or other earlier or contemporaneous agreements respecting these matters may be deemed in any way to exist or bind any of the Parties.  The Parties acknowledge that they have not executed this Agreement in reliance on any promise, representation, or warranty other than those contained in this Agreement.

15.  <u>Neutral Construction of the Agreement.</u>  This Agreement is the product of negotiation among the Parties and represents the jointly conceived and bargained-for language mutually determined by the Parties to express their intentions in entering into this Agreement.  Any ambiguity or uncertainty in this Agreement is therefore to be deemed to be caused by or attributable to the Parties collectively and is not to be construed against any particular Party.  Instead, this Agreement is to be construed in a neutral manner, and no term or provision of this Agreement as a whole is to be construed more or less favorably to any one Party.  Furthermore, the Parties hereby waive California Civil Code § 1654.

16.  <u>No Oral Modifications.</u>  This Agreement may not be modified except as mutually agreed to in a writing signed by all the Parties.

17.  <u>No Waiver.</u>  No waiver, forfeiture or forbearance of or concerning any provision of this Agreement shall be deemed or shall constitute a waiver, forfeiture or forbearance of or concerning any of the other provisions hereof, or a continuing waiver, forfeiture or forbearance.

18.  <u>Severability and Reformation.</u>  If, for any reason, any provision of this Agreement is determined to be invalid or unenforceable, such provision shall be automatically reformed to embody the essence of that provision to the maximum extent permitted by law, and the remaining provisions of this Agreement shall be construed, performed and enforced as if the reformed provision had been included in this Agreement at inception.

19. <u>Headings.</u>  The headings set forth in this Agreement are used for convenience only and are not to be used to interpret, construe, or in any way affect the meaning of the terms and provisions of this Agreement.

20. <u>Counterparts.</u>  This Agreement may be executed in several counterparts, and any and all such executed counterparts, taken together, will constitute a single agreement binding on all Parties to this Agreement.  Facsimiles of signatures may be taken as the actual signatures.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above (but subject to the provisions regarding effectiveness set forth herein).

_____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC

GGW Marketing, LLC
  by GGW Brands, LLC, Its Manager

By: _____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of estate of GGW Brands, LLC

Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

By: _____

Name:

Title:

_____

Stephen A. Wynn

19. <u>Headings.</u>  The headings set forth in this Agreement are used for convenience only and are not to be used to interpret, construe, or in any way affect the meaning of the terms and provisions of this Agreement.

20. <u>Counterparts.</u>  This Agreement may be executed in several counterparts, and any and all such executed counterparts, taken together, will constitute a single agreement binding on all Parties to this Agreement.  Facsimiles of signatures may be taken as the actual signatures.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above (but subject to the provisions regarding effectiveness set forth herein).

_____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC

GGW Marketing, LLC

by GGW Brands, LLC, Its Manager

By: _____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of estate of GGW Brands, LLC

Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

By: _____
Name: *Maurice Wooden*
Title: *President*

_____

Stephen A. Wynn

14

19. <u>Headings.</u>  The headings set forth in this Agreement are used for convenience only and are not to be used to interpret, construe, or in any way affect the meaning of the terms and provisions of this Agreement.

20. <u>Counterparts.</u>  This Agreement may be executed in several counterparts, and any and all such executed counterparts, taken together, will constitute a single agreement binding on all Parties to this Agreement.  Facsimiles of signatures may be taken as the actual signatures.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth above (but subject to the provisions regarding effectiveness set forth herein).

_____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC

GGW Marketing, LLC

    by GGW Brands, LLC, Its Manager

By: _____

R. Todd Neilson, solely in his capacity as chapter 11 trustee of estate of GGW Brands, LLC

Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

By: _____

Name:

Title:

_____
Stephen A. Wynn

14

# SETTLEMENT AGREEMENT
# EXHIBIT 1



ORDR
Todd L. Bice, Esq. Bar No. 4534
Email: tbice@bhfs.com
Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: lsemenza@bhfs.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email: jrickard@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

Attorneys for Plaintiff/Counterdefendant
Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| WYNN LAS VEGAS, LLC d/b/a WYNN LAS VEGAS, | Case No. A566286<br>Dept No. XII |
| Plaintiff, | |
| vs. | ORDER GRANTING PLAINTIFF |
| JOSEPH FRANCIS, | WYNN LAS VEGAS, LLC d/b/a WYNN<br>LAS VEGAS' MOTION FOR |
| Defendant. | SUMMARY JUDGMENT |

JOSEPH FRANCIS,

    Counterclaimant,

vs.

WYNN LAS VEGAS, LLC d/b/a WYNN
LAS VEGAS,

    Counterdefendant.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

21658\100\1283608.4

On June 8, 2009, the Court conducted a hearing on Plaintiff/Counterdefendant Wynn Las Vegas, LLC d/b/a Wynn Las Vegas' ("Wynn") Motion for Summary Judgment.

After consideration of the parties' pleadings and the oral argument of counsel, good cause appearing the Court grants Wynn's motion and makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On February 16, 2007 Defendant/Counterclaimant Joseph Francis ("Francis") obtained a marker from Wynn in the amount of $2,500,000 (Marker No. 70354728).

2. On February 18, 2007 Francis obtained a marker from Wynn in the amount of $300,000 (Marker No. 70356588).

3. Both markers bear Francis' signature.

4. At the conclusion of Francis' trip to Wynn in February 2007, he had $800,000 on deposit in his front money account.

5. The $800,000 was comprised of a $600,000 wire transfer and $200,000 in casino chips.

6. Wynn applied the $800,000 in Francis' front money account to his outstanding markers, leaving a balance of $2,000,000 due and owing.

7. Shortly after Francis' trip in February 2007, he was incarcerated. Francis' incarceration related to contempt charges arising out of Florida and later federal tax evasion charges brought against him in California.

8. During Francis' incarceration, Larry Altschul ("Altschul"), Francis' host, continued to communicate with Francis regarding his outstanding balance.

9. During this period of time, Wynn was patient with Francis given his ongoing legal troubles. It is Francis who asked Wynn to postpone collection on the markers, promising that he would honor the markers upon being released from jail.

10. After Francis was released from jail, approximately one year later, Francis failed to make timely payment of his markers, arguing that he should get a discount and that he should be afforded a payment plan, requests that Wynn refused.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

21658\100\1283608.4     2

1    11.    With Francis refusing to pay, Wynn deposited the $2,500,000 marker to his Wells

2    Fargo bank account in June of 2008.

3        12.    Francis' account, however, was closed and the marker was returned unpaid.

4        13.    In addition to the principal amount of $2,000,000 that Francis currently owes

5    Wynn, the Credit Application and the marker itself identify that interest will accrue on unpaid

6    amounts at 18% per annum.

7        14.    The language set forth below the signature line on both markers reads as follows:

8            I authorize the payee to complete any of the following missing
             items on this instrument: the name of payee; any missing amounts;
9            a date; the name, account number, address and/or branch of any
             bank or financial institution; and any electronic encoding of the
10           preceding items.   I acknowledge that the debt for which this
             instrument is issued was incurred in Nevada; agree that Nevada law
11           governs the debt and this instrument; submit to the exclusive
             jurisdiction of any court, state or federal, in Nevada; and agree to
12           pay all costs of collection, including accrued interest at the rate of
             18% per annum, attorney's fees and court costs.    I further
13           acknowledge that, under Nevada law, this instrument is identical to
             a personal check, and that willfully drawing or passing a check
14           knowing there are insufficient funds in an account upon which it
             may be drawn, or with the intent to defraud, is a crime that may
15           result in prosecution.

16

17       15.    The language on Francis' Credit Application identifies in pertinent part:

18           In addition to any amounts authorized by law, you will pay interest
             at the rate of 18% per annum from the date of execution of the
19           credit instruments and all costs of collection, including attorneys'
             fees and court costs.
20

21       16.    Thus, Wynn is entitled to interest on the principal amount due and owing of

22    $2,000,000 from February 17, 2007 forward at the rate of 18% per annum until paid.

23       17.    In response to Wynn's Complaint, Francis filed a Verified Counterclaim, making

24    a host of allegations. Francis later amended his Counterclaim, the only material difference being

25    that the Amended Counterclaim was no longer verified.

26       18.    At the commencement of the discovery period in this case, counsel for both

27    Francis and Wynn conducted an early case conference. As a result of the early case conference,

28    Wynn produced its initial disclosures. Francis also purported to provide his initial disclosures.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

21658\100\12836008.4                    3

1    Francis, however, has produced only one substantive document in this case, which was a letter

2    from Wells Fargo Bank in May 2007 identifying that his bank account was being closed. At no

3    point during these proceedings did Francis supplement his initial disclosures or produce any

4    other evidence.

5        19.    After considerable delay by Francis, Wynn was finally able to take Francis'

6    deposition on February 20, 2009. Francis, however, simply asserted his Fifth Amendment right

7    against self-incrimination and refused to answer nearly every question. Indeed, Francis refused to

8    answer any questions regarding his Answer, Counterclaim or any of the documents disclosed in

9    the case. In fact, in too many instances to note, Francis' assertion of the Fifth Amendment

10   privilege was made in bad faith. For example, he refused to answer any questions concerning

11   whether he had a cell phone, even though during the deposition he was using a cell phone. In

12   other instances, Francis refused to answer even basic questions such as providing the names of his

13   father, mother or siblings.

14       20.    In opposition to Wynn's Motion for Summary Judgment, Francis submitted no

15   affidavits presenting any disputed issue of material fact.

16       21.    Francis also sought to delay the entry of summary judgment here, requesting a

17   continuance under NRCP 56(f). However, there is no dispute that despite the passage of months

18   of discovery, Francis had conducted no discovery of any sort. Francis offered no explanation for

19   why he had not undertaken any discovery. Nor did Francis identify what his sudden desire to

20   seek discovery would reveal or how it would create a material issue of fact for trial.

21                               CONCLUSIONS OF LAW

22       22.    There is no genuine issue of material fact that Francis is indebted to Wynn in the

23   amount of $2,000,000.

24       23.    Francis breached his contractual obligations by failing to pay his debt.

25       24.    Not only did Francis not submit any affidavits in opposition to summary judgment,

26   but when a party to civil litigation asserts the Fifth Amendment privilege against self-

27   incrimination, as Francis elected to do in this case, that party may be precluded from seeking

28   affirmative relief or putting forth affirmative defenses. *Cantwell v. Cantwell*, 427 S.E.2d 129

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

(N.C. 1993) ("[t]he privilege against self-incrimination is intended to be a shield not a sword. Therefore, if a plaintiff seeks affirmative relief or a defendant pleads an affirmative defense, he should not have it within his power to silence his own adverse testimony when such testimony is relevant to the cause of action or the defense.") *Id.* at 130 (internal citations and quotations omitted.); *see also Meyer v. Second Judicial Dist. Court*, 95 Nev. 176, 181, 591 P.2d 259, 262-63 (1979) (citing *Costanza v. Costanza*, 66 N.J. 63, 67 (1974)).

25. Thus, because Francis elected not to answer questions during his deposition and has completely thwarted Wynn's ability to obtain discoverable information in this case, Francis is precluded from offering evidence to rebut Wynn's claims and cannot pursue his own Counterclaim.

35. As for Francis' request under NRCP 56(f), the law is settled that postponement of summary judgment is unwarranted if the party seeking the postponement has failed to diligently pursue discovery up to that point. *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1161 (9th Cir. 2001); *Tate v. Lau*, 865 F.Supp. 681, 686 (D. Nev. 1994) (if the party has had sufficient time and opportunity to conduct discovery summary judgment may be granted against it even if discovery has not been conducted).

Based on the foregoing findings of fact and conclusions of law:

IT IS HEREBY ORDERED that summary judgment is hereby entered in favor of Wynn on its Complaint, and summary judgment is entered against Francis' Counterclaim.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Wynn and against Francis in the principal amount of $2,000,000.00, plus pre and post judgment interest at the rate of 18% per annum (at a daily rate of $986.30) from February 17, 2007 forward. As of

///

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

216583100\1283608.4

5

1    June 16, 2009, the total amount of interest due and owing totals $838,356.00.

2        Dated this 18 day of August, 2009.

3

4                                    MICHELLE LEAVITT
                                     DISTRICT COURT JUDGE

5    Submitted by:

6

7    Todd L. Bice, Esq., Bar No. 4534
8    Lawrence J. Semenza, III, Esq., Bar No. 7174
     Jarrod L. Rickard, Esq., Bar No. 10203
9    BROWNSTEIN HYATT FARBER SCHRECK, LLP
     100 City Parkway, Suite 1600
10   Las Vegas, Nevada 89106

11   Attorneys for Plaintiff/Counterdefendant
12   Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

13

14

15   Dominic P. Genule, Esq.
     Paola M. Armeni, Esq.
16   GORDON & SILVER, LTD.
     3960 Howard Hughes Parkway, 9th Floor
17   Las Vegas, Nevada 89169

18   Attorneys for Joseph Francis

19

20

21

22

23

24

25

26

27

28

21658\100\1283608.4                          6

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

Settlement Agreement
Exhibit 1 of 11

# SETTLEMENT AGREEMENT
# EXHIBIT 2



Electronically Filed
04/09/2012 11:51:48 AM

**CLERK OF THE COURT**

1  **JUDG**
   Mitchell J. Langberg, Esq. Bar No. 10118
2  Laura E. Bielinski, Esq., Bar No. 10516
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
3  100 North City Parkway, Suite 1600
   Las Vegas, Nevada 89106-4614
4  Telephone: 702.382.2101
   Facsimile: 702.382.8135
5
   Barry B. Langberg, Esq. (*Pro Hac Vice*)
6  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   2029 Century Park East, Suite 2100
7  Los Angeles, California 90067-3007
   Telephone: 310.500.4600
8
   James J. Pisanelli, Esq., Bar No. 4027
9  jjp@pisanellibice.com
   PISANELLI BICE PLLC
10 3883 Howard Hughes Parkway, Suite 800
   Las Vegas, Nevada 89169
11 Telephone: 702.214.2100

12 Attorneys for Plaintiffs Wynn Las Vegas, LLC
   dba Wynn Las Vegas and Stephen A. Wynn
13

                    **DISTRICT COURT**
14
               **CLARK COUNTY, NEVADA**
15

16 | WYNN LAS VEGAS, LLC dba WYNN LAS    | Case No.: A577548
   | VEGAS, a Nevada limited liability company; | Dept. No.: XIII
17 | and STEPHEN A. WYNN, an individual,

18               Plaintiffs,              | **JUDGMENT**

19         -vs-

20 JOSEPH RAYMOND FRANCIS, an
   individual; and DOES 1 through 20 inclusive;
21
              Defendants.
22
23 JOSEPH RAYMOND FRANCIS, an
   individual;
24
              Counterclaimant,
25
          -vs-
26 WYNN LAS VEGAS, LLC, a Nevada limited
   liability company; and STEPHEN A. WYNN,
27 an individual,

28            Counterdefendants.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
(702) 382-2101

RECEIVED
APR 02 2012
DISTRICT COURT DEPT 13

| ☐ Voluntary Dis | ☐ Stip Dis | ☐ Sum Jdgmt |
| ☐ Involuntary Dismiss | ☐ Stip Jdgmt | ☐ Non-Jury Trial |
| ☐ Jdgmt on Arb Award | ☒ Default Jdgmt | ☐ Jury Trial |
| ☐ Mtn to Dis (By Deft) | ☐ Transferred | |

1    On January 26, 2012, this Court entered the default of Defendant and Counterclaimant

2    Joseph Raymond Francis on the grounds set forth in this Court's order of that same date,
     and pursuant to the Order entered July 28, 2011, page 2, lines 13 - 18.

3    Previously. on December 8, 2011, the Court entered its order granting Plaintiffs and

4    Counterdefendants Wynn Las Vegas, LLC and Stephen A. Wynn's ("Wynn") Motion for Partial

5    Summary Judgment. dismissing Francis' counterclaims and finding in favor of Wynn on the

6    elements of publication, defamatory meaning and falsity on their defamation claims.

7    This matter came on for a default prove-up hearing on February 22. 2012.  After granting

8    Plaintiffs' Request for Judicial Notice. hearing the testimony of Larry Altschul. Mitchell

9    Langberg, Michael Rumbolz and Stephen Wynn and considering the arguments of counsel, the

10   Court issues this Judgment based upon the following factual and legal findings:

11       1.    The default of Francis has been entered in favor of Plaintiffs, that said Defendant was
     given due notice of the same and of the date and time of the prove-up hearing.

12       2.    Based upon Francis' default, the Court deems the factual allegations set forth in

13   Plaintiffs' complaint as admitted and true.  *Beyer v. Second Judicial Dist. Court, in & for Washoe*

14   *County*, 67 Nev. 480. 486, 221 P.2d 1024, 1027 (1950).

15       3.    The Court finds that the facts alleged in Plaintiffs' complaint, being deemed

16   admitted and true. are sufficient to establish each and every element of the claims alleged therein.

17       4.    Although the facts alleged in Plaintiffs' complaint are deemed to be true and, on

18   default, Plaintiffs were not required to make any showing as to the elements of their claims, the

19   Court notes that Plaintiffs have provided the Court with substantial compelling evidence as to each

20   and every element of their claims.

21       5.    As more fully reflected in the Court's partial summary judgment order[1], and

22   incorporated herein by this reference. the Court determined that there was no genuine issue of

23   material fact as to whether Francis published the defamatory statements alleged in Wynn's

24   complaint (the "Defamatory Statements").

25       6.    As more fully reflected in the Court's partial summary judgment order, and

26   incorporated herein by this reference, the Court determined that there was no genuine issue of

27

28   [1] The Court's partial summary judgment order was issued after the Court considered the papers in
     support of Wynn's motion, the admissible evidence in support thereof and Francis' opposition
     thereto.

-2-

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

1    material fact as to whether the Defamatory Statements had a defamatory meaning, because they do
2    tend to lower Plaintiffs in the estimation of the community, excite derogatory opinions about
3    Plaintiffs and hold Plaintiffs up to contempt.

4        7.    As more fully reflected in the Court's partial summary judgment order, and
5    incorporated herein by this reference, the Court determined that there was no genuine issue of
6    material fact as to whether the Defamatory Statements were false.    Among other things, a final
7    judgment had been entered (and affirmed by the Nevada Supreme Court) determining that Francis
8    owed the full amount of the unpaid $2 million debt (plus interest) and that there was no merit to his
9    affirmative defenses, thereby demonstrating that Wynn did not: 1) breach its agreement with
10    Francis, 2) fail to provide him with discounts to which he was entitled, or 3) deceive him. Further,
11    Wynn provided substantial unrebutted evidence that it did not breach any agreement with Francis,
12    did not fail to provide discounts to which he was entitled, did not deceive Francis and does not
13    deceive its high-end customers. The evidence that the Defamatory Statements are false is clear and
14    convincing.

15        8.    Though Francis' default admitted the facts supporting the element of actual malice
16    (knowledge of falsity or reckless disregard for truth) as plead in Wynn's complaint, Wynn has also
17    presented clear and convincing evidence that Francis made the Defamatory Statements knowing
18    that they were false at the time he made them.

19        9.    With regard to the Defamatory Statement in which Francis accused Wynn of
20    breaching its agreements, the unrebutted evidence before the Court on Wynn's partial summary
21    judgment motion included that Francis took out markers at Wynn Las Vegas and left the hotel with
22    a total of $2 million due. Further, while he had been offered certain discounts, Francis had been
23    specifically told by Larry Altschul that such discounts were conditioned upon prompt payment of
24    his gaming debt.    While Altschul agreed to hold the obligation during the period of Francis'
25    incarceration, Francis failed to pay upon his release and thereafter. Thus, Francis knew he incurred
26    the debt and knew that he had not paid it. The threats that Francis made to Altschul in response to
27    Altschul explaining that Wynn Las Vegas would deposit the marker is further circumstantial
28    evidence that Francis knew the amounts were due. In any event, the evidence is clear and

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

-3-

Settlement Agreement
Exhibit 2 of 11

1   convincing that Francis knew he had incurred the obligation and knew that he had not paid it.

2   Therefore, the Court finds that Francis made a knowing and intentional false and defamatory

3   statement when he stated that Wynn had failed to honor its agreements to provide discounts for

4   amounts he had already paid.

5        10.    With regard to the Defamatory Statement in which Francis accused Wynn of

6   deceiving its high-end customers, the evidence is again clear and convincing that Francis had not

7   been deceived. He knew the conditions of the agreement with Wynn, did not comply with them

8   and never paid any amounts that were due. He was not deceived. Further, when Francis made his

9   Defamatory Statements, he stated that he looked forward to "exposing how exactly Mr. Wynn

10  deceives his high-end customers."    The fact that Francis used words which indicated that he

11  possessed evidence of such alleged deception but then failed to provide any such evidence when

12  required to do so, including at deposition and in opposition to Wynn's partial summary judgment

13  motion, is further evidence that Francis knew that his statement was false when he made it.

14  Therefore, the Court finds that Francis made a knowing and intentional false and defamatory

15  statement when he stated that he would "expos[e] how exactly Mr. Wynn deceives his high-end

16  customers."

17       11.    The testimony offered by Wynn was also convincing that Francis acted with an

18  intent that was beyond a mere disregard for the rights of others. Rather, he acted with ill will and a

19  conscious and malicious intent to cause harm to Plaintiffs. Indeed, Francis acted with the intent to

20  defame Plaintiffs and the intent to cause harm to their reputations.  Examples of such evidence are

21  the testimony of Larry Altschul, wherein he conveyed the threats that Francis made, telling

22  Altschul that "you have no idea what is going to come at you" and that he, as a representative of

23  Wynn, was "making the biggest [expletive] mistake of [his] life."   Francis made good on these

24  threats shortly thereafter by knowingly and intentionally making the false and defamatory

25  statements that are the subject of this lawsuit.  This malice was further manifested in the

26  subsequent, post-publication threats Francis made against Wynn as described in the testimony of

27  Mitchell Langberg, including Francis' threat that he would "go nuclear" on Wynn and the express

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

- 4 -

1  threat to attack Mr. Wynn's reputation. This intentional and malicious attack on Plaintiffs justifies

2  an award of punitive damages pursuant to NRS 42.005(2)(e);

3      12.    As to damages, the Court considered the testimony of Michael Rumbolz, former

4  Chairman of the Nevada Gaming Control Board, who was accepted by this Court as an expert. The

5  Court also heard testimony from Larry Altsehul and Stephen Wynn. As reflected fully in the

6  record, based upon his experience in various aspects of the gaming industry, Rumbolz provided the

7  Court with significant, but certainly not exhaustive, information about how the Defamatory

8  Statements have a tendency (and in many respects, a certainty), of causing harm to Plaintiffs both

9  in Nevada and in other gaming jurisdictions in ways that almost certainly will never be known to

10 Plaintiffs.  Altschul and Mr. Wynn provided compelling testimony regarding the nature of their

11 business, a licensee's relationship with their patrons, the insidious harm that the Defamatory

12 Statements could have and the ways in which these statements could have an effect on Plaintiffs'

13 business.

14     13.    Mr. Wynn's testimony was particularly compelling regarding the impact the

15 Defamatory Statements have on Plaintiffs' reputations and business and the personal impact the

16 Defamatory Statements had on Mr. Wynn.  The Court notes that such testimony can only be fully

17 appreciated by reviewing the video transcript of the proceedings.

18     14.    Having reviewed Plaintiffs' brief regarding damages in this matter, considering the

19 law regarding damages available to Plaintiffs, including presumed damages and considering all of

20 the evidence contained in the record, and finding good cause for such a judgment, the Court finds

21 that:

22     a.    Wynn Las Vegas, LLC shall be awarded the principal sum of $2,500,000.00

23 in compensatory damages against Francis;

24     b.    Stephen Wynn shall be awarded the principal sum of $2,500,000.00 in

25 compensatory damages against Francis;

26     c.    Wynn Las Vegas, LLC shall be awarded the principal sum of $1,250,000.00

27 in punitive damages against Francis.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

-5-

1          d.      Stephen Wynn shall be awarded the principal sum of $1,250,000.00 in

2   punitive damages against Francis.

3          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that JUDGMENT

4   shall be, and hereby is, rendered:

5          1.      in favor of Wynn Las Vegas and against Joseph Raymond Francis in the sum

6   of $3,750,000.00; and

7          2.      in favor of Stephen Wynn and against Joseph Raymond Francis in the

8   additional sum of $3,750,000.00.

9   All such amounts shall accrue post-judgment interest as provided by law until satisfied.

10   Dated this ___ day of _____, 2012.

11

12                                          _____
                                            DISTRICT COURT JUDGE
13

14

15   Respectfully submitted by:

16   BROWNSTEIN HYATT FARBER SCHRECK, LLP

17   By: _____
18   Mitchell J. Langberg, Esq., Bar No. 10118
     Laura E. Bielinski, Esq., Bar No. 10516
19   100 North City Parkway, Suite 1600
     Las Vegas, NV 89106-4614
20

21   Barry B. Langberg, Esq. (*Pro Hac Vice*)
     2029 Century Park East, Suite 2100
22   Los Angeles, CA 90067-3007

23

     PISANELLI BICE PLLC
24   James J. Pisanelli, Esq., Bar No. 4027
     3883 Howard Hughes Parkway, Suite 800
25   Las Vegas, Nevada 8916

26

27

28

- 8 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
(702) 382-2101

# SETTLEMENT AGREEMENT
# EXHIBIT 3

1 | **COMP**
Mitchell J. Langberg, Esq., Nevada Bar No. 10118
2 | mlangberg@bhfs.com
Laura E. Bielinski, Esq., Nevada Bar No. 10516
3 | lbielinski@bhfs.com
Joanna M. Myers, Esq., Nevada Bar No. 12048
4 | jmyers@bhfs.com
5 | BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
6 | Las Vegas, Nevada 89106
Telephone: (702) 382-2101
7 | Facsimile: (702) 382-8135

8
*Attorneys for Wynn Las Vegas, LLC*
9 | *d/b/a Wynn Las Vegas*

**FILED**

APR 18   12 14 PM '12

CLERK OF THE COURT

FUS

10

11

## DISTRICT COURT

## CLARK COUNTY, NEVADA

12

13   WYNN LAS VEGAS LLC
d/b/a WYNN LAS VEGAS, a Nevada
14   limited liability company,

15           Plaintiff,

16   v.

17   GGW DIRECT, LLC, a Delaware limited
liability company; GGW BRANDS, LLC,
18   a Delaware limited liability company;
GGW EVENTS, LLC, a Delaware limited
19   liability company; MANTRA FILMS,
INC., a suspended Oklahoma corporation;
20   BLUE HORSE TRADING, LLC, a
California limited liability company; PEPE
21   BUS, LLC, an inactive Montana limited
liability company; SANDS MEDIA, INC.,
22   a revoked Nevada domestic corporation;
JOSEPH R. FRANCIS, an individual,
23   DAVID R. HOUSTON, an individual; and
DAVID R. HOUSTON, LTD., a Nevada
24   professional corporation, doing business as
THE LAW OFFICE OF DAVID R.
25   HOUSTON,

26
27           Defendants.
28

Case No.  A - 12 - 660288-B

Dept. No.  X 1

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO
PLAINTIFF'S REQUEST TO
TEMPORARILY FILE UNDER SEAL,
FILED CONCURRENTLY HEREWITH**

**(Request for Business Court Designation
pursuant to E.D.C.R. 1.61(a)(1))**

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

21658\100\1673633.5                    1

Settlement Agreement
Exhibit 3 of 11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1    Plaintiff Wynn Las Vegas, LLC ("Wynn") by and through its attorneys of record, the law

2    firm of Brownstein Hyatt Farber Schreck, LLP, alleges the following:

3                                    **PARTIES**

4    1.    Plaintiff Wynn is and was at all times relevant hereto a Nevada limited liability

5    company, with its principal place of business in Las Vegas, Nevada.

6    2.    Upon information and belief, Defendant GGW Direct, LLC ("GGW Direct") is

7    and was at all times relevant hereto a Delaware limited liability company.

8    3.    Upon information and belief, Defendant GGW Brands, LLC ("GGW Brands") is

9    and was at all times relevant hereto a Delaware limited liability company.

10   4.    Upon information and belief, Defendant GGW Events, LLC ("GGW Events") is

11   and was at all times relevant hereto a Delaware limited liability company.

12   5.    Upon information and belief, Defendant Mantra Films, Inc. ("Mantra Films") is

13   and was at all times relevant hereto a corporation formed under the laws of Oklahoma, and is now

14   in suspended status.

15   6.    Upon information and belief, Defendant Blue Horse Trading, LLC ("Blue Horse")

16   is and was at all times relevant hereto a California limited liability company.

17   7.    Upon information and belief, Defendant Pepe Bus, LLC ("Pepe Bus") was at all

18   times relevant hereto a Montana limited liability company, and is now dissolved.

19   8.    Upon information and belief, Defendant Sands Media, Inc. ("Sands Media") is and

20   was at all times relevant hereto a Nevada domestic corporation, and is currently in revoked status

21   (Defendants GGW Direct, GGW Brands, GGW Events, Mantra Films, Blue Horse, Pepe Bus, and

22   Sands Media and are collectively the "GGW Entities" and each a "GGW Entity").

23   9.    Upon information and believe, Defendant Joseph R. Francis is and was at all times

24   relevant hereto an individual and resident and citizen of the State of California.

25   10.   Upon information and belief, Defendant David R. Houston is and was at all times

26   relevant hereto an individual and resident and citizen of the State of Nevada.

27   11.   Upon information and belief, David R. Houston, Ltd., A Professional Corporation

28   is and was at all time relevant hereto a Nevada Professional Corporation doing business as the

21658\100\1673633.5                              2

1  Law Office Of David R. Houston (together with David R. Houston, "Houston") and doing

2  business in Reno, Nevada.

3  **JURISDICTION AND VENUE**

4      12.    The Eighth Judicial District Court has subject matter jurisdiction over this action

5  pursuant to Article 6, Section 6 of the Nevada State Constitution.

6      13.    This Court has personal jurisdiction over defendants Houston and Sands Media

7  because they are Nevada residents, and over the remaining defendants on the basis that they and

8  judgment debtor Joseph Raymond Francis ("Francis") have such a unity of interest between them

9  that they are the alter ego of Francis and the Court's jurisdiction over Francis establishes

10  jurisdiction over the entities.

11      14.    The Eighth Judicial District Court is the proper venue for this action pursuant to

12  NRS 13.010.

13  **GENERAL ALLEGATIONS**

14      15.    In June 2008, Wynn sued Francis in Clark County, Nevada, Eighth Judicial

15  District Court, Case No. A566286, for breach of contract and related causes of action for Francis'

16  failure to pay the remaining $2,000,000.00 owed in connection with credit instruments he

17  executed in favor of Wynn.

18      16.    By order dated August 18, 2009, the Honorable Judge Michelle Leavitt found

19  Francis liable, awarding Wynn $2,000,000.00 as the principal sum due on the marker, plus pre-

20  judgment interest in the amount of $838,356.00 and post-judgment interest accruing at a rate of

21  $986.30 per day (the "Judgment").

22      17.    Wynn has made several attempts to garnish Francis' wages and execute upon his

23  assets.

24      18.    However, Francis has failed to pay the Judgment and has impeded Wynn's

25  attempts to collect on the judgment.

26      19.    Wynn has been largely unable to collect on its Judgment against Francis because

27  Francis is using the GGW Entities to hide his assets and income.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

21658\100\1673633.5          3

1    20.    Specifically, Francis uses the GGW Entities' funds to pay his personal expenses in

2    order to prevent Wynn from collecting its Judgment.

3    21.    Francis is the chief financial officer of some or all of the GGW Entities.

4    22.    Francis exercises complete dominion and control over the GGW Entities.

5    23.    The GGW Entities are influenced and governed by Francis, and Francis acts as the

6    ultimate authority for their business and financial transactions.

7    24.    Francis commingles his personal funds with the funds of the GGW Entities and

8    makes unauthorized diversions of funds from the GGW Entities for his personal use.

9    25.    That is, Francis causes the GGW Entities to pay some or all of his personal

10    expenses from the GGW Entities' accounts.

11    26.    Upon information and belief, the GGW Entities fail to comply with corporate

12    formalities required by law.

13    27.    Houston has received funds from the GGW entities, including GGW Direct, some

14    of which funds Houston maintains in bank accounts controlled by Houston.

15    **FIRST CAUSE OF ACTION**

16    **(Declaratory Relief Against Francis and the GGW Entities)**

17    28.    Wynn incorporates the preceding allegations as though fully set forth herein.

18    29.    A justiciable controversy exists as to wh ether Wynn may properly satisfy its

19    Judgment against Francis by reaching the assets of the GGW Entities.

20    30.    Specifically, Wynn contends that Francis uses the GGW Entities as a shield from

21    liability by commingling his personal funds with those of the GGW Entities and by having the

22    GGW Entities pay his personal expenses, that there is a unity of interest between Francis and the

23    GGW Entities and that Francis controls the GGW Entities.

24    31.    Wynn contends that Francis is abusing the business entity form to frustrate

25    Wynn's collection efforts against Francis.

26    32.    Wynn contends that the GGW Entities are mere alter egos of Francis.

27    33.    Wynn contends that the Judgment should be amended to include the GGW Entities

28    as judgment debtors.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

21658\100\1673633.5    4

34.    Accordingly, by this Complaint, Wynn requests this Court to enter a declaratory judgment that the GGW Entities are so indistinguishable from Francis that the GGW Entities are mere alter egos of Francis, that the business entity form shall be disregarded and that Wynn may reach the assets of the GGW Entities to satisfy its Judgment against Francis.

35.    As a result of the defendants' conduct, Wynn has been required to retain the services of an attorney and therefore, Wynn seeks to recover its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Injunction Against All Defendants)

36.    Wynn incorporates the preceding allegations as though fully set forth herein.

37.    Wynn is likely to succeed on its claim for declaratory relief.

38.    Immediate and irreparable injury will result to Wynn if the Court does not enjoin all defendants from transferring the funds in Houston's possession held in the name of GGW Direct because, in the absence of such relief, one or more of them is likely to transfer any such funds out of the State of Nevada.

39.    The issuance of injunctive relief would be far superior to any remedy at law because in the absence of injunctive relief, any judgment would otherwise be rendered ineffectual.

## THIRD CAUSE OF ACTION

### (Accounting Against Houston)

40.    Wynn incorporates the preceding allegations as though fully set forth herein.

41.    Wynn is entitled to an accounting of any and all assets held by Houston in the name of the GGW Entities because the GGW Entities' assets are the true property of Francis and such accounting is necessary to determine the amounts and locations of funds that are subject to any ultimate judgment, as well as any preliminary relief that may be granted by the Court.

/ / /

/ / /

/ / /

21658\100\1673633.5

5

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1                                    **PRAYER FOR RELIEF**

2          **WHEREFORE,** Wynn prays for Judgment as follows:

3          1.    For declarations, as follows:

4                a.    That the GGW Entities are the alter egos of Francis;

5                b.    That Francis and the GGW Entities are one and the same; and

6                c.    That Wynn can reach the assets of the GGW Entities to satisfy its judgment

7                      against Francis.

8          2.    For injunctive relief enjoining all Defendants from transferring, moving or

9          otherwise dissipating any assets of GGW Direct currently possessed, held or

10         controlled by (or held in bank accounts controlled by) Houston pending the

11         Court's determination of whether Wynn is entitled to reach the GGW Direct assets

12         to satisfy its judgment against Francis;

13         3.    For an accounting of any funds held in the name of any GGW Direct in Houston's

14         possession or control;

15         4.    For an award of reasonable costs and attorney's fees; and

16         5.    For any additional relief this Court deems just and proper.

17         DATED this 18th day of April, 2012.

18                                    BROWNSTEIN HYATT FARBER SCHRECK, LLP

19
                                     By:
20                                       Mitchell J. Langberg, Esq., Nevada Bar No. 10118
21                                       mlangberg@bhfs.com
                                         Laura E. Bielinski, Esq., Nevada Bar No. 10516
22                                       lbielinski@bhfs.com
                                         Joanna M. Myers, Esq., Nevada Bar No. 12048
23                                       jmyers@bhfs.com
                                         100 North City Parkway, Suite 1600
24                                       Las Vegas, Nevada 89106
                                         Telephone: (702) 382-2101
25                                       Facsimile: (702) 382-8135

26                                       *Attorneys for Wynn Las Vegas, LLC*
27                                       *d/b/a Wynn Las Vegas*

28

21658\100\1673633.5                          6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

# SETTLEMENT AGREEMENT
# EXHIBIT 4

Electronically Filed
08/17/2012 10:52:03 AM

CLERK OF THE COURT

1    **INJ**
Mitchell J. Langberg, Esq.. Nevada Bar No. 10118
2    Laura E. Bielinski, Esq., Nevada Bar No. 10516
Joanna M. Myers. Esq., Nevada Bar No. 12048
3    BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
4    Las Vegas, Nevada 89106
5    mlangberg@bhfs.com
lbielinski@bhfs.com
6    Telephone: (702) 382-2101
Facsimile: (702) 382-8135
7

8    *Attorneys for Wynn Las Vegas, LLC*
*d/b/a Wynn Las Vegas*
9

10                          **DISTRICT COURT**

11                    **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 12  WYNN LAS VEGAS LLC<br>d/b/a WYNN LAS VEGAS, a Nevada<br>13  limited liability company, | Case No. A-12-660288-B<br><br>Dept. No. XI |
| 14         Plaintiff, | |
| 15 | **PRELIMINARY INJUNCTION** |
| 16  v. | |

17  GGW DIRECT, LLC, a Delaware limited
liability company; GGW BRANDS, LLC,
18  a Delaware limited liability company;
GGW EVENTS, LLC, a Delaware limited
19  liability company: MANTRA FILMS,
INC., a suspended Oklahoma corporation;
20  BLUE HORSE TRADING. LLC, a
California limited liability company; PEPE
21  BUS. LLC. an inactive Montana limited
liability company; SANDS MEDIA, INC.,
22  a revoked Nevada domestic corporation;
JOSEPH R. FRANCIS, an individual,
23  DAVID R. HOUSTON. an individual; and
DAVID R. HOUSTON. LTD.. a Nevada
24  professional corporation, doing business as
THE LAW OFFICE OF DAVID R.
25  HOUSTON,
26

27                          Defendants.

28

021658\0178\17112472

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP

1      UPON CONSIDERATION of the *Ex Parte* Motion For Temporary Restraining Order

2  And Preliminary Injunction On Order Shortening Time filed by Plaintiff Wynn Las Vegas, LLC

3  ("Wynn") for a temporary restraining order and preliminary injunction, and supporting

4  documents, the Court having previously entered a temporary restraining order on April 19, 2012,

5  and upon further consideration of GGW Direct, LLC and GGW Brands, LLC's, opposition

6  thereto, Plaintiff's reply and GGW Direct, LLC and GGW Brands, LLC's sur-reply, having

7  considered all of the declarations and evidence in support and in opposition to the motion and

8  having considered the arguments of counsel, and for other good cause shown;

9      THE COURT HEREBY FINDS THAT:

10    1.    Wynn will suffer irreparable injury if the Court does not restrain all of the named

11  defendants from transferring any assets belonging to GGW Direct, LLC ("GGW Direct"), held or

12  controlled by (or held in bank accounts controlled by) David R. Houston and David R. Houston

13  Ltd. (doing business as The Law Office of David R. Houston) (together "Houston"), including

14  funds maintained at Nevada State Bank in any account maintained by Houston, including the

15  IOLTA account ending in the numbers 699-8 and specifically including such funds as Houston

16  has acknowledged he holds in the amount of $1,846,578.28, because, in the absence of such

17  relief, one or more of the defendants is likely to transfer GGW Direct's assets out of the State of

18  Nevada. Furthermore, the issuance of injunctive relief is far superior to any remedy at law

19  because in the absence of injunctive relief, any judgment would otherwise be rendered

20  ineffectual.    *has a substantial likelihood of success* (RG)

21    2.    Wynn ~~is likely to succeed~~ on the merits of its claim for declaratory relief, because *related to alter*

22  Wynn has a judgment against Defendant Joseph R. Francis, and has presented ~~strong~~ evidence *ego*

23  that:

24    (a)    Francis uses GGW Direct, LLC as a shield from liability by commingling his

25  personal funds with those of GGW Direct;

26    (b)    Francis uses the funds of GGW Direct to pay his personal expenses;

27    (c)    Francis is abusing the business entity form to frustrate creditors, and particularly

28  Wynn's collection efforts against Francis;

021659017847311247.2             2.

1    (d)    As the person most knowledgeable of the day to day operations of GGW Direct

2  and the sole signatory on checks issued by GGW Direct, Francis likely controls GGW Direct's

3  operations;

4    (e)    There is such unity of interest between GGW Direct and Francis such that GGW

5  Direct is the alter ego of Francis; and

6    (f)    In this instance, to recognize the business entity form would work an injustice on

7  Francis' creditors, including Wynn.

8    THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

9    A.    All named defendants, their agents, employees, attorneys, and anyone acting on

10  their behalf, are hereby enjoined from transferring, destroying, or moving any assets belonging to

11  GGW Direct, held or controlled by (or held in bank accounts controlled by) Houston, including

12  funds maintained at Nevada State Bank in any account maintained by Houston, including the

13  IOLTA account ending in the numbers 699-8 and particularly such funds as Houston has

14  acknowledged he holds in the amount of $1,846,578.28.

15    B.    The bond Wynn previously posted in connection with the Court's temporary

16  restraining order shall remain in effect and shall constitute security for this order.

17    ENTERED this 16th day of August, 2012, at 10:45 a.m.

18

19

20                        DISTRICT COURT JUDGE

      Submitted By:

21

      BROWNSTEIN HYATT FARBER SCHRECK, LLP

22

23

24    Mitchell J. Langberg, Esq., Nevada Bar No. 10118
      Laura E. Bielinski, Esq., Nevada Bar No. 10516
25    Joanna M. Myers, Esq., Nevada Bar No. 12048
26    100 North City Parkway, Suite 1600
      Las Vegas, Nevada 89106
27    *Attorneys for Wynn Las Vegas, LLC*
      *d/b/a Wynn Las Vegas*
28

      021658:0178:17112472                        3

# SETTLEMENT AGREEMENT
# EXHIBIT 5

STIP
David R. Grundy NSB 864
Lemons, Grundy & Eisenberg
6005 Plumas Street, Third Floor
Reno, Nevada  89519
(775) 786-6868

Attorney for Defendant
David R. Houston

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| WYNN LAS VEGAS, LLC dba WYNN LAS VEGAS, a Nevada limited liability company, | |
| Plaintiff, | Case No.  A-12-660288-B |
| vs. | Dept. No.  XI |
| GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, A California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual, DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON, | |
| Defendants. | |

**STIPULATION AND PROPOSED ORDER REGARDING THE PARTICIPATION OF DAVID R. HOUSTON, ESQ. AND DAVID R. HOUSTON, LTD. IN FURTHER PROCEEDINGS**

Plaintiff WYNN LAS VEGAS, LLC and defendants hereby stipulate that defendants DAVID R. HOUSTON, ESQ. and DAVID R. HOUSTON, LLC (collectively, "Houston") may be excused from participating in this action based upon the following stipulated facts:

1.    Defendants HOUSTON are defendants in this action, having been served with process and having filed their Answer on May 9, 2012. David R. Houston, Ltd. is in possession of the sum of $1,846,578.28 received from GGW Direct, LLC, which funds are held in an IOLTA

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 1 -

Settlement Agreement
Exhibit 5 of 11

1  trust account maintained by Houston for the benefit of GGW Direct, LLC (the "Trust Funds"). The right to possession of the Trust Funds is an issue to be determined by this court in this action. The Trust Funds are subject to a Temporary Restraining Order entered by the court on April 19, 2012, which has been extended by the court by Minute Order dated April 26, 2012. Houston agrees to be bound by the TRO, and any further extensions thereof or temporary or permanent injunctions that may be entered by the court.

2  2.      David Houston is a member in good standing of the State Bar of Nevada and is an officer of this court. Houston has no beneficial interest in the Trust Funds or its proceeds. Houston understands that he and his firm are subject to the jurisdiction of this court, are bound by the orders and any judgment which may be entered by this court with regard to the ownership and disposition of the Trust Funds, and will comply with such orders or judgments served upon Houston, whether or not Houston has been dismissed as a party.

3.      Houston has been served with written Requests for Production by mail on May 7, 2012 (the Houston RFP's). Mr. Houston will file timely responses to these RFP's. Houston shall also be subject to having his deposition taken in Reno, Washoe County, Nevada upon reasonable notice of deposition addressed to his undersigned counsel, without necessity of a subpoena.

4.      During the pendency of this action, until such time as Houston may be dismissed from this action, Houston may in his sole discretion or upon order of the court, but shall not otherwise be required to participate personally or through counsel in discovery that may occur arising from this action, or to attend Rule 16 conferences, hearings, court conferences, settlement conferences, mediations or any trial that may occur, nor shall he be made party to any appeal. However, upon notice by any party at least fifteen (15) days in advance, Houston shall attend preliminary injunction hearings without necessity of subpoena.

5.      A proposed Order is attached.

//

//

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 2 -

Settlement Agreement
Exhibit 5 of 11

1    The undersigned does hereby affirm that the preceding document does not contain

2    the social security number of any person.

3         Dated: June 2𝘵 , 2012.

4    Lemons, Grundy & Eisenberg
     6005 Plumas Street, Third Floor
5    Reno, Nevada 89519
     (775) 786-6868
6
7    By:
          David R. Grundy, Esq.
8         Attorney for Defendants Houston

9    Mitchell J. Langberg, Esq.
     Laura E. Bielinski, Esq.
10   Joanna M. Myers, Esq.
     BROWNSTEIN HYATT FARBER SCHRECK, LLP
11   100 North City Parkway, Suite 1600
     Las Vegas, NV 89106
12

13

14   By:_____
          Mitchell J. Langberg, Esq.
15        Laura E. Bielinski, Esq.
          Attorneys for Plaintiff
16

17   ECOFF BLUT, LLP
     300 South Fourth Street, Suite 701
18   Las Vegas, Nevada 89101

19   By:_____
          Elliot S. Blut, Esq.
20        Attorneys for Defendants GGW Direct,
          and GGW Brands
21

22

23   Parker | Scheer Lagomarsino
     9555 South Eastern Avenue, #210
24   Las Vegas, Nevada 89123

25

26   By_____
          Andre Lagomarsino, Esq.
27        Jacob G Leavitt, Esq.
          Attorneys for Joe Francis
28

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 3 -

1    The undersigned does hereby affirm that the preceding document does not contain the

2    social security number of any person.

3          Dated: June 11, 2012.

4    Lemons, Grundy & Eisenberg
      6005 Plumas Street, Third Floor
5    Reno, Nevada  89519
      (775) 786-6868

6

7    By:_____

8          David R. Grundy, Esq.
         Attorney for Defendants Houston

9    Mitchell J. Langberg, Esq.
    Laura E. Bielinski, Esq.
10    Joanna M. Myers, Esq.
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
11    100 North City Parkway, Suite 1600
    Las Vegas, NV  89106

12

13

14    By:_____
         Mitchell J. Langberg, Esq.
15          Laura E. Bielinski, Esq.
         Attorneys for Plaintiff

16

17    ECOFF BLUT, LLP
    300 South Fourth Street, Suite 701
18    Las Vegas, Nevada 89101

19    By:_____
         Elliot S. Blut, Esq.
20          Attorneys for Defendants GGW Direct,
         and GGW Brands
21

22

23    Joe Francis

24

25    _____

26

27

28

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 3 -

Settlement Agreement
Exhibit 5 of 11

1        The undersigned does hereby affirm that the preceding document does not contain

2    the social security number of any person.

3        Dated: June 29th, 2012.

4    Lemons, Grundy & Eisenberg
5    6005 Plumas Street, Third Floor
     Reno, Nevada  89519
6    (775) 786-6868

7    By:_____
8        David R. Grundy, Esq.
         Attorney for Defendants Houston

9    Mitchell J. Langberg, Esq.
     Laura E. Bielinski, Esq.
10   Joanna M. Myers, Esq.
     BROWNSTEIN HYATT FARBER SCHRECK, LLP
11   100 North City Parkway, Suite 1600
     Las Vegas, NV  89106
12

13

14   By:_____
         Mitchell J. Langberg, Esq.
15       Laura E. Bielinski, Esq.
         Attorneys for Plaintiff

16

17   ECOFF BLUT, LLP
     300 South Fourth Street, Suite 701
18   Las Vegas, Nevada 89101

19   By:_____
20       Elliot S. Blut, Esq.
         Attorneys for Defendants GGW Direct,
21       and GGW Brands

22

23   Parker | Scheer Lagomarsino
     9555 South Eastern Avenue, #210
24   Las Vegas, Nevada 89123

25

26   By_____
         Andre Lagomarsino, Esq.
27       Jacob G Leavitt, Esq.
         Attorneys for Joe Francis

28

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 3 -

1   **CERTIFICATE OF SERVICE**

2          Pursuant to NRCP 5(b), I certify that I am an employee of Lemons, Grundy & Eisenberg

3   and that on June 29, 2012, I e-filed a true and correct copy of the foregoing Stipulation and

4   Proposed Order Regarding the Participation of David R. Houston, Esq. and David R. Houston,

5   Ltd. in Further Proceedings with the Clerk of the Court through the Court's electronic filing

6   system and notice will be sent electronically by the Court to the following:

7   Mitchell J. Langberg, Esq.
    Laura E. Bielinski, Esq.
8   Joanna M. Myers, Esq.
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
9   100 North City Parkway, Suite 1600
    Las Vegas, NV  89106
10

11        **The following people have not been served electronically and have been served by mail:**

12  Elliot S.Blut, Esq.                      Defendants GGW Direct, LLC, GGW Brands, LLC
    ECOFF BLUT, LLP                           GGW Events, LLC and BLUE HORSE TRADING
13  300 South Fourth Street, Suite 701
    Las Vegas, Nevada 89101
14

15  Andre Lagomarsino, Esq.                  Joe Francis
    Jacob G Leavitt, Esq.
16  Parker | Scheer Lagomarsino
    9555 South Eastern Avenue, #210
17  Las Vegas, Nevada 89123

18  Sands Media, Inc.                        Defendant
    c/o State Agent and Transfer Syndicate (Resident Agent)
19  112 N. Curry Street
    Carson City, NV  89703
20

21  Mantra Films, Inc.                       Defendant
    10940 Wilshire Blvd., 10th Floor
    Los Angeles, CA  90024

22

23

24                                          _Stacy Kellison_
25                                          Stacy Kellison
26

27

28

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

                                    - 4 -

1  ORDR
   David R. Grundy NSB 864
2  Lemons, Grundy & Eisenberg
   6005 Plumas Street, Third Floor
3  Reno, Nevada  89519
   (775) 786-6868
4
   Attorney for Defendant
5  David R. Houston

6

7                          DISTRICT COURT

8                      CLARK COUNTY, NEVADA

9

10 WYNN  LAS  VEGAS, LLC dba WYNN  LAS
   VEGAS, a Nevada limited liability company,

11                  Plaintiff,                    Case No.  A-12-660288-B

12            vs.                                 Dept. No.  XI

13 GGW DIRECT, LLC, a Delaware limited liability
   company; GGW BRANDS, LLC, a Delaware
14 limited liability company; MANTRA FILMS,
   INC., a suspended Oklahoma corporation;
15 BLUE HORSE TRADING, LLC, A California
   limited liability company; PEPE BUS, LLC, an
16 inactive Montana limited liability company;
   SANDS  MEDIA, INC., a revoked Nevada
17 domestic corporation; JOSEPH R. FRANCIS, an
   individual, DAVID R. HOUSTON, an individual;
18 and  DAVID R. HOUSTON, LTD., a Nevada
   professional corporation, doing business as
19 THE LAW OFFICE OF DAVID R. HOUSTON,

20                  Defendants.

21 __ORDER REGARDING THE PARTICIPATION OF DAVID R. HOUSTON, ESQ. AND DAVID R.__
22                  __HOUSTON, LTD. IN FURTHER PROCEEDINGS__

23         Upon the stipulation of plaintiff and defendants who have appeared in this action and

24 the conditions set forth herein, the court enters the following Order:

25         1.       Defendants DAVID R. HOUSTON, ESQ. and DAVID R. HOUSTON, LTD.

26 (collectively, "Houston") are defendants in this action, having been served with process and

27 having filed their Answer on May 9, 2012. David R. Houston, Ltd. is in possession of the sum of

28 $1,846,578.28 received from GGW Direct, LLC, which funds are held in an IOLTA trust account

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

                                    - 1 -

Settlement Agreement
Exhibit 5 of 11

maintained by Houston for the benefit of GGW Direct, LLC (the "Trust Funds"). The right to possession of the Trust Funds is an issue to be determined by this court in this action. The Trust Funds are subject to a Temporary Restraining Order entered by the court on April 19, 2012, which has been extended by the court by Minute Order dated April 26, 2012. Houston agrees to be bound by the TRO, and any further extensions thereof or temporary or permanent injunctions that may be entered by the court.

2.     David Houston is a member in good standing of the State Bar of Nevada and is an officer of this court. Houston has no beneficial interest in the Trust Funds or its proceeds. Houston understands that he and his firm are subject to the jurisdiction of this court, are bound by the orders and any judgment which may be entered by this court with regard to the ownership and disposition of the Trust Funds, and will comply with such orders or judgments served upon Houston, whether or not Houston has been dismissed as a party.

3.     Houston has been served with written Requests for Production by mail on May 7, 2012 (the Houston RFP's). Mr. Houston will file timely responses to these RFP's. Houston shall also be subject to having his deposition taken in Reno, Washoe County, Nevada upon reasonable notice of deposition addressed to his undersigned counsel, without necessity of a subpoena. However, upon notice by any party at least fifteen (15) days in advance, Houston shall attend preliminary injunction hearings without necessity of subpoena.

4.     During the pendency of this action, until such time as Houston may be dismissed from this action, Houston may appear in his sole discretion or upon order of the court, but shall not otherwise be required to participate personally or through counsel in discovery that may occur arising from this action, or to attend Rule 16 conferences, hearings, court conferences, settlement conferences, mediations or any trial that may occur, nor shall he be made party to any appeal.

DATED this _____ day of _____, 2012.

_____
DISTRICT COURT JUDGE

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 2 -

Settlement Agreement
Exhibit 5 of 11

# SETTLEMENT AGREEMENT
# EXHIBIT 6

Electronically Filed
07/16/2012 01:26:38 PM

ORDR
David R. Grundy NSB 864
Lemons, Grundy & Eisenberg
6005 Plumas Street, Third Floor
Reno, Nevada 89519
(775) 786-6868

Attorney for Defendant
David R. Houston

**CLERK OF THE COURT**

DISTRICT COURT

CLARK COUNTY, NEVADA

WYNN   LAS  VEGAS,  LLC  dba  WYNN  LAS
VEGAS, a Nevada limited liability company,

         Plaintiff,

         vs.

GGW DIRECT, LLC, a Delaware limited liability
company; GGW BRANDS, LLC, a Delaware
limited liability company; MANTRA FILMS,
INC., a suspended Oklahoma corporation;
BLUE HORSE TRADING, LLC, A California
limited liability company; PEPE BUS, LLC, an
inactive Montana limited liability company;
SANDS MEDIA, INC., a revoked Nevada
domestic corporation; JOSEPH R. FRANCIS, an
individual, DAVID R. HOUSTON, an individual;
and DAVID R. HOUSTON, LTD., a Nevada
professional corporation, doing business as
THE LAW OFFICE OF DAVID R. HOUSTON,

         Defendants.

Case No.  A-12-660288-B

Dept. No.  XI

**ORDER REGARDING THE PARTICIPATION OF DAVID R. HOUSTON, ESQ. AND DAVID R.
HOUSTON, LTD. IN FURTHER PROCEEDINGS**

written                                    filed on 6/29/12 BC

    Upon the stipulation of plaintiff and defendants who have appeared in this action and

the conditions set forth herein, the court enters the following Order:

    1.    Defendants DAVID R. HOUSTON, ESQ. and DAVID R. HOUSTON, LTD.

(collectively, "Houston") are defendants in this action, having been served with process and

having filed their Answer on May 9, 2012. David R. Houston, Ltd. is in possession of the sum of

$1,846,578.28 received from GGW Direct, LLC, which funds are held in an IOLTA trust account

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

- 1 -

1    maintained by Houston for the benefit of GGW Direct, LLC (the "Trust Funds"). The right to

2    possession of the Trust Funds is an issue to be determined by this court in this action. The

3    Trust Funds are subject to a Temporary Restraining Order entered by the court on April 19,

4    2012, which has been extended by the court by Minute Order dated April 26, 2012. Houston

5    agrees to be bound by the TRO, and any further extensions thereof or temporary or

6    permanent injunctions that may be entered by the court.

7        2.        David Houston is a member in good standing of the State Bar of Nevada and is

8    an officer of this court. Houston has no beneficial interest in the Trust Funds or its proceeds.

9    Houston understands that he and his firm are subject to the jurisdiction of this court, are

10   bound by the orders and any judgment which may be entered by this court with regard to the

11   ownership and disposition of the Trust Funds, and will comply with such orders or judgments

12   served upon Houston, whether or not Houston has been dismissed as a party.

13       3.        Houston has been served with written Requests for Production by mail on May

14   7, 2012 (the Houston RFP's). Mr. Houston will file timely responses to these RFP's. Houston

15   shall also be subject to having his deposition taken in Reno, Washoe County, Nevada upon

16   reasonable notice of deposition addressed to his undersigned counsel, without necessity of a

17   subpoena. However, upon notice by any party at least fifteen (15) days in advance, Houston

18   shall attend preliminary injunction hearings without necessity of subpoena.

19       4.        During the pendency of this action, until such time as Houston may be

20   dismissed from this action, Houston may appear in his sole discretion or upon order of the

21   court, but shall not otherwise be required to participate personally or through counsel in

22   discovery that may occur arising from this action, or to attend Rule 16 conferences, hearings,

23   court conferences, settlement conferences, mediations or any trial that may occur, nor shall

24   he be made party to any appeal. unless otherwise ordered by the Court. BE

25       DATED this 12ᵗʰ day of July, 2012.

26

27       _____
         DISTRICT COURT JUDGE

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

Settlement Agreement
Exhibit 6 of 11                                        - 2 -

1

## CERTIFICATE OF SERVICE

2

3          Pursuant to NRCP 5(b), I certify that I am an employee of Lemons, Grundy & Eisenberg

4    and that on July 16, 2012, I e-filed a true and correct copy of the foregoing Order Regarding

5    the Participation of David R. Houston, Esq., and David R. Houston, Ltd. in Further Proceedings

6    with the Clerk of the Court through the Court's electronic filing system and notice will be sent

7    electronically by the Court to the following:

8    Mitchell J. Langberg, Esq.                          For Plaintiff
     Laura E. Bielinski, Esq.
9    Joanna M. Myers, Esq.
10   BROWNSTEIN HYATT FARBER SCHRECK, LLP
     100 North City Parkway, Suite 1600
11   Las Vegas, NV 89106

12

13   **The following people have not been served electronically and have been served by mail:**

14   Elliot S. Blut, Esq.                               For Defendants GGW Direct, GGW Brands,
15   ECOFF BLUT, LLP                                    GGW Events and BLUE HORSE TRADING
     280 S. Beverly Drive #504
16   Beverly Hills, CA  90212

17   Andre M. Lagomarsino, Esq.                          For Defendant Joseph R. Francis
18   Jacob G. Leavitt, Esq.
     9555 South Eastern Avenue, Suite 210
19   Las Vegas, NV  89123

20

21

22                                              Stacy Kellison

23

24

25

26

27

28

LEMONS, GRUNDY
& EISENBERG
6005 PLUMAS ST.
SUITE 300
RENO, NV 89519
(775) 786-6868

# SETTLEMENT AGREEMENT
# EXHIBIT 7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 10 2012

John A. Clarke, Executive Officer/Clerk
By _____ E.T. Espinoza _____, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

STEPHEN A. WYNN,

                Plaintiff(s)

VS

JOSEPH RAYMOND FRANCIS

                Defendant(s)

CASE NUMBER:    BC438884

[~~PROPOSED~~] AMENDED JUDGMENT
ON SPECIAL VERDICT

This action came on regularly for trial on August 30, 2012 in Department 37 of the Superior Court, the Honorable Judge Joanne B. O'Donnell, Presiding; the plaintiff(s) appearing by attorney(s) Barry Langberg and the defendant(s) appearing by attorney(s) Aaron Aftergood.

      A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a special verdict. The jury deliberated and thereafter returned into court with its verdict as follows:

### "TITLE OF COURT AND CAUSE"

We answer the questions submitted to us as follows:

PLAINTIFF STEPHEN WYNN has asserted three claims for slander alleging that DEFENDANT JOSEPH RAYMOND FRANCIS falsely stated to one or more people other than STEPHEN WYNN that "Mr. Wynn threatened to kill me" and that "He said he would hit me over the back of the head with a shovel and bury me in the desert." These will be referred to as the Statements.

<u>FIRST CLAIM</u>

1.    Did JOSEPH RAYMOND FRANCIS make one or more of the Statements
       to persons other than STEPHEN WYNN while in court?
  __X__ Yes        ___No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

1

2.   Did the people to whom the Statement(s) was/were made reasonably understand that the statement was about STEPHEN A. WYNN?
__X__ Yes          ____No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.   Did these people reasonably understand the Statement(s) to mean either that STEPHEN A. WYNN had committed a crime or that the statements injured STEPHEN A. WYNN in respect to his office, profession, trade or business?
__X__ Yes          ____No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.   Did STEPHEN A. WYNN prove by clear and convincing evidence that the Statements were false?
__X__ Yes          ____No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.   Did STEPHEN A. WYNN prove by clear and convincing evidence that JOSEPH RAYMOND FRANCIS knew the Statements were false?
__X__ Yes          ____No

If your answer to question 5 is yes, then answer questions 6, 7, and 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

## ACTUAL DAMAGES

6.   Was JOSEPH RAYMOND FRANCIS' conduct a substantial factor in causing STEPHEN A. WYNN actual harm?
__X__ Yes          ____No

If your answer to question 6 is yes, then answer question 7. If you answered no, skip question 7 and answer question 8.

7.   What are STEPHEN A. WYNN's actual damages for:

a.  Shame, mortification, or hurt feelings?                    $1,000,000

## ASSUMED DAMAGES

2

8.    What are the damages you award STEPHEN A. WYNN for the assumed harm to his reputation? You must award at least a nominal sum.                    $3,000,000

## PUNITIVE DAMAGES

9.    Did STEPHEN A. WYNN prove by clear and convincing evidence that JOSEPH RAYMOND FRANCIS acted with malice, oppression, or fraud?
__X__ Yes          ____No


Signed: Rodney Dale Wingfield, Presiding Juror                    Dated: 9/10/12


## SECOND CLAIM

1.    Did JOSEPH RAYMOND FRANCIS make one or more of the Statements to TMZ reporter Michael Amormino?
__X__ Yes          ____No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


2.    Did the people to whom the Statement(s) was/were made reasonably understand that the statement was about STEPHEN A. WYNN?
__X__ Yes          ____No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


3.    Did these people reasonably under the Statement(s) to mean either that STEPHEN A. WYNN had committed a crime or that the statements injured STEPHEN A. WYNN in respect to his office, profession, trade or business?
__X__ Yes          ____No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


4.    Did STEPHEN A. WYNN prove by clear and convincing evidence that the Statements were false?
__X__ Yes          ____No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.


5.    Did STEPHEN A. WYNN prove by clear and convincing evidence that JOSEPH RAYMOND FRANCIS knew the Statements were false?
__X__ Yes          ____No

3

If your answer to question 5 is yes, then answer questions 6, 7, and 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

## ACTUAL DAMAGES

6.   Was JOSEPH RAYMOND FRANCIS' conduct a substantial factor in causing STEPHEN A. WYNN actual harm?
__X__ Yes            ___No

If your answer to question 6 is yes, then answer question 7. If you answered no, skip question 7 and answer question 8.

7.    What are STEPHEN A. WYNN's actual damages for:

a.  Shame, mortification, or hurt feelings?                     $1,000,000

## ASSUMED DAMAGES

8.   What are the damages you award STEPHEN A. WYNN for the assumed harm to his reputation? You must award at least a nominal sum.          $4,000,000

## PUNITIVE DAMAGES

9.    Did STEPHEN A. WYNN prove by clear and convincing evidence that JOSEPH RAYMOND FRANCIS acted with malice, oppression, or fraud?
__X__ Yes            ___No

Signed: Rodney Dale Wingfield, Presiding Juror

Dated:  9/10/12

## THIRD CLAIM

1.    Did JOSEPH RAYMOND FRANCIS make one or more of the Statements on the television morning program Good Morning America?
__X__ Yes            ___No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.    Did the people to whom the Statement(s) was/were made reasonably understand that the statement was about STEPHEN A. WYNN ?
__X__ Yes            ___No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.   Did these people reasonably under the Statement(s) to mean either that STEPHEN A. WYNN had committed a crime or that the statements injured STEPHEN A. WYNN in respect to his office, profession, trade or business?
__X__ Yes          ____No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.   Did STEPHEN A. WYNN prove by clear and convincing evidence that the Statements were false?
__X__ Yes          ____No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.   Did STEPHEN A. WYNN prove by clear and convincing evidence that JOSEPH RAYMOND FRANCIS knew the Statements were false?
__X__ Yes          ____No

If your answer to question 5 is yes, then answer questions 6, 7, and 8. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

## ACTUAL DAMAGES

6.   Was JOSEPH RAYMOND FRANCIS' conduct a substantial factor in causing STEPHEN A. WYNN actual harm?
__X__ Yes          ____No

If your answer to question 6 is yes, then answer question 7. If you answered no, skip question 7 and answer question 8.

7.   What are STEPHEN A. WYNN's actual damages for:

a.  Shame, mortification, or hurt feelings?                    $1,000,000

## ASSUMED DAMAGES

8.   What are the damages you award STEPHEN A. WYNN for the assumed harm to his reputation? You must award at least a nominal sum.            $10,000,000

## PUNITIVE DAMAGES

9.   Did STEPHEN A. WYNN prove by clear and convincing evidence that
JOSEPH RAYMOND FRANCIS acted with malice, oppression, or fraud?
__X__ Yes          ___No


Signed: Rodney Dale Wingfield, Presiding Juror

Dated:  9/10/12


VERDICT RE: PUNITIVE DAMAGES

We answer the questions submitted to us as follows:

FIRST CLAIM

    1.   What amount of punitive damages, if any, do you award Stephen A. Wynn?
       $4,000,000


SECOND CLAIM

    2.   What amount of punitive damages, if any, do you award Stephen A. Wynn?
       $5,000,000


THIRD CLAIM

    3.   What amount of punitive damages, if any, do you award Stephen A. Wynn?
       $11,000,000


Signed: Rodney Dale Wingfield, Presiding Juror

Dated:  9/11/12


And, thereafter, the Court granted Partial Judgment Notwithstanding the Verdict by striking the
jury's award of punitive damages as to all three claims in the total amount of $20 million and
also by striking the award of actual damages for shame, mortification or hurt feelings in the
amount of $1 million as to the Third Claim and in all other respects denied Defendant's Motion
for Judgment Notwithstanding the Verdict and Motion for New Trial,

It appearing by reasons of the said verdict, as modified or amended by the Court's grant of Partial
Judgment Notwithstanding the Verdict that said plaintiff is entitled to judgment against
defendant Joseph Raymond Francis.

"Wherefore by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged and decreed that plaintiff Stephen A. Wynn have and recover from the defendant Joseph Raymond Francis the sum of $19,000,000 with interest at the rate of ten percent per annum from the date of the verdict until paid, together with costs and disbursements amounting to the sum of $38,923.79."

Dated: ~~November~~      , ~~2012~~    DEC 1 0 2012

_Joanne O'Donnell_
Joanne B. O'Donnell
Judge Of The Superior Court
County Of Los Angeles

7

1

**PROOF OF SERVICE**

2       I, DeEtra T. Crudup, declare:

3       I am a citizen of the United States and employed in Los Angeles County, California.  I am

4   over the age of eighteen years and not a party to the within-entitled action.  My business address

5   is Brownstein Hyatt Farber Schreck, LLP, 2029 Century Park East, Suite 2100, Los Angeles,

6   California 90067-3007.  On November 14, 2012, I served a copy of the within document(s):

7           **[PROPOSED] AMENDED JUDGMENT ON SPECIAL**
            **VERDICT**
8

9   ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
        forth below on this date before 5:00 p.m.

10

11  ☐   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, the United States mail at Los Angeles, California addressed as set
        forth below.

12

13  ☒   by placing the document(s) listed above in a sealed FedEx envelope and affixing a
        pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for
        delivery.

14

15  ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.

16

17  ☐   By personally transmitting the document(s) via electronic service to the e-mail
        address(es) set forth below on this date.

18

19              Aaron D. Aftergood, Esq.
                The Aftergood Law Firm
20          1875 Century Park East, Suite 2230
                Los Angeles, California  90067
21              Telephone:  (310) 551-5221
                Facsimile:  (310) 496-2840
22            aaron@aftergoodesq.com - email
            *Attorney for Defendant, Joseph Raymond Francis*
23

24      I am readily familiar with the firm's practice of collection and processing correspondence

25  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

26  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

27  motion of the party served, service is presumed invalid if postal cancellation date or postage

28  meter date is more than one day after date of deposit for mailing in affidavit.

021658\0149\24650.1                              1

PROOF OF SERVICE

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007

1    I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.

3    Executed on November 14, 2012, at Los Angeles, California.

4

5

6                                                          DeEtra T. Crudup

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
2029 Century Park East, Suite 2100
Los Angeles, CA 90067-3007

021658\0149\24650.1

2

PROOF OF SERVICE

# SETTLEMENT AGREEMENT
# EXHIBIT 8

**Exhibit 8**

The limited subordination shall not apply to those persons and entities listed below or to any purchaser, assignee, or other transferee of any claim against any of the Debtors previously, now, or in the future held by the persons and entities listed below.

Additionally, as to the persons and entities marked with an asterisk (*), the limited subordination shall not apply to those persons and entities and any and all insiders – as defined by 11 U.S.C. § 101 (31) – of such persons and entities.

Aaron Aftergood
Abbey Wilson*
Aero Falcon, LLC*
Aftergood Law Firm
Andre M. Lagomarsino
Argyle Media Sales, LLC*
Argyle Online, LLC*
Asiaciti Trust Pacific Limited
AsiaTrust Limited (a/k/a Asia Trust Limited)
ATP Directors Limited
Blue Horse Trading, LLC*
Carbajal & McNutt
Casa Blanca de Punta Mita S.A. de C.V.*
Chris Dale
David J. Otto
David Otto & Affiliates, PC
David P. Schack
David R. Houston
Dennis Russell
Dominic P. Gentile
Eagan Avenatti LLP
Ecoff Blut LLP
Elliot S. Blut
Eric J. Sidebotham
Francis Trust*
Gary Pakele
GGW Brands, Inc. *
Gordon Silver
Hallmark Trust Limited*
Hammersmith Trust*
Hector J. Carbajal
J.F., LLC*
Joseph Francis*
K&L Gates
Kaafu Technologies*
Kent R. Robison
Kiki Entertainment, LLC*

145398.1

Settlement Agreement
Exhibit 8 of 11

Klueger & Stein LLP
Law Office of Gary M. Pakele
Law Office of Richard Cornell
Law Offices of David R. Houston
Liner Grode Stein Yakelevitz Sunshine Regenstrief & Taylor LLP
Marie Clair Mirch
Michael J. Avenatti
Mirch & Mirch
Pablo Holdings, LLC*
Parker Scheer Lagomarsino
Path Media Holdings, LLC*
Pepe Bus, LLC*
Perfect Science Labs, LLC*
Peter Garrell
Pittsford Limited*
Richard F. Cornell
Ridgewood Global Trust*
Robert Klueger
Robison, Belaustegui, Sharp & Low
Ronald Tym
Rothwell Limited*
Russell Law Group
Sands Media, Inc.*
Summer Land Holdings, Limited*
University of Dermatology, LLC*

# SETTLEMENT AGREEMENT
# EXHIBIT 9

1  Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
   Laura F. Bielinski, Esq., Nevada Bar No. 10516
2  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
3  Las Vegas, Nevada 89106
   mlangberg@bhfs.com
4  lbielinski@bhfs.com
   Telephone:   (702) 382-2101
5  Facsimile (702) 383-8135

6        and

7  MALHAR S. PAGAY (CA BAR NO. 189289) (*pro hac vice* pending)
   PACHULSKI STANG ZIEHL & JONES LLP
8  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California  90067
9  Telephone:    310/277-6910
   Facsimile:    310/201-0760
10 Email:       mpagay@pszjlaw.com
                jfried@pszjlaw.com
11
   Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas
12
                    **UNITED STATES BANKRUPTCY COURT**
13
                       **DISTRICT OF NEVADA**
14
15 In re:                                    Adversary Case No.: 13-01050-MKN

16 WYNN LAS VEGAS LLC d/b/a/ WYNN LAS         Chapter 11
   VEGAS, a Nevada limited liability company,
17                                            **STIPULATION REGARDING
                    Plaintiff,               RESOLUTION OF REMOVED ACTION**
18
          vs.                                **Hearing**
19
   GGW DIRECT, LLC, a Delaware limited        Date:      September 26, 2013
20 liability company; GGW BRANDS, LLC, a      Time:      10:00 a.m.
   Delaware limited liability company; GGW    Place:     Courtroom 2
21 EVENTS, LLC, a Delaware limited liability             U.S. Bankruptcy Court
   company; MANTRA FILMS, INC., a                        District of Nevada
22 suspended Oklahoma corporation; BLUE                  Foley Federal Building
   HORSE TRADING, LLC, a California limited               300 Las Vegas Boulevard South
23 liability company; PEPE BUS, LLC, an inactive          Las Vegas, Nevada 89101
   Montana limited liability company; SANDS
24 MEDIA, INC., a revoked Nevada domestic
   corporation; JOSEPH R. FRANCIS, an
25 individual; DAVID R. HOUSTON, an
   individual; and DAVID R. HOUSTON, LTD., a
26 Nevada professional corporation, doing business
   as THE LAW OFFICE OF DAVID R.
27 HOUSTON,

                    Defendants.
28

145455.1
Settlement Agreement
Exhibit 9 of 11

1      Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") and R. Todd Neilson,

2  the chapter 11 trustee (the "Trustee") appointed in the respective bankruptcy estates of GGW

3  Direct, LLC ("GGW Direct"), GGW Events, LLC ("GGW Events"), GGW Magazine, LLC

4  ("GGW Magazine") and GGW Brands, LLC ("GGW Brands" and, together with GGW Direct,

5  GGW Events, and GGW Magazine, the "Debtors"), through their counsel of record, hereby

6  stipulate and agree as follows in accordance with the following facts and recitals:

7                              **RECITALS**

8      A.      On April 18, 2012, Wynn Las Vegas filed a complaint in the District Court of

9  Clark County, Nevada against GGW Direct, GGW Events, GGW Brands, Mantra Films, Inc.,

10  Blue Horse Trading, LLC, Pepe Bus, LLC, Sands Media, Inc., Joseph R. Francis, David R.

11  Houston, and David R. Houston, Ltd. thereby initiating the above-captioned action (the "Nevada

12  State Court Action"), which has been removed to this Court.  In the Nevada State Court Action,

13  Wynn Las Vegas has asserted a right to $1,846,578.28 being held in an IOLTA trust account (the

14  "Trust Funds") by Defendants David R. Houston and/or David R. Houston, Ltd. (collectively

15  "Houston").

16      B.      The Court has jurisdiction over the Trust Funds pursuant to the *Stipulation and*

17  *Proposed Order Regarding the Participation of David R. Houston, Esq. and David R, Houston,*

18  *Ltd. in Further Proceedings*, filed June 29, 2012 (the "Houston Stipulation") and the *Order*

19  *Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further*

20  *Proceedings*, dated July 12, 2012 and entered July 16, 2012 (the "Houston Order").  Copies of the

21  Houston Stipulation and the Houston Order are attached to this Stipulation as Exhibits A and B,

22  respectively.  In the Houston Stipulation, each of the parties to the Nevada State Court action

23  stipulate that the "right to possession of the Trust Funds is an issue to be determined by this court

24  in this action…."  Houston Stipulation ¶ 1.  The Houston Stipulation also provides, "Houston has

25  no beneficial interest in the Trust Funds or its proceeds.  Houston … will comply with such order

26  or judgments served upon Houston, whether or not Houston has been dismissed as a party."  *Id.* ¶

27  2; *see also* Houston Order ¶ 2.

28

1          C.        On February 27, 2013, each of the Debtors commenced voluntary chapter 11 cases

2 (the "California Bankruptcy Cases") in the United States Bankruptcy Court for the Central District

3 of California (the "California Bankruptcy Court").

4          D.        On March 21, 2013, Wynn Las Vegas filed a motion to appoint a chapter 11 trustee

5 in each of the California Bankruptcy Cases (the "Trustee Motion"), which was granted by orders

6 entered on April 11, 2013 in each of the California Bankruptcy Cases.  The United States Trustee

7 for the Central District of California appointed R. Todd Neilson as the chapter 11 trustee for each

8 of the Debtors in the California Bankruptcy Cases.  In the California Bankruptcy Cases, Wynn Las

9 Vegas asserts various claims against the Debtors (the "Wynn Claims").  The Trustee disputes

10 those claims.

11          E.        On March 26, 2013, the Debtors removed the Nevada State Court Action to the

12 United States Bankruptcy Court for the District of Nevada (the "Nevada Bankruptcy Court").

13          F.        On April 1, 2013, the Debtors filed a motion to transfer venue of the Nevada State

14 Court Action [Dkt. No. 4] (as amended, the "Venue Transfer Motions") from the Nevada

15 Bankruptcy Court to the California Bankruptcy Court.

16          G.        On April 10, 2013, Wynn Las Vegas filed its motion to remand the Nevada State

17 Court Action back to the Nevada State Court [Dkt. No. 11] (the "Remand Motion")..

18          H.        A hearing to consider both the Venue Transfer Motion and the Remand Motion was

19 scheduled to take place on May 8, 2013, beginning at 9:30 a.m.  Pursuant to a stipulation executed

20 by the Trustee and Wynn Las Vegas (collectively, the "Parties") and approved by the Nevada

21 Bankruptcy Court on April 30, 2013 [Dkt. No. 19], that hearing was continued to July 11, 2013, at

22 10:00 a.m. and then continued again to September 26, 2013, at 10:00 a.m. [Dkt. No. 21].

23          I.        The Parties have negotiated a consensual resolution to their disputes regarding the

24 Venue Transfer Motion and the Remand Motion, as well as the disputes in respect of the Wynn

25 Claims and the Trust Funds.  Accordingly, as part of a global settlement of their differences that

26 has been approved by the California Bankruptcy Court, the Parties have agreed that that they will

27 stipulate to the resolution set forth below.

28

1

**STIPULATION**

2

**NOW, THEREFORE, IT IS HEREBY STIPULATED** as follows:

3      1.      Houston shall immediately pay the Trustee $800,000 of the Trust Funds.  Houston

4 shall immediately pay the balance of the Trust Funds to Wynn Las Vegas, LLC.  The payment of

5 the balance of the Trust Funds to Wynn Las Vegas, LLC shall reduce the amount of the judgment

6 against Joseph R. Francis and in favor of Wynn Las Vegas, LLC on the judgment entered in *Wynn*

7 *Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.

8      2.      Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in

9 accordance with paragraph 1 of this Stipulation, Wynn Las Vegas dismisses, without prejudice,

10 Defendants GGW Brands, GGW Direct, and GGW Events from the Nevada State Court Action,

11 which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the California

12 Bankruptcy Cases or its claims against the other defendants in the Nevada State Court Action.

13 Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment to the

14 Trustee and Wynn Las Vegas in accordance with paragraph 1 is complete.

15      3.      Wynn Las Vegas will not attempt to add any of the Debtors or GGW Marketing,

16 LLC as parties in the Nevada State Court Action unless the California Bankruptcy Cases are

17 dismissed.

18      4.      Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in

19 accordance with paragraph 1 of this Stipulation, the Trustee, as successor to the Debtors,

20 withdraws the Venue Transfer Motions.  Counsel for Wynn Las Vegas shall prepare and lodge an

21 order resolving the Venue Transfer Motions when payment to the Trustee and Wynn Las Vegas in

22 accordance with paragraph 1 is complete.

23      5.      Effective upon payment of the Trust Funds to the Trustee and Wynn Las Vegas in

24 accordance with paragraph 1 of this Stipulation, the Trustee, as successor to the Debtors, consents

25 to the relief sought in the Remand Motion.  Counsel for Wynn Las Vegas shall prepare and lodge

26 an order granting the Remand Motion when payment to the Trustee and Wynn Las Vegas in

27 accordance with paragraph 1 is complete.

28

1      6.    The hearings on the Remand Motion and the Venue Transfer Motions, currently

2 scheduled to take place in the Court on September 26, 2013, at 10:00 a.m., should be taken off

3 calendar and adjourned.  All deadlines for opposition and reply papers associated therewith should

4 be cancelled.  In the event payment in in accordance with paragraph 1 of this Stipulation is not

5 completed by August 30, 2013 (unless the Parties agree to extend that date), the Parties will

6 contact the Court to reschedule briefing and hearing on the Remand Motion and the Venue

7 Transfer Motions.

8

9 Dated: August    , 2013            BROWNSTEIN HYATT FARBER SCHRECK, LLP

10                             By: _____

11                                  Mitchell J. Langberg

12                                  and

13 Dated: August __, 2013          PACHULSKI STANG ZIEHL & JONES LLP

14                             By: _____

15                                  Malhar S. Pagay

16                                  Attorneys for Wynn Las Vegas, LLC, d/b/a
Wynn Las Vegas

17

18 Dated: August __, 2013          KLEE, TUCHIN, BOGDANOFF & STERN, LLP

19                           By: _____

20                                  Michael L. Tuchin

21                                  Counsel for R. Todd Neilson, Chapter 11
Trustee for GGW Direct, LLC, GGW Brands,
LLC, GGW Events, LLC, and GGW
Magazine, LLC

22

23

24

25

26

27

28

145455.1  Settlement Agreement           4
Exhibit 9 of 11

# SETTLEMENT AGREEMENT
# EXHIBIT 10

David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
Matthew C. Heyn (State Bar No. 227474)
Jonathan M. Weiss (State Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:        dstern@ktbslaw.com
              mtuchin@ktbslaw.com
              mheyn@ktbslaw.com
              jweiss@ktbslaw.com

*Attorneys for R. Todd Neilson, Chapter 11
Trustee, and GGW Marketing, LLC*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC,<br>GGW DIRECT, LLC,<br>GGW EVENTS, LLC,<br>GGW MAGAZINE, LLC, and<br>GGW MARKETING, LLC,<br><br>        Debtors. | Jointly Administered<br>Under Case No. 2:13-bk-15130-SK<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT WITH WYNN LAS VEGAS, LLC AND STEPHEN A. WYNN** |
| This pleading affects:<br>All Debtors             ☒<br>GGW Brands, LLC    ☐<br>GGW Direct, LLC      ☐<br>GGW Events, LLC     ☐<br>GGW Magazine, LLC  ☐<br>GGW Marketing, LLC  ☐ | Judge:   Hon. Sandra R. Klein<br>Date:    August ___, 2013<br>Time:    _____<br>Place:   United States Bankruptcy Court<br>         255 E. Temple Street, Ctrm. 1575<br>         Los Angeles, CA 90012 |

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

145045.1    Settlement Agreement
Exhibit 10 of 11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

On May 1, 2013, this Court held a hearing on the *Motion for Approval of Settlement With Wynn Las Vegas, LLC and Stephen A. Wynn* [Docket No. __] (the "Motion") of GGW Marketing, LLC and R. Todd Neilson as chapter 11 trustee (the "Trustee").  Appearances at the hearing on the Motion are set forth on the record.

The Court has considered the Motion, [all objections to the Motion], the evidence presented in connection with the Motion, all other pleadings filed in the above-captioned jointly administered bankruptcy cases, and the argument of counsel in papers filed in connection with the Motion and at the hearing on the Motion.

Based on the Court's findings of fact and conclusions of law, it is hereby **ORDERED, ADJUDGED and DECREED:**

1.    The Motion is GRANTED in its entirety.  All objections to the Motion are hereby overruled.

2.    The Trustee and GGW Marketing, LLC are hereby authorized to enter into and take all actions they deem appropriate to consummate the Settlement Agreement dated as of June __, 2013 (the "Settlement Agreement")[1] by and between, on the one hand, (i) R. Todd Neilson, solely in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC; and (ii) GGW Marketing, LLC (together with GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC, the "Debtors"), and, on the other hand, (iii) Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn LV") and (iv) Stephen A. Wynn ("Mr. Wynn").

3.    <u>Nevada Marker Judgment.</u>  On account of the judgment in favor of Wynn LV in District Court of Clark County, Nevada Case No. A566286 ("Nevada Marker Judgment"),[2] Wynn LV shall be allowed a general unsecured claim in the amount of $3,543,412 (the "Marker Claim") subject to the following conditions and provisos:

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement

[2]    For clarity of reference, the Nevada Marker Judgment is Exhibit 1 to the Settlement Agreement.

145045.1    Settlement Agreement    1
Exhibit 10 of 11

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

(a)  Limited Subordination.  Any distribution that would otherwise be made on the Marker Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

(b)  Credit for Other Collections.  To the extent that Wynn LV collects funds from any source or party other than the Debtors on account of the Nevada Marker Judgment, Wynn LV shall be entitled to apply such funds, first, to the amount of the Nevada Marker Judgment in excess of the Marker Claim (the "Nevada Marker Judgment Excess Amount") and, after the Nevada Marker Judgment Excess Amount is paid in full, then the Marker Claim shall be reduced dollar-for-dollar by collections as if such collections had occurred on February 27, 2013 (the "Petition Date"); provided, however, that Wynn LV shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Wynn LV collects on the Nevada Marker Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Wynn LV receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.  Notwithstanding the foregoing, all sums paid to Wynn LV in accordance with the provisions of paragraphs 10 & 11 of this order shall be credited against the Nevada Marker Judgment and shall reduce the Marker Claim as provided in this subparagraph 3(b) as if the Nevada Marker Judgment Excess Amount had been paid in full.

(c)  Distributions Not Subject to Subordination.  Except as specifically provided in this paragraph 3, the Marker Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

4. <u>Wynn LV Nevada Defamation Judgment (General Unsecured).</u>  On account of the judgment in favor of Wynn LV in District Court of Clark County, Nevada Case No. A577548 (the "Wynn LV Nevada Defamation Judgment"),[3] Wynn LV shall be allowed a general unsecured claim in the amount of $2,354,856 (the "Wynn LV Defamation General Unsecured Claim") subject to the following conditions and provisos:

(a)    <u>Effect of Further Proceedings.</u>  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Nevada Defamation Judgment is finally determined (the "Wynn LV Final Nevada Defamation Judgment") to be less than $3,924,760.74 (the amount due and owing to Wynn LV on the Petition Date on account of the Wynn LV Nevada Defamation Judgment), then the Wynn LV Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation General Unsecured Claim prior to there being a Wynn LV Final Nevada Defamation Judgment, then Wynn LV shall return any distributions on account of the Wynn LV Defamation General Unsecured Claim that exceed the amount Wynn LV would have received had the Wynn LV Final Nevada Defamation Judgment existed on the Petition Date.

(b)    <u>Limited Subordination.</u>  Any distribution that would otherwise be made on the Wynn LV Defamation General Unsecured Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

(c)    <u>Credit for Other Collections.</u>  To the extent that Wynn LV collects from any source or party other than the Debtors on the Wynn LV Nevada Defamation Judgment,

---

[3]    For clarity of reference, the Wynn LV Nevada Defamation Judgment is Exhibit 2 to the Settlement Agreement.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Wynn LV shall be entitled to apply such funds, first, to the amount of the Wynn LV Nevada Defamation Judgment in excess of the Wynn LV Defamation General Unsecured Claim (the "Wynn LV Nevada Defamation Judgment Excess Amount") and, after the Wynn LV Nevada Defamation Judgment Excess Amount is paid in full, then the Wynn LV Defamation General Unsecured Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Wynn LV shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Wynn LV collects on the Wynn LV Nevada Defamation Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Wynn LV receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

(d)    Distributions Not Subject to Subordination.    Except as specifically provided in this paragraph 4, the Wynn LV Defamation General Unsecured Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

5.    Wynn LV Nevada Defamation Judgment (Subordinated).    On account of the Wynn LV Nevada Defamation Judgment, Wynn LV shall be allowed a general unsecured claim subordinated to all other allowed general unsecured claims whose allowed claims are not otherwise subordinated in the amount of $1,177,428 (the "Wynn LV Defamation Subordinated Claim") subject to the following conditions and provisos:

(a)    Effect of Further Proceedings.    If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Final Nevada Defamation Judgment is less than $3,924,760.74, then the Wynn LV Defamation Subordinated Claim shall be reduced to an amount equal to 30% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation Subordinated Claim prior to there being a Wynn LV Final Nevada Defamation Judgment,

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    then Wynn LV shall return any distributions on account of the Wynn LV Defamation

2    Subordinated Claim that exceed the amount Wynn LV would have received had the Wynn

3    LV Final Nevada Defamation Judgment existed on the Petition Date.

4        (b)    Limited Subordination.  Any distribution that would otherwise be made on

5    the Wynn LV Defamation Subordinated Claim shall instead be made to the respective

6    Debtors' allowed general unsecured creditors whose claims are not otherwise

7    subordinated.  Once Debtors' allowed general unsecured creditors whose claims are not

8    otherwise subordinated have been paid in full, distributions to Wynn LV shall be made

9    without regard to the provisions of this subparagraph.

10        (c)    Distributions Not Subject to Subordination.  Except as specifically provided

11    in this paragraph 5, the Wynn LV Defamation Subordinated Claim shall not be otherwise

12    subordinated.

13    6.    Stephen Wynn Nevada Defamation Judgment (General Unsecured).  On account of

14    the judgment in favor of Mr. Wynn in District Court of Clark County, Nevada Case No. A577548

15    (the "Stephen Wynn Nevada Defamation Judgment"),[4] Mr. Wynn shall be allowed a general

16    unsecured claim in the amount of $2,354,856 (the "Stephen Wynn Defamation General Unsecured

17    Claim") subject to the following conditions and provisos:

18        (a)    Effect of Further Proceedings.  If, after all appeals, retrials, and further

19    proceedings have fully and finally concluded, the Stephen Wynn Nevada Defamation

20    Judgment is finally determined (the "Stephen Wynn Final Nevada Defamation Judgment")

21    to be less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the Petition Date

22    on account of the Stephen Wynn Nevada Defamation Judgment), then the Stephen Wynn

23    Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the

24    Stephen Wynn Final Nevada Defamation Judgment.  If any distribution has been made on

25    account of the Stephen Wynn Defamation General Unsecured Claim prior to there being a

26

27    ────────────────
     [4]    For clarity of reference, the Stephen Wynn Nevada Defamation Judgment is Exhibit 2 to the
     Settlement Agreement.

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return any

2    distributions on account of the Stephen Wynn Defamation General Unsecured Claim that

3    exceed the amount Mr. Wynn would have received had the final disposition of the Stephen

4    Wynn Final Nevada Defamation Judgment existed on the Petition Date.

5    (b)    Limited Subordination.  Any distribution that would otherwise be made on

6    the Stephen Wynn Defamation General Unsecured Claim out of the first $400,000 to be

7    distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per

8    Debtor) shall instead be made to the respective Debtors' other allowed general unsecured

9    creditors; provided, however, that this subordination shall not apply as to any insider of the

10   Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

11   (c)    Credit for Other Collections.  To the extent that Mr. Wynn collects from

12   any source or party other than the Debtors on the Nevada Defamation Judgment, Mr.

13   Wynn shall be entitled to apply such funds, first, to the amount of the Stephen Wynn

14   Nevada Defamation Judgment in excess of the Stephen Wynn Defamation General

15   Unsecured Claim (the "Stephen Wynn Nevada Defamation Judgment Excess Amount")

16   and, after the Stephen Wynn Nevada Defamation Judgment Excess Amount is paid in full,

17   then the Stephen Wynn Defamation General Unsecured Claim shall be reduced dollar-for-

18   dollar by such collections as if such collections had occurred on the Petition Date;

19   provided, however, that Mr. Wynn shall not be required to reimburse the Debtors or any of

20   them if, after receiving a distribution from the Debtors or their estates, Mr. Wynn collects

21   on the Stephen Wynn Nevada Defamation Judgment from any source or party other than

22   the Debtors; and provided further that any distributions occurring after Mr. Wynn receives

23   such other collections shall be adjusted so that the sum of all distributions shall be the

24   same as if the other collections had occurred on the Petition Date.

25   (d)    Distributions Not Subject to Subordination.  Except as specifically provided

26   in this paragraph 6, the Stephen Wynn Defamation General Unsecured Claim shall be

27   treated as an allowed general unsecured claim and shall be entitled to share in any

28

1    distributions from the Debtors or their estates in the same manner as any other allowed

2    general unsecured claim.

3    7.    Stephen Wynn Nevada Defamation Judgment (Subordinated).  On account of the

4    Stephen Wynn Nevada Defamation Judgment, Mr. Wynn shall be allowed a general unsecured

5    claim subordinated to all other allowed general unsecured claims whose allowed claims are not

6    otherwise subordinated in the amount of $1,177,428 (the "Stephen Wynn Defamation

7    Subordinated Claim") subject to the following conditions and provisos:

8    (a)    Effect of Further Proceedings.  If, after all appeals, retrials, and further

9    proceedings have fully and finally concluded, the Stephen Wynn Final Nevada Defamation

10   Judgment is less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the

11   Petition Date on account of the Stephen Wynn Nevada Defamation Judgment), then the

12   Stephen Wynn Defamation Subordinated Claim shall be reduced to an amount equal to

13   30% of the Stephen Wynn Final Nevada Defamation Judgment.  If any distribution has

14   been made on account of the Stephen Wynn Defamation Subordinated Claim prior to there

15   being a Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return

16   any distributions on account of the Stephen Wynn Defamation Subordinated Claim that

17   exceed the amount Mr. Wynn would have received had the final disposition of the Stephen

18   Wynn Final Nevada Defamation Judgment existed on the Petition Date.

19   (b)    Limited Subordination.  Any distribution that would otherwise be made on

20   the Stephen Wynn Defamation Subordinated Claim shall instead be made to the respective

21   Debtors' general unsecured creditors whose allowed claims are not otherwise

22   subordinated.  Once Debtors' general unsecured creditors whose allowed claims are not

23   otherwise subordinated have been paid in full, distributions to Mr. Wynn shall be made

24   without regard to the provisions of this subparagraph.

25   (c)    Distributions Not Subject to Subordination.  Except as specifically provided

26   in this paragraph 7, the Stephen Wynn Defamation Subordinated Claim shall not be

27   otherwise subordinated.

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

8.    <u>California Slander Judgment.</u>  On account of the judgment in favor of Mr. Wynn in Los Angeles County, California Superior Court Case No. BC438884 (the "California Slander Judgment"),[5] Mr. Wynn shall be allowed a general unsecured claim in the amount of $17,470,110 (the "California Slander Claim") subject to the following conditions and provisos:

(a)    <u>Effect of Further Proceedings.</u>  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the California Slander Judgment is finally determined (the "Final California Slander Judgment") to be less than $19,411,232.92 (the amount due and owing to Mr. Wynn on the Petition Date on account of the California Slander Judgment), then the California Slander Claim shall be reduced to an amount equal to 90% of the Final California Slander Judgment.  If any distribution has been made on account of the California Slander Claim prior to there being a Final California Slander Judgment, then Mr. Wynn shall return any distributions on account of the California Slander Claim that exceed the amount Mr. Wynn would have received had the Final California Slander Judgment existed on the Petition Date.

(b)    <u>Limited Subordination.</u>  Any distribution that would otherwise be made on the California Slander Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

(c)    <u>Credit for Other Collections.</u>  To the extent that Mr. Wynn collects from any source or party other than the Debtors on the California Slander Judgment, Mr. Wynn shall be entitled to apply such funds, first, to the amount of the California Slander Judgment in excess of the California Slander Claim (the "California Slander Judgment Excess Amount") and, after the California Slander Judgment Excess Amount is paid in

---

[5]    For clarity of reference, the California Slander Judgment is Exhibit 7 to the Settlement Agreement.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

full, then the California Slander Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Mr. Wynn shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Mr. Wynn collects on the California Slander Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Mr. Wynn receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

(d)  Distributions Not Subject to Subordination.  Except as specifically provided in this paragraph 8, the California Slander Judgment Claim shall be treated as a general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

9.  Single Satisfaction.  Although Wynn LV and/or Mr. Wynn are being provided with allowed general unsecured claims against each of the Debtors, in no event is either Wynn LV or Mr. Wynn entitled to more than a single satisfaction.  For avoidance of doubt, the aggregate of all distributions to Wynn LV and/or Mr. Wynn on account of each of the allowed claims provided in paragraphs 3 through 8 of this order, inclusive, shall not exceed the amount of such allowed claims.  Further, in the event that some or all of the Debtors' bankruptcy estates are substantively consolidated, then as to the resulting consolidated bankruptcy estate, the allowed claims provided to Wynn LV and Mr. Wynn shall each be allowed only once in such consolidated bankruptcy estate.

10.  Payment of Trust Funds.  Based on the Settlement Agreement, which the Court finds is reasonable, $800,000 of the $1,846,578.28 held by David R. Houston or David R. Houston, Ltd. in their client trust account (the "Trust Funds") is hereby determined to be property of the Debtors' bankruptcy estates.  The Trustee shall receive such portion of the Trust Funds on behalf of all the Debtors.  This Court reserves jurisdiction to determine to which estate or estates such money is allocable.  The Court hereby determines that the balance of the Trust Funds and

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1    should be paid to Wynn LV and credited against the Nevada Marker Judgment and reduce the

2    Marker Claim as provided in paragraph 3(b) of this order.

3        11.    Priority Claim.  Wynn LV shall have an allowed, non-interest bearing

4    administrative expense (the "Priority Claim") in the amount of $250,000 against the Debtor that

5    this Court determines is the owner of the Trust Funds.  If this Court determines that the Trust

6    Funds are property of several Debtors' bankruptcy estates, then the Priority Claim shall be

7    allocated amongst the Debtors' bankruptcy estates proportionate with the allocation of the Trust

8    Funds.  The Priority Claim shall be entitled to be paid ahead of all claims and administrative

9    expenses of the Debtors and their estates except for amounts allowed under 11 U.S.C. § 503(b)(2).

10   Any amounts paid to Wynn LV on account of the Priority Claim shall be credited against the

11   Nevada Marker Judgment and shall reduce the Marker Claim as provided in paragraph 3(b) of this

12   order.

13       12.    No Other Claims.  Wynn LV and Mr. Wynn shall have no other only claims or

14   rights to payment against Debtors or their bankruptcy estates other than as set forth in this order.

15       13.    Effective Date.  If the Effective Date under the Settlement Agreement does not

16   occur on or before August 30, 2013 (or such later date as the Trustee, GGW Marketing, LLC

17   Wynn LLV and Mr. Wynn agree to), the Trustee, GGW Marketing, LLC, Wynn LV, or Mr. Wynn

18   may vacate this order by filing a declaration establishing that the Effective Date has not timely

19   occurred and uploading an order vacating this order.

20                                        * * *

21

22

23

24

25

26

27

28

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

# SETTLEMENT AGREEMENT
# EXHIBIT 11

1

2

3

4

5

6

7

8

9

10  Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
    Laura F. Bielinski, Esq., Nevada Bar No. 10516
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
11  100 North City Parkway, Suite 1600
    Las Vegas, Nevada 89106
12  mlangberg@bhfs.com
    lbielinski@bhfs.com
13  Telephone:   (702) 382-2101
    Facsimile (702) 383-8135
14
            and
15
    MALHAR S. PAGAY (CA BAR NO. 189289) (*pro hac vice* pending)
16  PACHULSKI STANG ZIEHL & JONES LLP
    10100 Santa Monica Blvd., 13th Floor
17  Los Angeles, California  90067
    Telephone:     310/277-6910
18  Facsimile:     310/201-0760
    Email:         mpagay@pszjlaw.com
19                 jfried@pszjlaw.com

20  Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

21                 **UNITED STATES BANKRUPTCY COURT**

22                      **DISTRICT OF NEVADA**

| | |
|---|---|
| 23  In re: | Adversary Case No.: 13-01050-MKN |
| 24  WYNN LAS VEGAS LLC d/b/a/ WYNN LAS VEGAS, a Nevada limited liability company, | Chapter 11 |
| 25                                 Plaintiff, | **ORDER APPROVING STIPULATION REGARDING RESOLUTION OF REMOVED ACTION** |
| 26                      vs. | |
| 27  GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a | |
| 28 | |

145456.1    Settlement Agreement
             Exhibit 11 of 11

|   |   |
|---|---|
| 1 | Delaware limited liability company; GGW |
| 2 | EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a |
| 3 | suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited |
| 4 | liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS |
| 5 | MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an |
| 6 | individual; DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a |
| 7 | Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. |
| 8 | HOUSTON, |
| 9 | Defendants. |

**Hearing**

| | |
|---|---|
| Date: | September 26, 2013 |
| Time: | 10:00 a.m. |
| Place: | Courtroom 2 |
| | U.S. Bankruptcy Court |
| | District of Nevada |
| | Foley Federal Building |
| | 300 Las Vegas Boulevard South |
| | Las Vegas, Nevada 89101 |

On August __, 2013, the *Stipulation Regarding Resolution of Removed Action* [Docket No. __] (the "Stipulation")[1] was filed by Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas").  The Court has reviewed and considered the Stipulation.  Based on that review and consideration, the Court finds that (1) the Court has jurisdiction to consider the Stipulation and, pursuant to the *Stipulation and Proposed Order Regarding the Participation of David R. Houston, Esq. and David R, Houston, Ltd. in Further Proceedings*, filed June 29, 2012 and *Order Regarding the Participation of David R. Houston, Esq. and David R. Houston, Ltd. in Further Proceedings*, dated July 12, 2012 and entered July 16, 2012, it has jurisdiction over $1,846,578.28 being held by in an IOLTA trust account (the "Trust Funds") by Defendants David R. Houston, Esq. and/or David R. Houston, Ltd. (collectively, "Houston"), (2) the relief requested in the Stipulation is reasonable, appropriate, and in the best interests of the parties, (3) notice of the Stipulation was adequate and appropriate under the circumstances and no other notice need be given, and (4) other good and sufficient cause exists for approving the Stipulation, which is fully consensual between the parties.

**THEREFORE, IT IS HEREBY ORDERED** that:

1.        The Stipulation is APPROVED in its entirety.

2.        Houston shall immediately pay the Trustee $800,000 of the Trust Funds.  Houston shall immediately pay the balance of the Trust Funds to Wynn Las Vegas, LLC.  The payment of the balance of the Trust Funds to Wynn Las Vegas shall reduce the amount of the judgment against Joseph R. Francis and in favor of Wynn Las Vegas on the judgment entered in *Wynn Las Vegas, LLC v. Francis*, Clark County, Nevada Case No. A566286.

3.        Upon payment to the Trustee and Wynn Las Vegas in accordance with paragraph 2 of this Order, Defendants GGW Brands, LLC, GGW Direct, LLC, and GGW Events, LLC are hereby dismissed, without prejudice, from the above-captioned action (the "Nevada State Court Action"), which dismissal shall be without prejudice to any of Wynn Las Vegas' claims in the

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

California Bankruptcy Cases or to its claims against the other defendants to the Nevada State Court Action.  Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment in accordance with paragraph 2 is complete.

4.    Wynn Las Vegas shall not attempt to add any of the Debtors or GGW Marketing, LLC as parties in the Nevada State Court Action unless the California Bankruptcy Cases are dismissed.

5.    Upon payment to the Trustee and Wynn Las Vegas in accordance with paragraph 2 of this Order, the Debtors' *Motion to Transfer Venue* [Dkt. No. 4] and *Amended Motion to Transfer Venue* [Dkt. No. 11] shall be deemed withdrawn.  Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment in accordance with paragraph 2 is complete.

6.    Upon payment to the Trustee and Wynn Las Vegas in accordance with paragraph 2 of this Order, Wynn Las Vegas's *Motion to Remand the Removed Nevada Action Back to Nevada State Court* [Dkt. No. 15] ("Remand Motion") shall be granted, and the Nevada State Court Action shall consequently be remanded back to the District Court for Clark County, Nevada. Counsel for Wynn Las Vegas shall prepare and lodge an order to that effect when payment in accordance with paragraph 2 is complete.

7.    The hearings on the Remand Motion and the Venue Transfer Motions, currently scheduled to take place in this Court on September 26, 2013, at 10:00 a.m., are hereby taken off calendar and adjourned.  All deadlines for opposition and reply papers associated therewith are cancelled.  In the event payment in in accordance with paragraph 2 of this Order is not completed by August 30, 2013 (unless the Trustee and Wynn Las Vegas extend that date), the parties are directed to contact the Court to reschedule briefing and hearing on the Remand Motion and the Venue Transfer Motions.

8.    This Order shall be effective immediately upon entry.

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐    The Court waived the requirement of approval under LR 9021.

☐    This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond as indicated below:

☒    This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I have certified that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

APPROVED   /   DISAPPROVED

Dated: August __, 2013

_____
Michael L. Tuchin
KLEE, TUCHIN, BOGDANOFF & STERN LLP
*Attorneys for R. Todd Neilson, chapter 11 Trustee*

Submitted by:

_____
Mitchell J. Langberg, Esq.
Laura F. Bielinski, Esq.
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
mlangberg@bhfs.com
lbielinski@bhfs.com
Telephone: (702) 382-2101
Facsimile: (702) 383-8135

        and

145456.1   Settlement Agreement                3
           Exhibit 11 of 11

Malhar S. Pagay (CA Bar No. 189289) (*pro hac vice* pending)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
mpagay@pszjlaw.com
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28