1  Kenneth E. Lyon, III
   Nevada Bar Number 7071
2  Law Offices of Kenneth E. Lyon, III
   10389 Double R Blvd
3  Reno, Nevada  89521
   Telephone:  (775) 398-5800
4  Facsimile: (775) 398-5801

5

   Attorney for
6  GGW GLOBAL BRANDS, INC.

7              UNITED STATES BANKRUPTCY COURT

8                   DISTRICT OF NEVADA

9

10 In re                                          Adv Proc.: 13-01050-MMN

11 GGW BRANDS, LLC *et al.*                       Chapter 11

12         Debtors.

13

14 WYNN LAS VEGAS LLC dba WYNN LAW
   VEGAS, a Nevada limited liability company      GGW GLOBAL BRANDS, INC.
                                                  OPPOSITION TO MOTION FOR ORDER
15          Plaintiff, Counterclaim               APPROVING STIPULATION REGARDING
            Defendant                             RESOLUTION OF REMOVED ACTION
16
17        v.                                      **Hearing:**

   GGW DIRECT, LLC, a Delaware limited
18 liability company; GGW BRANDS, LLC, a          Date:    August 28, 2013
   Delaware limited liability company; GGW        Time:    9;30 a.m.
19 EVENTS, LLC, a Delaware limited liability      Place:   Courtroom 2
   company; MANTRA FILMS, INC.,  a                         US Bankruptcy Court
20 suspended Oklahoma corporation; BLUE                    District of Nevada
   HORSE TRADING, LLC, a California limited                Foley Federal Building
21 liability company; PEPE BUS, LLC, an                    300 Las Vegas Boulevard South
   inactive Montana limited liability company;            Las Vegas, NV  989101
22 SANDS MEDIA, INC., a revoked Nevada
   domestic corporation; JOSEPH R. FRANCIS,
23 an individual; DAVID R. HOUSTON, an
   individual; and DAVID R. HOUSTON, LTD.,
24 a Nevada professional corporation, doing
   business as THE LAW OFFICE OF DAVID
25 R. HOUSTON,

26          Defendants

27 *Caption continued*

28

| | |
|---|---|
| 1 | GGW GLOBAL BRANDS, INC., as successor in interest of certain assets of PEPE BUS, LLC |
| 2 | |
| 3 | Counterclaimant and<br>Crossclaimant |
| 4 | |
| | v. |
| 5 | |
| | WYNN LAS VEGAS LLC d/b/a WYNN LAS |
| 6 | VEGAS |
| 7 | Counterclaim Defendant |
| 8 | *-and-* |
| 9 | GGW DIRECT, LLC; GGW BRANDS, LLC;<br>and GGW EVENTS, LLC |
| 10 | Crossclaim Defendants |
| 11 | |

GGW GLOBAL BRANDS, INC., as successor in interest of certain assets of PEPE BUS, LLC, hereby files the following Opposition to the Motion for Order Approving Stipulation Regarding Resolution of Removed Action (Docket No. 23):

**I.    SUMMARY OF PROCEEDINGS**

GGW GLOBAL BRANDS, INC. incorporates by reference the Procedural Background contained with the Motion for Order Approving Stipulation Regarding Resolution of Removed Action (Docket No. 23).

PEPE BUS, LLC, although a named Defendant in the underlying action, was never served with a Summons or a copy of the Complaint. GGW GLOBAL BRANDS, INC., by operation of an Assignment from PEPE BUS, LLC, is successor in interest to PEPE BUS, LLC with respect to the funds in the trust account of HOUSTON which are at issue in the underlying litigation.

Concurrently with the filing of this Opposition, GGW GLOBAL BRANDS, INC. has filed an Answer, Counterclaim and Crossclaim in the underlying litigation in which it makes claim to all funds in the trust account of HOUSTON which are at issue in the underlying litigation.

## II.    ARGUMENT

As part of the proposed Resolution of Removed Action which this court has been asked to approve, WYNN LAS VEGAS, GGW DIRECT, LLC, GGW BRANDS, LLC and GGW EVENTS, LLC are agreeing to a division and distribution among them of the funds held in the HOUSTON trust fund account.

GGW GLOBAL BRANDS, INC., which has filed claims to those funds as part of its Answer, Counterclaim and Crosscomplaint has not agreed to such division of its funds and does not agree to such division.

It is axiomatic, that less than all of the parties to litigation cannot settle the litigation by agreeing to divide up amongst themselves funds to which another party to the litigation has an active claim pending in the litigation.

## III.    CONCLUSION

This Court must deny the Motion for Resolution of Removed Action to the extent that it seeks to divide the funds contained in the HOUSTON trust account as the claims of GGW GLOBAL BRANDS, INC. to those funds have not yet been adjudicated and GGW GLOBAL BRANDS, INC. has not agreed to the proposed settlement.

DATED: August 14, 2013

By:    /S/  KENNETH E. LYON, III

Attorney for GGW GLOBAL BRANDS, INC.

**CERTIFICATE OF SERVICE**

1.  On August 14 and on August 15, 2013 I served the following document:

    GGW GLOBAL BRANDS, INC. OPPOSITION TO MOTION FOR ORDER
    APPROVING STIPULATION REGARDING RESOLUTION OF REMOVED
    ACTION

2.  I served the above-named document by the following means to the persons listed

    below:

    X☐        ECF System

    X☐        United States mail, postage fully prepaid

              Mitchell J. Langberg, Esq.
              Brownstein Hyatt Farber Schreck LLP
              100 North City Parkway, Suite 1600
              Las Vegas, NV  89106

              Malhar S. Pagay, Esq.
              Pachulski Stang Ziehl & Jones LLP
              10100 Santa Monica Blvd., 13th Floor
              Los Angeles, CA  90067

              Robert M. Yaspan, Esq.
              21700 Oxnard St., Ste. 1750
              Woodland Hills, California

              David R. Grundy, Esq.
              LEMONS, GRUNDY & EISENBERG
              6005 Plumas Street, Third Floor
              Reno, Nevada 89509

              Andre M. Lagomarsino, Esq.
              PARKER SCHEER LAGOMARSINO LLP
              9555 South Eastern Avenue, Suite 210
              Las Vegas, NV  89123

              David M. Stern, Esq.
              KLEE TUCHIN BOGDANOFF & STERN LLP
              1999 Avenue of the Stars, Thirty-Ninth Floor
              Los Angeles, CA  89123

    I declare under penalty of perjury the foregoing is correct and true.

                                        /s/  Kenneth E. Lyon, III

**OPPOSITION TO MOTION**