1    Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
     Laura F. Bielinski, Esq., Nevada Bar No. 10516
2    BROWNSTEIN HYATT FARBER SCHRECK, LLP
     100 North City Parkway, Suite 1600
3    Las Vegas, Nevada 89106
     mlangberg@bhfs.com
4    lbielinski@bhfs.com
     Telephone:   (702) 382-2101
5    Facsimile     (702) 383-8135

6         and

7    MALHAR S. PAGAY, ESQ. (CA BAR NO. 189289)
     (*pro hac vice* pending)
8    PACHULSKI STANG ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 13th Floor
9    Los Angeles, California  90067
     mpagay@pszjlaw.com
10   Telephone:   (310) 277-6910
     Facsimile:    (310) 201-0760

11

12   Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas

13              **UNITED STATES BANKRUPTCY COURT**

14                 **DISTRICT OF NEVADA**

15   In re:                                Adversary Case No.: 13-01050-MMN

16   WYNN LAS VEGAS LLC d/b/a/ WYNN LAS     Chapter 11
     VEGAS, a Nevada limited liability company,
17                                          **REPLY RE:  MOTION FOR ORDER
                        Plaintiff,          APPROVING STIPULATION
18                                          REGARDING RESOLUTION OF
                vs.                         REMOVED ACTION**
19
     GGW DIRECT, LLC, a Delaware limited    **[Request for Judicial Notice and Declaration
20   liability company; GGW BRANDS, LLC, a   of Malhar Pagay filed separately]**
     Delaware limited liability company; GGW
21   EVENTS, LLC, a Delaware limited liability  **Hearing**
     company; MANTRA FILMS, INC., a
22   suspended Oklahoma corporation; BLUE    Date:     August 28, 2013
     HORSE TRADING, LLC, a California limited  Time:     9:30 a.m.
23   liability company; PEPE BUS, LLC, an inactive  Place:    Courtroom 2
     Montana limited liability company; SANDS         U.S. Bankruptcy Court
24   MEDIA, INC., a revoked Nevada domestic          District of Nevada
     corporation; JOSEPH R. FRANCIS, an              Foley Federal Building
25   individual; DAVID R. HOUSTON, an                300 Las Vegas Boulevard South
     individual; and DAVID R. HOUSTON, LTD., a       Las Vegas, Nevada 89101
26   Nevada professional corporation, doing business
     as THE LAW OFFICE OF DAVID R.
27   HOUSTON,

28                        Defendants.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas"), hereby replies (the "Reply") to *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action* [Docket No. 28] (the "Opposition"), filed by non-party GGW Global Brands, Inc. ("Global Brands"), and in support of Wynn Las Vegas's *Motion for Order Approving Stipulation Regarding Resolution of Removed Action; Memorandum of Points and Authorities in Support Thereof* [Docket No. 23] (the "Motion").[1]  In support of this Reply, Wynn Las Vegas states as follows:

## I.

### Preliminary Statement

By the Motion, Wynn Las Vegas seeks an administrative order from this Court to approve a stipulation.  The stipulation implements certain conditions of a Settlement Agreement among Wynn Las Vegas, the chapter 11 trustee appointed in four cases (the "Trustee") and a debtor in possession (GGW Marketing, LLC, hereinafter "GGW Marketing") in another case, all jointly administered and pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").  The stipulation relates to the disposition of certain funds (referred to as Trust Funds) that are under the jurisdiction of this Court as a result of the removal of this proceeding by four of the California debtors prior to the appointment of the Trustee.  The Settlement Agreement, including the division and disposition of the Trust Funds described in the Motion, already has been approved by the Honorable Sandra Klein of the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013.  The proceedings before Judge Klein relating to the motion for approval of the Settlement Agreement (the "Settlement Approval Motion") were extensive, fully briefed and argued and resulted in the California Bankruptcy Court's issuance of extensive findings of fact and conclusions of law.[2]  Accordingly, the relief sought in the instant Motion is purely ministerial in nature.

Global Brands had ample opportunity to litigate its purported interest in the Trust Funds in the proceedings before the California Bankruptcy Court on the Settlement Approval Motion and

---

[1]  Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

[2]  *See* Request for Judicial Notice ("RFJN"), at **Exs. A** and **D**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:270400.4 93837/001

actually did so.  Global Brands filed a written opposition to the Settlement Approval Motion in the California Bankruptcy Court[3] and appeared at the August 7 hearing through its counsel, as did two creditors.[4]  In the California Bankruptcy Court proceedings, Global Brands made the same arguments that it is making here:  that, as the purported assignee of one of Joe Francis' defunct entities, Pepe Bus, LLC ("Pepe Bus"), Global Brands asserts an interest in the funds to be disbursed pursuant to the Settlement Agreement and does not consent to the contemplated disposition of the funds.  However, as here, Global Brands furnished no evidence to Judge Klein to support a claim of itself or Pepe Bus to the Trust Funds.  Instead, the evidence before the California Bankruptcy Court on this point eliminated any finding of Global Brands having any interest in the Trust Funds.[5]  Based on the foregoing, the California Bankruptcy Court rejected Global Brands' arguments and approved the Settlement Agreement.

Only *after* the California Bankruptcy Court considered and rejected Global Brands' argument in rendering its ruling on the Settlement Agreement did Global Brands file a skeletal "Answer, Counterclaim and Crossclaim" (the "Answer") in this proceeding, asserting ownership in the Trust Funds.  Even though Pepe Bus is a defunct entity (as were defendants Mantra Films, Inc., and Sands Media, Inc.) Wynn Las Vegas actually served the Complaint months earlier on Pepe Bus's sole manager and member, Joe Francis, who also controls Global Brands,[6] so it cannot credibly be argued that Global Brands was not aware of this proceeding.  Also, the existence of this litigation was well-publicized.[7]   Global Brands could have sought to intervene in this proceeding in a timely manner, but failed to do so.  The Opposition and the Answer constitute an impermissible collateral attack on the California Bankruptcy Court's order approving the Settlement Agreement and should be disregarded.  If Global Brands takes issue with the California Bankruptcy Court's ruling regarding

---

[3]  *Id.* at **Ex. B** ("Brands Settlement Opp.").

[4]  *See* Declaration of Malhar S. Pagay (the "Pagay Decl."), at **Ex. G**.
[5]  *See* RFJN, at **Ex. C** (Declaration of Matthew C. Heyn ("Heyn Decl.") ¶ 6; Ex. Z).

[6]  On May 24, 2013, Joe Francis (in the capacity of President of Global Brands) filed a Certificate of Revocation of Voluntary Dissolution on behalf of Global Brands with the State of Delaware Secretary of State.  *See* RFJN, **Ex. F**.
[7]  Heyn Decl. ¶ 7, Ex. ZZ.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:270400.4 93837/001

1  the Settlement Approval Motion, Global Brands' remedy is to appeal such ruling, not attempt to re-

2  litigate its position before another court and seek a different ruling on the merits of the settlement.

3          The Settlement Agreement was thoroughly negotiated and resolves what otherwise would be

4  costly and time-consuming litigation among the Trustee, Wynn Las Vegas, and Stephen Wynn.

5  Effectiveness of the Settlement Agreement is expressly conditioned upon this Court's approval of

6  the Stipulation by August 30, 2013, and the prompt distribution of the Trust Funds thereafter.  The

7  California Bankruptcy Court has entered an order approving the Settlement Agreement and that

8  order has not been stayed.[8]  Accordingly, Global Brands' attempt to assert an estopped and

9  unsubstantiated claim to the Trust Funds at this juncture in order to block the parties' ability to

10  perform the terms of their compromise should not be permitted.

**II.**

**Background**

13          Joe Francis's pattern of using sham corporate entities to shield assets from creditors while, in

14  fact, maintaining complete control and use of those assets is a well-documented fact.  In the

15  California Bankruptcy Court proceedings regarding the appointment of the Trustee, an extensive

16  factual record was developed on this point.  In lieu of a lengthy exposition of this background, a

17  transcript of the hearing at which the California Bankruptcy Court found the existence of cause to

18  appoint the Trustee is filed herewith.[9]  The sudden emergence at this time of another of Francis's

19  puppet entities, Global Brands, in an effort to block the Settlement Agreement, is a further example

20  of Francis's attempts to shield his assets from Wynn Las Vegas and his other legitimate creditors and

21  to thwart the efforts of the Trustee to investigate claims that the Debtors' estates he administers may

22  have against Francis and his other related entities.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[8] On August 9, 2013, the California Bankruptcy Court entered its *Order Denying Oral Motions to Stay Order Granting Motion for Approval of Settlement with Wynn Las Vegas, LLC and Stephen A. Wynn Pending Appeal* [Docket # 295], denying motions by Global Brands and two other objecting parties for a stay of the court's order granting the Settlement Approval Motion (the "Settlement Approval Order") pending appeal. On August 15, 2013, one objecting party, Tamara Favazza, filed a Notice of Appeal [Docket # 303] of the Settlement Approval Order.
[9]  *See* Pagay Decl., at **Ex. H**.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## III.

### The Opposition and Answer Are Impermissible Collateral Attacks on the California Bankruptcy Court's Order Approving the Settlement Agreement

Global Brands contends that the Stipulation cannot be approved because Global Brands has now filed a "counterclaim" in this adversary proceeding and has not consented to the proposed division and distribution of the Trust Funds pursuant to the Settlement Agreement.[10] Global Brands alleges without any evidentiary support that all funds held in bank accounts controlled by Houston previously were owned by Pepe Bus, and that Global Brands, pursuant to an "Assignment" from Pepe Bus, is successor in interest to all such funds.[11] However, the instant Motion seeks only the ministerial relief of implementing the terms of the Settlement Agreement as to the Trust Funds. The substantive dispute as to the parties' rights to determine the disposition of the Trust Funds already was litigated and resolved by the California Bankruptcy Court as a predicate to its approval of the Settlement Agreement itself.

A "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." *Montana v. United States*, 440 U.S. 147, 153 (1979). Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Montana*, 440 U.S. at 153.

In the Ninth Circuit, *res judicata* or claim preclusion provides that a "final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action." *Rein v. Providian Financial Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001) (citing *In re Baker*, 74 F.3d 906 (9th Cir. 1996)); *see also Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L. Ed. 2d 308 (1980); *In re Kelley*, 199 B.R. 698, 702 (9th Cir. BAP 1996). Res judicata is appropriate when: (a) the parties are identical or in privity; (b) the judgment in the prior action was rendered by a court of competent jurisdiction; (c) there was final judgment on

---

[10] Opposition at 3.

[11] *See* Answer at ¶¶ 7 & 8.

the merits; and (d) the same claim or cause of action was involved in both suits.  *Rein*, 270 F.3d at 899 (citations omitted); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 503 (9th Cir. BAP 2003).

The applicability of collateral estoppel, or issue preclusion, is determined by: (a) whether the issues presented are in substance the same in the present and prior litigation; (b) whether controlling facts or legal principles have changed significantly since the prior judgment; and (c) whether other special circumstances warrant an exception to the normal rules of preclusion.  *Universal Life Church v. United States (In re Universal Life Church, Inc.)*, 128 F.3d 1294, 1300-1301 (9th Cir. 1997).

It is well-established that a judgment on the merits of a bankruptcy court is entitled to preclusive effect as to the claims and issues decided therein. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 129 S. Ct. 2195, 174 L. Ed. 2d 99 (2009).[12]   Moreover, an order approving a settlement should be given res judicata effect as to those issues that were decided.  *In re Glenn*, 160 B.R. 837, 838 (Bankr. S.D. Cal. 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).

The California Bankruptcy Court's order granting the Settlement Approval Motion decided the issue of ownership in the Trust Funds, over the objection of Global Brands, which asserted the same arguments and facts as it does here in the Opposition and Answer.  Accordingly, the Opposition and Answer constitute an impermissible collateral attack on the California Bankruptcy Court's prior determination and should be rejected.

**A.**    **Global Brands' Asserted Entitlement to the Trust Funds Already Was Addressed by the California Bankruptcy Court**

The issue of Global Brands' interest in the Trust Funds was actually and necessarily determined by the California Bankruptcy Court.  Global Brands' purported "counterclaim" is practically verbatim to the argument that it made in the California Bankruptcy Court against approval of the Settlement Agreement:

> Pepe Bus, LLC is also a party to that litigation and was never served with a Summons or Complaint.  The $1.1 million that the Settlement

---

[12] "A final judgment in federal court can be the basis for claim preclusion despite the fact that an appeal is pending, or that the judgment may be subject to appeal in the future." 18-131 Moore's Federal Practice – Civil § 131.30[c][ii] (citing *inter alia*, *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183 (1941); *Tripati v. Henman*, 857 F.2d  1366, 1367 (9th Cir. 1988)).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Agreement agrees to give Wynn actually belonged to Pepe Bus, LLC [which assigned its right to Global Brands]."[13]

The California Bankruptcy Court discussed Global Brands' contentions in its ruling:

> … GGW Global [Brands] contends that the Trustee and Wynn LV cannot split the Trust Fund because they are not the only parties involved in the litigation over those funds.  According to GGW Global, the approximately $1 million dollars in the Trust Fund that the Settlement Agreement allocates to Wynn LV actually belongs to Pepe Bus, LLC, which is a party to the Alter Ego Litigation and purportedly assigned the rights to such monies to GGW Global.  **The Court notes that GGW Global did not submit any admissible evidence substantiating this allegation**.[14]

To the contrary, the California Bankruptcy Court reviewed, considered and found "persuasive" evidence presented by Wynn Las Vegas regarding the ownership of the Trust Funds:

> Wynn LV presents persuasive evidence demonstrating that all of the money in the Trust Fund belonged to Francis – as opposed to the Debtors.  For example, the money in the Trust Fund was transferred from Boulevard, which managed Francis's personal finances.  Wynn LV acknowledges that GGW Direct LLC transferred approximately $710,000 to Boulevard.  Wynn LV offers deposition testimony to demonstrate that the GGW Entities paid Francis a salary during the first half of 2011, and as a result the funds transferred from GGW Direct, LLC to Boulevard were distributions from the GGW Entities to Francis and most likely not fraudulent transfers.  This testimony and documentary evidence tends to show that the $710,000 originating from GGW Direct, LLC was a legitimate payment to Francis from one of the Debtors for services provided by Francis.  Therefore, any claim that the Debtors have to that money would be tenuous.[15]

The California Bankruptcy Court's determination of the absence of rights of Global Brands in the Trust Funds was a predicate to the approval of the Settlement Agreement.  The division and disposition of the Trust Funds between the Trustee and Wynn Las Vegas is a material and integral provision of the Settlement Agreement and, as set forth above, was considered specifically by the California Bankruptcy Court in its ruling.

---

[13] Brands Settlement Opp. 15.

[14] RFJN, **Ex. D**.  (*Court's Tentative Ruling on the Trustee's Motion for Approval of Settlement with Wynn Las Vegas, LLC and Stephen Wynn Which Was Adopted as the Court's Final Ruling at the Hearing* at 7 (citations omitted; emphasis added)).

[15] *Id.* at 22 (citations omitted).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:270400.4 93837/001

**B.** **Global Brands' Allegations Regarding Its Status as an Assignee and Lack of Service on Pepe Bus Were Made to the California Bankruptcy Court in Connection with the Settlement Approval Motion**

In its Opposition, Global Brands alleges that "it makes claim to all [Trust Funds]", that it "is successor in interest to PEPE BUS, LLC with respect to the [Trust Funds]" and that "PEPE BUS, LLC … was never served with a Summons or a copy of the Complaint."[16] Global Brands made identical arguments to the California Bankruptcy Court in its opposition to the Settlement Approval Motion. *See* Brands Settlement Opp. at 15 ("Pepe Bus, LLC is also a party to that litigation and was never served with a Summons or Complaint. The $1.1 million that the Settlement Agreement agrees to give to Wynn actually belonged to Pepe Bus, LLC. Pepe Bus, LLC assigned the right to such monies to GGW Global Brands, Inc. .…").

The California Bankruptcy Court, in its ruling, noted that Global Brands' allegations were dispelled by the Trustee:

> The Trustee also responds to GGW Global's contention that it owns a portion of the Trust Fund by virtue of being an assignee of Pepe Bus, LLC and it should have therefore been served with the summons and complaint in the Alter Ego Litigation. The Trustee notes that Pepe Bus, LLC was voluntarily terminated on 3/12/12 – before the Alter Ego Litigation was commenced – and as a result did not need to be served. … The Trustee continues by asserting that even if Pepe Bus, LLC should have been served, it was properly served through its manager, Francis. … Finally, the Trustee takes issue with GGW Global's assertion that Pepe Bus, LLC assigned its right in the Trust Fund to GGW Global, noting that after Pepe Bus, LLC was voluntarily terminated it ceased to exist and could not enter into contracts.[17]

Since Global Brands seeks to re-argue its position before this Court, the counter-points raised and evidence offered by the Trustee in connection with the Settlement Approval Motion also bear repeating here:

1. A "Certificate of Fact" provided by the Secretary of State of the State of Montana (and filed as Exhibit "Z" to the Trustee's Reply in connection with the Settlement Approval

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[16] Opposition at 2.

[17] *Id.* at 10 (citations omitted).

DOCS_LA:270400.4 93837/001

Motion) establishes that Pepe Bus's Member and Managing Member was Joe Francis and that the entity was voluntarily terminated on March 12, 2012.[18]

2. Because Pepe Bus was terminated before the instant alter ego action now before this Court was commenced, there was no reason to serve it.

3. Nevertheless, despite Pepe Bus's defunct status, its Member and Managing Member, Joe Francis, was served in accordance with Rule 4(d)(2) of the Nevada State Rules of Civil Procedure.

4. Because a terminated Montana limited liability company ceases to exist, it cannot enter into contracts; consequently, Pepe Bus could not have entered into any agreement to assign its right in the Trust Funds to Global Brands. *See* Mont. Code Ann. § 35-8-906(2) ("The existence of a limited liability company is terminated upon the filing of the articles of termination ….").

**IV.**

**Conclusion**

Based on the foregoing, Wynn Las Vegas respectfully requests that the Court (a) grant the Motion, (b) enter an order approving the Stipulation substantially in the form attached to the Motion as Exhibit A, and (c) grant such other and further relief as the Court may deem just and proper.

Dated: August 21, 2013

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:    /s/ Mitchell J. Langberg
        Mitchell J. Langberg

and

Dated: August 21, 2013

PACHULSKI STANG ZIEHL & JONES LLP

By:    _____
        Malhar S. Pagay

Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[18] RFJN, **Ex. E.**

9