# EXHIBIT A

David M. Stern (State Bar No. 67697)
Michael L. Tuchin (State Bar No. 150375)
Matthew C. Heyn (State Bar No. 227474)
Jonathan M. Weiss (State Bar No. 281217)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:  310-407-4000
Facsimile:   310-407-9090
Email:        dstern@ktbslaw.com
                  mtuchin@ktbslaw.com
                  mheyn@ktbslaw.com
                  jweiss@ktbslaw.com

*Attorneys for R. Todd Neilson, Chapter 11 Trustee,
and GGW Marketing, LLC*

FILED & ENTERED

AUG 09 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GGW BRANDS, LLC,<br>GGW DIRECT, LLC,<br>GGW EVENTS, LLC,<br>GGW MAGAZINE, LLC, and<br>GGW MARKETING, LLC,<br><br>Debtors.<br><br>This pleading affects:<br>All Debtors                           ☒<br>GGW Brands, LLC              ☐<br>GGW Direct, LLC               ☐<br>GGW Events, LLC              ☐<br>GGW Magazine, LLC         ☐<br>GGW Marketing, LLC        ☐ | Jointly Administered<br>Under Case No. 2:13-bk-15130-SK<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT WITH WYNN LAS VEGAS, LLC AND STEPHEN A. WYNN**<br><br>Judge:  Hon. Sandra R. Klein<br>Date:   August 7, 2013<br>Time:   9:30 a.m.<br>Place:  United States Bankruptcy Court<br>            255 E. Temple Street, Ctrm. 1575<br>            Los Angeles, CA 90012 |

On August 7, 2013, this Court held a hearing on the Motion for Approval of Settlement With Wynn Las Vegas, LLC and Stephen A. Wynn [Docket No. 228] (the "Motion") of GGW Marketing, LLC and R. Todd Neilson as chapter 11 trustee (the "Trustee"). Appearances at the hearing on the Motion are set forth on the record.

The Court has considered the Motion, all objections and oppositions to the Motion, the evidence presented in connection with the Motion, all other pleadings filed in the above-captioned

145045.1

1

Case 2:13-bk-15130-SK Doc 298-1 Filed 08/09/13 Entered 08/09/13 08:37:56 Desc

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

1 jointly administered bankruptcy cases, and the argument of counsel in papers filed in connection

2 with the Motion and at the hearing on the Motion.  On August 7, 2013 the Court filed the Court's

3 Tentative Ruling on the Trustee Motion for Approval of Settlement with Wynn Las Vegas, LLC

4 and Stephen Wynn which Was Adopted as the Court's Final Ruling at the Hearing [Docket No.

5 291] (the "Tentative Ruling").

6      Based on the Court's findings of fact and conclusions of law, as set forth in the Tentative

7 Ruling and as further described at the hearing on the Motion, it is hereby **ORDERED,**

8 **ADJUDGED and DECREED:**

9     1.    The Motion is GRANTED in its entirety.  All objections to the Motion are hereby

10 overruled.

11     2.    The Trustee and GGW Marketing, LLC are hereby authorized to enter into and take

12 all actions they deem appropriate to consummate the Settlement Agreement dated as of July 10,

13 2013 (the "Settlement Agreement")[1] by and between, on the one hand, (i) R. Todd Neilson, solely

14 in his capacity as chapter 11 trustee of the jointly administered bankruptcy estates of GGW

15 Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and GGW Magazine, LLC; and (ii) GGW

16 Marketing, LLC (together with GGW Brands, LLC, GGW Direct, LLC, GGW Events, LLC, and

17 GGW Magazine, LLC, the "Debtors"), and, on the other hand, (iii) Wynn Las Vegas, LLC d/b/a

18 Wynn Las Vegas ("Wynn LV") and (iv) Stephen A. Wynn ("Mr. Wynn").

19     3.    <u>Nevada Marker Judgment.</u>  On account of the judgment in favor of Wynn LV in

20 District Court of Clark County, Nevada Case No. A566286 ("Nevada Marker Judgment"),[2] Wynn

21 LV shall be allowed a general unsecured claim in the amount of $3,543,412 (the "Marker Claim")

22 subject to the following conditions and provisos:

23     (a)    <u>Limited Subordination.</u>  Any distribution that would otherwise be made on

24 the Marker Claim out of the first $400,000 to be distributed to allowed general unsecured

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement

[2] For clarity of reference, the Nevada Marker Judgment is Exhibit 1 to the Settlement Agreement.

145045.1     2

1   creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the

2   respective Debtors' other allowed general unsecured creditors; provided, however, that this

3   subordination shall not apply as to any insider of the Debtors or individuals and entities

4   listed on Exhibit 8 to the Settlement Agreement.

5       (b)    <u>Credit for Other Collections.</u>  To the extent that Wynn LV collects funds

6   from any source or party other than the Debtors on account of the Nevada Marker

7   Judgment, Wynn LV shall be entitled to apply such funds, first, to the amount of the

8   Nevada Marker Judgment in excess of the Marker Claim (the "Nevada Marker Judgment

9   Excess Amount") and, after the Nevada Marker Judgment Excess Amount is paid in full,

10  then the Marker Claim shall be reduced dollar-for-dollar by collections as if such

11  collections had occurred on February 27, 2013 (the "Petition Date"); provided, however,

12  that Wynn LV shall not be required to reimburse the Debtors or any of them if, after

13  receiving a distribution from the Debtors or their estates, Wynn LV collects on the Nevada

14  Marker Judgment from any source or party other than the Debtors; and provided further

15  that any distributions occurring after Wynn LV receives such other collections shall be

16  adjusted so that the sum of all distributions shall be the same as if the other collections had

17  occurred on the Petition Date.  Notwithstanding the foregoing, all sums paid to Wynn LV

18  in accordance with the provisions of paragraphs 10 & 11 of this order shall be credited

19  against the Nevada Marker Judgment and shall reduce the Marker Claim as provided in

20  this subparagraph 3(b) as if the Nevada Marker Judgment Excess Amount had been paid in

21  full.

22      (c)    <u>Distributions Not Subject to Subordination.</u>  Except as specifically provided

23  in this paragraph 3, the Marker Claim shall be treated as an allowed general unsecured

24  claim and shall be entitled to share in any distributions from the Debtors or their estates in

25  the same manner as any other allowed general unsecured claim.

26  4.   <u>Wynn LV Nevada Defamation Judgment (General Unsecured).</u>  On account of the

27  judgment in favor of Wynn LV in District Court of Clark County, Nevada Case No. A577548 (the

28

"Wynn LV Nevada Defamation Judgment"),[3] Wynn LV shall be allowed a general unsecured claim in the amount of $2,354,856 (the "Wynn LV Defamation General Unsecured Claim") subject to the following conditions and provisos:

    (a)    <u>Effect of Further Proceedings.</u>  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Nevada Defamation Judgment is finally determined (the "Wynn LV Final Nevada Defamation Judgment") to be less than $3,924,760.74 (the amount due and owing to Wynn LV on the Petition Date on account of the Wynn LV Nevada Defamation Judgment), then the Wynn LV Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation General Unsecured Claim prior to there being a Wynn LV Final Nevada Defamation Judgment, then Wynn LV shall return any distributions on account of the Wynn LV Defamation General Unsecured Claim that exceed the amount Wynn LV would have received had the Wynn LV Final Nevada Defamation Judgment existed on the Petition Date.

    (b)    <u>Limited Subordination.</u>  Any distribution that would otherwise be made on the Wynn LV Defamation General Unsecured Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

    (c)    <u>Credit for Other Collections.</u>  To the extent that Wynn LV collects from any source or party other than the Debtors on the Wynn LV Nevada Defamation Judgment, Wynn LV shall be entitled to apply such funds, first, to the amount of the Wynn LV Nevada Defamation Judgment in excess of the Wynn LV Defamation General Unsecured

---

[3] For clarity of reference, the Wynn LV Nevada Defamation Judgment is Exhibit 2 to the Settlement Agreement.

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Claim (the "Wynn LV Nevada Defamation Judgment Excess Amount") and, after the Wynn LV Nevada Defamation Judgment Excess Amount is paid in full, then the Wynn LV Defamation General Unsecured Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Wynn LV shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Wynn LV collects on the Wynn LV Nevada Defamation Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Wynn LV receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

(d)   <u>Distributions Not Subject to Subordination.</u>  Except as specifically provided in this paragraph 4, the Wynn LV Defamation General Unsecured Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

5.   <u>Wynn LV Nevada Defamation Judgment (Subordinated).</u>  On account of the Wynn LV Nevada Defamation Judgment, Wynn LV shall be allowed a general unsecured claim subordinated to all other allowed general unsecured claims whose allowed claims are not otherwise subordinated in the amount of $1,177,428 (the "Wynn LV Defamation Subordinated Claim") subject to the following conditions and provisos:

(a)   <u>Effect of Further Proceedings.</u>  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Wynn LV Final Nevada Defamation Judgment is less than $3,924,760.74, then the Wynn LV Defamation Subordinated Claim shall be reduced to an amount equal to 30% of the Wynn LV Final Nevada Defamation Judgment.  If any distribution has been made on account of the Wynn LV Defamation Subordinated Claim prior to there being a Wynn LV Final Nevada Defamation Judgment, then Wynn LV shall return any distributions on account of the Wynn LV Defamation

1  Subordinated Claim that exceed the amount Wynn LV would have received had the Wynn
2  LV Final Nevada Defamation Judgment existed on the Petition Date.
3       (b)    Limited Subordination.  Any distribution that would otherwise be made on
4  the Wynn LV Defamation Subordinated Claim shall instead be made to the respective
5  Debtors' allowed general unsecured creditors whose claims are not otherwise
6  subordinated.  Once Debtors' allowed general unsecured creditors whose claims are not
7  otherwise subordinated have been paid in full, distributions to Wynn LV shall be made
8  without regard to the provisions of this subparagraph.
9       (c)    Distributions Not Subject to Subordination.  Except as specifically provided
10 in this paragraph 5, the Wynn LV Defamation Subordinated Claim shall not be otherwise
11 subordinated.
12 6.    Stephen Wynn Nevada Defamation Judgment (General Unsecured).  On account of
13 the judgment in favor of Mr. Wynn in District Court of Clark County, Nevada Case No. A577548
14 (the "Stephen Wynn Nevada Defamation Judgment"),[4] Mr. Wynn shall be allowed a general
15 unsecured claim in the amount of $2,354,856 (the "Stephen Wynn Defamation General Unsecured
16 Claim") subject to the following conditions and provisos:
17      (a)    Effect of Further Proceedings.  If, after all appeals, retrials, and further
18 proceedings have fully and finally concluded, the Stephen Wynn Nevada Defamation
19 Judgment is finally determined (the "Stephen Wynn Final Nevada Defamation Judgment")
20 to be less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the Petition Date
21 on account of the Stephen Wynn Nevada Defamation Judgment), then the Stephen Wynn
22 Defamation General Unsecured Claim shall be reduced to an amount equal to 60% of the
23 Stephen Wynn Final Nevada Defamation Judgment.  If any distribution has been made on
24 account of the Stephen Wynn Defamation General Unsecured Claim prior to there being a
25 Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return any

---

[4] For clarity of reference, the Stephen Wynn Nevada Defamation Judgment is Exhibit 2 to the Settlement Agreement.

145045.1                                6

distributions on account of the Stephen Wynn Defamation General Unsecured Claim that exceed the amount Mr. Wynn would have received had the final disposition of the Stephen Wynn Final Nevada Defamation Judgment existed on the Petition Date.

(b) <u>Limited Subordination.</u>  Any distribution that would otherwise be made on the Stephen Wynn Defamation General Unsecured Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

(c) <u>Credit for Other Collections.</u>  To the extent that Mr. Wynn collects from any source or party other than the Debtors on the Nevada Defamation Judgment, Mr. Wynn shall be entitled to apply such funds, first, to the amount of the Stephen Wynn Nevada Defamation Judgment in excess of the Stephen Wynn Defamation General Unsecured Claim (the "Stephen Wynn Nevada Defamation Judgment Excess Amount") and, after the Stephen Wynn Nevada Defamation Judgment Excess Amount is paid in full, then the Stephen Wynn Defamation General Unsecured Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however, that Mr. Wynn shall not be required to reimburse the Debtors or any of them if, after receiving a distribution from the Debtors or their estates, Mr. Wynn collects on the Stephen Wynn Nevada Defamation Judgment from any source or party other than the Debtors; and provided further that any distributions occurring after Mr. Wynn receives such other collections shall be adjusted so that the sum of all distributions shall be the same as if the other collections had occurred on the Petition Date.

(d) <u>Distributions Not Subject to Subordination.</u>  Except as specifically provided in this paragraph 6, the Stephen Wynn Defamation General Unsecured Claim shall be treated as an allowed general unsecured claim and shall be entitled to share in any distributions from the Debtors or their estates in the same manner as any other allowed general unsecured claim.

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone: 310-407-4000

7. <u>Stephen Wynn Nevada Defamation Judgment (Subordinated).</u> On account of the Stephen Wynn Nevada Defamation Judgment, Mr. Wynn shall be allowed a general unsecured claim subordinated to all other allowed general unsecured claims whose allowed claims are not otherwise subordinated in the amount of $1,177,428 (the "Stephen Wynn Defamation Subordinated Claim") subject to the following conditions and provisos:

(a) <u>Effect of Further Proceedings.</u> If, after all appeals, retrials, and further proceedings have fully and finally concluded, the Stephen Wynn Final Nevada Defamation Judgment is less than $3,924,760.74 (the amount due and owing to Mr. Wynn on the Petition Date on account of the Stephen Wynn Nevada Defamation Judgment), then the Stephen Wynn Defamation Subordinated Claim shall be reduced to an amount equal to 30% of the Stephen Wynn Final Nevada Defamation Judgment. If any distribution has been made on account of the Stephen Wynn Defamation Subordinated Claim prior to there being a Stephen Wynn Final Nevada Defamation Judgment, then Mr. Wynn shall return any distributions on account of the Stephen Wynn Defamation Subordinated Claim that exceed the amount Mr. Wynn would have received had the final disposition of the Stephen Wynn Final Nevada Defamation Judgment existed on the Petition Date.

(b) <u>Limited Subordination.</u> Any distribution that would otherwise be made on the Stephen Wynn Defamation Subordinated Claim shall instead be made to the respective Debtors' general unsecured creditors whose allowed claims are not otherwise subordinated. Once Debtors' general unsecured creditors whose allowed claims are not otherwise subordinated have been paid in full, distributions to Mr. Wynn shall be made without regard to the provisions of this subparagraph.

(c) <u>Distributions Not Subject to Subordination.</u> Except as specifically provided in this paragraph 7, the Stephen Wynn Defamation Subordinated Claim shall not be otherwise subordinated.

8. <u>California Slander Judgment.</u> On account of the judgment in favor of Mr. Wynn in Los Angeles County, California Superior Court Case No. BC438884 (the "California Slander

145045.1

8

Judgment"),[5] Mr. Wynn shall be allowed a general unsecured claim in the amount of $17,470,110 (the "California Slander Claim") subject to the following conditions and provisos:

    (a)    <u>Effect of Further Proceedings.</u>  If, after all appeals, retrials, and further proceedings have fully and finally concluded, the California Slander Judgment is finally determined (the "Final California Slander Judgment") to be less than $19,411,232.92 (the amount due and owing to Mr. Wynn on the Petition Date on account of the California Slander Judgment), then the California Slander Claim shall be reduced to an amount equal to 90% of the Final California Slander Judgment.  If any distribution has been made on account of the California Slander Claim prior to there being a Final California Slander Judgment, then Mr. Wynn shall return any distributions on account of the California Slander Claim that exceed the amount Mr. Wynn would have received had the Final California Slander Judgment existed on the Petition Date.

    (b)    <u>Limited Subordination.</u>  Any distribution that would otherwise be made on the California Slander Claim out of the first $400,000 to be distributed to allowed general unsecured creditors of all the Debtors (i.e., not $400,000 per Debtor) shall instead be made to the respective Debtors' other allowed general unsecured creditors; provided, however, that this subordination shall not apply as to any insider of the Debtors or individuals and entities listed on Exhibit 8 to the Settlement Agreement.

    (c)    <u>Credit for Other Collections.</u>  To the extent that Mr. Wynn collects from any source or party other than the Debtors on the California Slander Judgment, Mr. Wynn shall be entitled to apply such funds, first, to the amount of the California Slander Judgment in excess of the California Slander Claim (the "California Slander Judgment Excess Amount") and, after the California Slander Judgment Excess Amount is paid in full, then the California Slander Claim shall be reduced dollar-for-dollar by such collections as if such collections had occurred on the Petition Date; provided, however,

---

[5] For clarity of reference, the California Slander Judgment is Exhibit 7 to the Settlement Agreement.

145045.1                                    9

1       that Mr. Wynn shall not be required to reimburse the Debtors or any of them if, after

2       receiving a distribution from the Debtors or their estates, Mr. Wynn collects on the

3       California Slander Judgment from any source or party other than the Debtors; and provided

4       further that any distributions occurring after Mr. Wynn receives such other collections

5       shall be adjusted so that the sum of all distributions shall be the same as if the other

6       collections had occurred on the Petition Date.

7                  (d)    Distributions Not Subject to Subordination.  Except as specifically provided

8       in this paragraph 8, the California Slander Judgment Claim shall be treated as a general

9       unsecured claim and shall be entitled to share in any distributions from the Debtors or their

10      estates in the same manner as any other allowed general unsecured claim.

11             9.    Single Satisfaction.  Although Wynn LV and/or Mr. Wynn are being provided with

12      allowed general unsecured claims against each of the Debtors, in no event is either Wynn LV or

13      Mr. Wynn entitled to more than a single satisfaction.  For avoidance of doubt, the aggregate of all

14      distributions to Wynn LV and/or Mr. Wynn on account of each of the allowed claims provided in

15      paragraphs 3 through 8 of this order, inclusive, shall not exceed the amount of such allowed

16      claims.  Further, in the event that some or all of the Debtors' bankruptcy estates are substantively

17      consolidated, then as to the resulting consolidated bankruptcy estate, the allowed claims provided

18      to Wynn LV and Mr. Wynn shall each be allowed only once in such consolidated bankruptcy

19      estate.

20             10.   Payment of Trust Funds.  Based on the Settlement Agreement, which the Court

21      finds is reasonable, $800,000 of the $1,846,578.28 held by David R. Houston or David R.

22      Houston, Ltd. in their client trust account (the "Trust Funds") is hereby determined to be property

23      of the Debtors' bankruptcy estates.  The Trustee shall receive such portion of the Trust Funds on

24      behalf of all the Debtors.  This Court reserves jurisdiction to determine to which estate or estates

25      such money is allocable.  The Court hereby determines that the balance of the Trust Funds and

26      should be paid to Wynn LV and credited against the Nevada Marker Judgment and reduce the

27      Marker Claim as provided in paragraph 3(b) of this order.

28

145045.1                                       10

1       11.     <u>Priority Claim.</u>  Wynn LV shall have an allowed, non-interest bearing

2  administrative expense (the "Priority Claim") in the amount of $250,000 against the Debtor that

3  this Court determines is the owner of the Trust Funds.  If this Court determines that the Trust

4  Funds are property of several Debtors' bankruptcy estates, then the Priority Claim shall be

5  allocated amongst the Debtors' bankruptcy estates proportionate with the allocation of the Trust

6  Funds.  The Priority Claim shall be entitled to be paid ahead of all claims and administrative

7  expenses of the Debtors and their estates except for amounts allowed under 11 U.S.C. § 503(b)(2).

8  Any amounts paid to Wynn LV on account of the Priority Claim shall be credited against the

9  Nevada Marker Judgment and shall reduce the Marker Claim as provided in paragraph 3(b) of this

10 order.

11      12.     <u>No Other Claims.</u>  Wynn LV and Mr. Wynn shall have no other only claims or

12 rights to payment against Debtors or their bankruptcy estates other than as set forth in this order.

13      13.     <u>Effective Date.</u>  If the Effective Date under the Settlement Agreement does not

14 occur on or before August 30, 2013 (or such later date as the Trustee, GGW Marketing, LLC

15 Wynn LLV and Mr. Wynn agree to), the Trustee, GGW Marketing, LLC, Wynn LV, or Mr. Wynn

16 may vacate this order by filing a declaration establishing that the Effective Date has not timely

17 occurred and uploading an order vacating this order.

23 Date: August 9, 2013

Sandra R. Klein
United States Bankruptcy Judge

145045.1                                11

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT WITH WYNN LAS VEGAS, LLC AND STEPHEN A. WYNN** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** - Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order.  As of (*date*) August 8, 2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below:

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page.

**2. SERVED BY THE COURT VIA UNITED STATES MAIL**:  A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

GGW Brands, LLC, et al.
Attn: R. Todd Neilson, ch. 11 trustee
10940 Wilshire Boulevard
Suite 1000
Los Angeles, CA 90024

☐ Service information continued on attached page.

**3. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page.

**ADDITIONAL SERVICE INFORMATION:**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Martin R Barash**    mbarash@ktbslaw.com, lbogdanoff@ktbslaw.com
- **Brendt C Butler**    brendt.butler@gmail.com
- **Anne-Marie J DeBartolomeo**    ajd@girardgibbs.com, jiv@girardgibbs.com
- **Richard K Diamond**    rdiamond@dgdk.com, DanningGill@gmail.com
- **Matthew Heyn**    mheyn@ktbslaw.com
- **Lance N Jurich**    ljurich@loeb.com, kpresson@loeb.com
- **Samuel M Kidder**    skidder@ktbslaw.com
- **Michael D Kolodzi**    mdk@mdklawfirm.com
- **Dare Law**    dare.law@usdoj.gov
- **Dare Law**    dare.law@usdoj.gov
- **John F Medler**    JOHN@MEDLERLAWFIRM.COM, JMEDLER@MEDLERROITHER.COM
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **R. Todd Neilson (TR)**    tneilson@brg-expert.com, sgreenan@brg-expert.com;tneilson@ecf.epiqsystems.com;ntroszak@brg-expert.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- **Robert J Pfister**    rpfister@ktbslaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, nick@ronaldrichards.com
- **Ronald N Richards**    ron@ronaldrichards.com, nick@ronaldrichards.com
- **Steven J Schwartz**    sschwartz@dgdk.com, DanningGill@gmail.com
- **David M Stern**    dstern@ktbslaw.com
- **Ronald D Tym**    RTym@Tymfirm.com
- **Ronald D Tym**    RTym@Tymfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Andy C Warshaw**    awarshaw@lawcenter.com, mstevens@lawcenter.com
- **Jonathan M Weiss**    jweiss@ktbslaw.com
- **Jonathan M Weiss**    jweiss@ktbslaw.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com

**TO BE SERVED BY THE LODGING PARTY:**

Path Media Holdings, LLC
Hunkins Plaza Main Street
P.O. Box 556
Charlestown
Saint Kitts and Nevis

Debtors
GGW Brands, LLC, et al.
Attn: R. Todd Neilson, Trustee
10940 Wilshire Blvd., Ste 1000
Los Angeles, CA 90024

U.S. Trustee
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

Transcontinental Interweb Montreal
1603 Montarville Boulevard
Boucherville, QC J4B 5Y2

Ecoff Blut, LLP
300 S. Fourth Street, Suite 701
Las Vegas, NV 89101

Ecoff Blut, LLP
280 South Beverly Drive, #504
Beverly Hills, CA 90212

The Medler Law Firm, LLC
John F. Medler, Jr.
7700 Bonhomme Avenue, Ste 360
St. Louis, MO 63105

R. Todd Neilson, Trustee
BRG, LLP
2049 Century Park East, Ste 2525
Los Angeles, CA 90067

Cogent Communications
PO Box 791087
Baltimore, MD 21279

Robert M Yaspan
Law Offices of Robert M Yaspan
21700 Oxnard St Suite 1750
Woodland Hills, CA 91367

Allen Michael Wade
c/o Law Office of Shane M. Mallett
Board of Trade Building
80 Twelfth Street, Suite 100
Wheeling, WV 26003

Brian J Rayment
c/o Dana L. Kurtz, Esq.
32 Blaine St.
Hinsdale, IL 60521

Flying Crocodile, Inc.
2019 Third Avenue, #200
Seattle, WA 98121

Advanced Web Marketing Group
34 Borzotta Blvd.
Wayne, NJ 07470

Computer 1
11135 Rush Street, Unit "A"
South El Monte, CA 91733

GGW Brands, LLC
Brian D. Hefelfinger, Esq.
121 N. Fir St., Suite F
Ventura, CA 93001

West Legal
PO Box 6292
Carol Stream, IL 60197

Ronald Tym
7120 Carlson Circle, #263
Canoga Park, CA 91303-1814

Etagz, Inc.
Attn: Joseph G. Pia and Tyson B. Snow
Pia Anderson Dorius Reynard & Moss
222 So. Main St. Suite 1830

Mitchell J. Langberg
Brownstein Hyatt et al.
2029 Century Park East, Suite 2100
Los Angeles, CA 90067

Mitchell J. Langberg
Brownstein Hyatt et al.
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

Tamara Favazza
c/o Jerry P. Medler
Medler and Roither, PC
8000 Maryland Ave., Suite 640
Clayton, MO 63105

Wynn Las Vegas, LLC
Attn: Kevin Tourek, Agent
3131 Las Vegas Blvd., So.
Las Vegas, NV 89109

Chelsea Heath
Brian D. Hefelfinger, Esq.
121 N. Fir Street, Suite F
Ventura, CA 93001

Industrial Relations
Division of Labor Standards Enforcement
6150 Van Nuys Blvd., Rm. 206
Van Nuys, CA 91401

Robison, Belaustegui, Sharp & Low
71 Washington Street
Reno, NV 89503

Dorsey & Whitney
Attn: Kimberly Neville, Esq.
Attn: Byron Benevuto, Esq.
136 S. Main St., Ste. 1000
Salt Lake City, UT 08101-1685

Dorsey & Whitney, LLP
PO Box 1680
Minneapolis, MN 55480

Hochman, Salkin, Rettig, Toscher & Perez
9150 Wilshire Boulevard, Ste 300
Beverly Hills, CA 90212

Wargo Wrench LLP
999 Peachtree St. NE
26th Floor
Atlanta, GA 30309

Workbridge Associates
PO Box 311
Brattleboro, VT 05302

Winston & Strawn, LLP
Attn: Peter J. Chassman
1111 Louisiana, 25th Floor
Houston, TX 77002

David R. Houston
432 Court Street
Reno, NV 89501

Phil Anagnos
c/o Alireza Alivandivafi, Esq.
Morris Nazarian
1925 Century Park East, Suite 2120
Los Angeles, CA 90067

Aaron D. Aftergood
The Aftergood Law Firm
319 S. Robertson Blvd.
Beverly Hills, California 90211

Berry and Maxson LLC
Attn: Jessica W. Kenney, Esq.
Attn: Kelly Field Farrell, Esq.
Attn: Robert P. Berry, Esq.
16150 Main Circle Dr., Ste. 120
St. Louis, MO 63017

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Zillah A. Framton Bankr. Admin
Div of Revenue Bankr Services
Carvel State Office Bldg, 8th Floor
Wilmington, DE 19801

Los Angeles Division
255 E. Temple St.
Los Angeles, CA 90012-3332

Argyle Online, LLC
7120 Carlson Circle, #263
Canoga Park, CA 91303-1814

Joseph R. Francis
1111 Bel Air Place
Los Angeles, CA 90077