1  Kenneth E. Lyon, III
   Nevada Bar Number 7071
2  Law Offices of Kenneth E. Lyon, III
   10389 Double R Blvd.
3  Reno, Nevada 89521
   Telepjone: (775) 398-5800
4  Facsimile: (775) 398-5801

5

   Attorney for
6  GGW GLOBAL BRANDS, INC.

7                UNITED STATES BANKRUPTCY COURT

8                      DISTRICT OF NEVADA

9

10 In re                                  | Adv Proc.: 13-01050-MKN

11 GGW BRANDS, LLC *et al.*                | Chapter 11

12       Debtors.

13 _____
   WYNN LAS VEGAS LLC dba WYNN LAW
14 VEGAS, a Nevada limited liability company | GGW GLOBAL BRANDS, INC.
                                              SUPPLEMENTAL OPPOSITION TO
15       Plaintiff, Counterclaim              MOTION FOR ORDER APPROVING
         Defendant                            STIPULATION REGARDING
16                                            RESOLUTION OF REMOVED ACTION
         v.
17
   GGW DIRECT, LLC, a Delaware limited     | **Hearing:**
18 liability company; GGW BRANDS, LLC, a
   Delaware limited liability company; GGW   Date:   August 28, 2013
19 EVENTS, LLC, a Delaware limited liability Time:   9;30 a.m.
   company; MANTRA FILMS, INC., a           Place:  Courtroom 2
20 suspended Oklahoma corporation; BLUE             US Bankruptcy Court
   HORSE TRADING, LLC, a California limited          District of Nevada
21 liability company; PEPE BUS, LLC, an              Foley Federal Building
   inactive Montana limited liability company;      300 Las Vegas Boulevard South
22 SANDS MEDIA, INC., a revoked Nevada              Las Vegas, NV 989101
   domestic corporation; JOSEPH R. FRANCIS,
23 an individual; DAVID R. HOUSTON, an
   individual; and DAVID R. HOUSTON, LTD.,
24 a Nevada professional corporation, doing
   business as THE LAW OFFICE OF DAVID
25 R. HOUSTON,

26       Defendants

27 *Caption continued*

28

| | |
|---|---|
| 1 | GGW GLOBAL BRANDS, INC., as successor in interest of certain assets of PEPE BUS, LLC |
| 2 | |
| 3 | Counterclaimant and Crossclaimant |
| 4 | |
| 5 | v. |
| 6 | WYNN LAS VEGAS LLC d/b/a WYNN LAS VEGAS |
| 7 | Counterclaim Defendant |
| 8 | -and- |
| 9 | GGW DIRECT, LLC; GGW BRANDS, LLC; and GGW EVENTS, LLC |
| 10 | |
| 11 | Crossclaim Defendants |

GGW GLOBAL BRANDS, INC., as successor in interest of certain assets of PEPE BUS, LLC, hereby files the following Supplemental Opposition to the Motion for Order Approving Stipulation Regarding Resolution of Removed Action (Docket No. 23):

I. **INTRODUCTION**

The underlying litigation in this adversary proceeding involves a dispute as to who has a right to monies being held in an attorney client trust fund maintain by DAVID HOUSTON. WYNN LAS VEGAS, LLC ("WYNN") brought the present litigation in Nevada state court against a number of defendants with possible claims to the money, including certain of the Debtors (GGW DIRECT, LLC and GGW BRANDS, LLC) and PEPE BUS, LLC. In the litigation, WYNN claims that the funds are funds of Joseph R. Francis, a judgment debtor to WYNN, and that therefore, as judgment creditor, WYNN has a right to those funds on deposit.

GGW GLOBAL BRANDS, INC. is a successor in interest to PEPE BUS, LLC with respect to its right to the trust fund monies. GGW GLOBAL BRANDS, INC. has filed an Answer, Counterclaim, and Cross-Claim in this matter asserting that the funds in the trust account belong to it.

2

Notwithstanding the pending claims of GGW GLOBAL BRANDS, INC. in this adversary proceeding, which have yet to be litigated, WYNN seeks to have this court approve a compromise between WYNN and the Debtors to divide up the funds amongst themselves, to the exclusion of GGW GLOBAL BRANDS, INC.  WYNN argues in its Reply that this is proper because, supposedly: (1) collateral estoppel applies to preclude GGW GLOBAL BRANDS, INC. from litigating its claims; and (2) PEPE BUS, LLC, the predecessor in interest to GGW GLOBAL BRANDS, INC., was supposedly served with the Summons and Complaint of WYNN long ago in the state litigation through the service upon Joseph Francis and therefore its Answer, Counterclaim and Cross-Claims are supposedly untimely.

WYNN is incorrect on both counts.

II. **COLLATERAL ESTOPPEL DOES NOT APPLY BECAUSE THE CLAIMS OF GGW GLOBAL BRANDS, INC. HAVE NOT YET BEEN FULLY AND FAIRLY LITIGATED**

The proposed settlement of the present adversary proceeding is part of a much larger proposed settlement between WYNN and the Debtors. In the main bankruptcy case of the Debtors, which is currently pending in the Central District of California Bankruptcy Court, WYNN has potential claims against the Debtors of in excess of $30 million for the debts owed to WYNN by Joseph Francis, as represented by three judgments that WYNN has obtained against Francis. The success of such claims in the main bankruptcy case depends upon WYNN successfully arguing for the application of outside reverse piercing of the corporate veil of Debtors. The proposed settlement seeks to resolve those claims, which are pending in the Central District of California case, as well as the asserted claims against the trust funds in the case presently pending before this court. Because of this, institution of the settlement requires the approval of both the Central District of California Bankruptcy Court (with respect to the reverse corporate veil piercing claims) and this court (with respect to the claims against the trust fund)

WYNN has obtained the approval of the settlement from the Central District of California Bankruptcy Court. In that matter, GGW GLOBAL BRANDS, INC. filed a brief in Opposition to the Settlement (See WYNN's Request for Judicial Notice, Exhibit B), focusing on the invalidity of WYNN"s reverse corporate veil piercing claims since that was the portion of the settlement

over which the Central District of California Bankruptcy Court had approval authority. In its brief, GGW GLOBAL BRANDS, INC. also informed the Central District of California Bankruptcy Court of its intention to litigate the trust funds issue portion of the proposed settlement in front of the Nevada Bankruptcy Court pursuant to this adversary proceeding. GGW GLOBAL BRANDS, INC. stated:

> "As part of the proposed Settlement, the Debtors and Wynn are agreeing that the Debtors will receive $800,000 of the $1.9 million on deposit in an attorney trust account that is at issue in that litigation, and that Wynn will receive the remaining $800,000 [sic]. However, the Debtors and Wynn are not the only parties to that litigation. Pepe Bus, LLC is also a party to that litigation and was never served with a Summons or Complaint. The $1.1 million that the Settlement Agreement agrees to give to Wynn actually belonged to Pepe Bus, LLC. Pepe Bus, LLC assigned the right to such monies to GGW Global Brands, Inc. and GGW Global Brands, Inc. will be making an appearance in the Nevada alter ego litigation asserting its claims before the hearing on the Settlement. This precludes this court from approving the Settlement since the property of parties other than those who will be signatories to the Settlement Agreement are being dealt with by the proposed Settlement."

Thus, GGW GLOBAL BRANDS, INC. never litigated the issue of ownership of the trust funds. It merely informed the Central District of California Bankruptcy Court of its intention to litigate the issue in front of this court (Nevada Bankruptcy Court) as part of the adversary proceeding pending before this court. Because of this, GGW GLOBAL BRANDS, INC. never presented evidence regarding its claims to the trust funds to the Central District of California Bankruptcy Court.

As part of their Reply to the Opposition in the Central District of California Bankruptcy Court matter, the Debtors argued that GGW GLOBAL BRANDS, INC. had not presented evidence of its claims to the trust fund money and that Pepe Bus, LLC, the predecessor in interest to GGW GLOBAL BRANDS, INC., had supposedly been served with a copy of the Summons and Complaint in the state court litigation that was removed to the Nevada Bankruptcy Court as a result of service upon Joseph Francis. GGW GLOBAL BRANDS, INC. did not have a meaningful

opportunity to respond to these specious arguments because it had already filed its Opposition brief and the court had already rendered its tentative decision before the hearing on the matter.[1] In addition, the dispute as to ownership of the trust fund monies was before the Nevada Bankruptcy Court for decision, not the Central District of California Bankruptcy Court, and therefore it was not incumbent upon GGW GLOBAL BRANDS, INC. to present evidence with respect to its claims to the trust funds to the Central District of California Bankruptcy Court. The portion of the proposed settlement properly before the Central District of California Bankruptcy Court, and over which it had approval authority, was resolution of the reverse corporate veil piercing claims of WYNN.

Because GGW GLOBAL BRANDS, INC. never litigated its trust fund claims in front of the Central District of California Bankruptcy Court, the portions of such court's Settlement Agreement ruling in which it discusses that GGW GLOBAL BRANDS, INC. had not presented evidence of its claims to the trust fund monies do not give rise to collateral estoppel or preclude GGW GLOBAL BRANDS, INC. from continuing with its claims in front of the present court, as GGW GLOBAL BRANDS, INC. had informed the Central District of California Bankruptcy Court all along that it intended to do.

As stated by the United States Supreme Court in *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480-481 (1982):

> "We have previously recognized that the judicially created doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue, *Allen v. McCurry,* 449 U.S., at 95, 101 S.Ct., at 415, *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328-329, 91 S.Ct. 1434, 1442-43, 28 L.Ed.2d 788 (1971). 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.' *Montana v. United States,*

---

[1] That is why GGW GLOBAL BRANDS, INC. is taking the unusual step of filing this Supplemental Opposition Brief. It does not want to again be unfairly precluded from fully arguing points brought up for the first time in a Reply Brief.

*supra,* at 164, n.11, 99 S.Ct. at 979, n.11."

With respect to the limits on the application of collateral estoppel, the United States Supreme Court has also pointed out that it applies only "once a party has fought out a matter in litigation with the other party." *C.I.R. v. Sunnen,* 333 U.S. 591, 598.

In the present case, GGW GLOBAL BRANDS, INC. has never fought out the matter of who owns the trust funds with the Debtors or WYNN. The fact that GGW GLOBAL BRANDS, INC. informed the Central District of California Bankruptcy Court that it intended on litigating this issue in front of the Nevada Bankruptcy Court as part of the adversary proceeding did not place the issue in front of the Central District of California Bankruptcy Court for a determination. Indeed, it did just the opposite. It rightfully informed the Central District of California Bankruptcy Court that the matter was to be decided by the court in front of whom the adversary proceeding disputing such issue was pending.

GGW GLOBAL BRANDS, INC. has a right to a full evidentiary trial on the merits of its counter and cross claims to the trust fund monies, after being given the opportunity to full and fair discovery.

Contrary to the assertions of WYNN in its Reply brief, the approval of the present court to the Settlement Agreement is not purely a "ministerial act." As previously discussed, the proposed Settlement Agreement seeks to resolve two sets of claims of WYNN. First, it seeks to resolve the reverse corporate veil piercing claims against the Debtors' estates, which issue was properly before the Central District of California Bankruptcy Court for approval. Secondly, it seeks to resolve the claims against the attorney trust fund, which issue is properly before the present court as part of the adversary proceeding. The Central District of California Bankruptcy Court cannot usurp the authority of the present court to determine the trust fund claims properly before it.

Because the proposed Settlement Agreement seeks to divide up the trust fund monies to the exclusion of GGW GLOBAL BRANDS, INC. before its counter and cross claims to such funds are adjudicated, the Motion for approval must be denied as premature.

-6-
**SUPPLEMENTAL OPPOSITION TO MOTION**

### III. PEPE BUS, LLC WAS NEVER SERVED WITH THE SUMMONS AND COMPLAINT

WYNN asserts in its Reply that PEPE BUS, LLC, a defendant in the adversary proceeding and the predecessor in interest to GGW GLOBAL BRANDS, INC., was effectively and properly served with the Summons and Complaint in the state court proceeding as a result of the service of such Summons and Complaint upon Joseph Francis. This is not true.

The Summons and Complaint in the state court proceeding were served upon Joseph Francis, also an individual defendant in the litigation, on April 19, 2012. (See Proof of Service, attached as Exhibit A hereto, for which Judicial Notice is requested)

Prior to such service, on March 12, 2012, Articles of Termination for PEPE BUS, LLC were filed with the Montana Secretary of State dissolving the limited liability company and appointing Robert F. Klueger as the sole person to receive service of process and to wind up the company. (See filed Articles of Termination attached as Exhibit B hereto, for which judicial notice is requested). These Articles of Termination replaced the Articles of Organization and Operating Agreement for the dissolved PEPE BUS, LLC. Notably, Mr. Klueger signed the Articles of Termination as "Member", thereby further evidencing that he had replaced all existing Members of the dissolved limited liability company.

Therefore, service of the Summons and Complaint upon Joseph Francis, who is also a defendant in the litigation, did not constitute service upon PEPE BUS, LLC. To be proper service, service had to have been made upon Robert Klueger, as set forth in the Articles of Termination. No evidence has been presented that any such service occurred.

WYNN is also wrong in its assertion that PEPE BUS, LLC did not need to be served since it was a dissolved limited liability company. Under Montana law, a dissolved limited liability company can still sue and be sued, and can enter into contracts as part of the winding up of its business. Mont. Code Ann §35-8-903(2) provides as follows:

> "(2) The persons winding up the business or affairs of the
> limited liability company may, in the name of and for and
> on behalf of the limited liability company:
> (a) prosecute and defend suits;

-7-
SUPPLEMENTAL OPPOSITION TO MOTION

(b) settle and close the business of the limited liability company
(c) dispose of and transfer the property of the limited liability company…"

### IV.  GGW GLOBAL BRANDS, INC. HAS VALID CLAIMS AGAINST THE TRUST FUNDS

As previously stated, GGW GLOBAL BRANDS, INC. has a right to a full evidentiary trial on the merits of its counter and cross claims to the trust fund monies, after being given the opportunity to full and fair discovery. GGW GLOBAL BRANDS, INC. does not waive such right by the presentation of the following evidence, but presents the evidence only to show this court that it does have a credible claim to the trust fund monies and therefore has a right to the full adjudication of such claims.

The trust funds at issue in the present litigation were transferred into the attorney trust fund account at issue from an account maintained by Boulevard Management. The business records of PEPE BUS, LLC reflect that $1,750,000 of funds transferred into the Boulevard Management Account were funds of PEPE BUS, LLC. (See Exhibit A to Declaration of Joseph Francis filed concurrently herewith). On June 12, 2011, PEPE BUS, LLC assigned its rights to those funds to GGW GLOBAL BRANDS, INC. (See Exhibit B to Declaration of Joseph Francis)

### V.  CONCLUSION

This Court must deny the Motion for Resolution of Removed Action to the extent that it seeks to divide the funds contained in the HOUSTON trust account as the claims of GGW GLOBAL BRANDS, INC. to those funds have not yet been adjudicated and GGW GLOBAL BRANDS, INC. has not agreed to the proposed settlement.

DATED: August 22, 2013

By:  /s/ Kenneth E. Lyon III
Attorney for GGW GLOBAL BRANDS, INC.

EXHIBIT A

ORIGINAL

30

1  AOS
   Mitchell J. Langberg, Esq., Nevada Bar No. 10118
2  Laura E. Bielinski, Esq., Nevada Bar No. 10516
3  Joanna M. Myers, Esq., Nevada Bar No. 12048
   BROWNSTEIN HYATT FARBER SCHRECK, LLP
4  100 North City Parkway, Suite 1600
   Las Vegas, Nevada 89106
5  mlangberg@bhfs.com
   lbielinski@bhfs.com
6  Telephone: (702) 382-2101
7  Facsimile: (702) 382-8135

8  *Attorneys for Wynn Las Vegas, LLC*
   *d/b/a Wynn Las Vegas*

FILED
APR 24  3 36 PM '12

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| WYNN LAS VEGAS LLC d/b/a WYNN LAS VEGAS, a Nevada limited liability company, | Case No. A-12-660288-B |
| | Dept. No. XI |
| Plaintiff, | |
| v. | AFFIDAVIT OF SERVICE OF JOSEPH R. FRANCIS |
| GGW DIRECT, LLC, a Delaware limited liability company; GGW BRANDS, LLC, a Delaware limited liability company; GGW EVENTS, LLC, a Delaware limited liability company; MANTRA FILMS, INC., a suspended Oklahoma corporation; BLUE HORSE TRADING, LLC, a California limited liability company; PEPE BUS, LLC, an inactive Montana limited liability company; SANDS MEDIA, INC., a revoked Nevada domestic corporation; JOSEPH R. FRANCIS, an individual, DAVID R. HOUSTON, an individual; and DAVID R. HOUSTON, LTD., a Nevada professional corporation, doing business as THE LAW OFFICE OF DAVID R. HOUSTON, | SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL |
| Defendants. | |

A-12-660288-B
FUS
Filed Under Seal
1695021

RECEIVED APR 24 2012 CLERK OF THE COURT

21658\100\1676880.1                                            1

5

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| MITCHELL J. LANGBERG, ESQ., Bar #10118<br>BROWNSTEIN HYATT FARBER SCHRECK, LLP<br>100 N. CITY PARKWAY<br>SUITE 1600<br>LAS VEGAS, NV 89106 | | | | |
| Telephone No: 702-382-2101    FAX No: 702-382-8135 | | | | |
| Attorney for: Plaintiff | | Ref. No. or File No.: | | |
| Insert name of Court, and Judicial District and Branch Court:<br>DISTRICT COURT CLARK COUNTY, NEVADA | | | | |
| Plaintiff: WYNN LAS VEGAS LLC, ETC. | | | | |
| Defendant: GGW DIRECT, LLC, ET AL. | | | | |
| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>A-12-660288-B |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Complaint; Plaintiff Wynn Las Vegas, Llc's Motion To Temporarily File Under Seal; Initial Appearance Fee Disclosure; Ex Parte Application For Order Directing The Issuance Of A Writ Of Attachment And Writs Of Garnishment Without Notice; Memorandum Of Points And Authorities In Support Of Plaintiff's: (1) Ex Parte Application For Writ Of Attachment And Writ Of Garnishment Without Notice, And (2) Ex Parte Motion For Temporary Restraining Order And Preliminary Injunction On Order Shortening Time; Declaration Of Mitchell J. Langberg In Support Of Issuance Of Writ Of Attachement, Writs Of Garnishment, Tro And Preliminary Injunction; Temporary Restraining Order And Order Setting Hearing On Motion For Preliminary Injunction; Notice Of Posting Bond.

3. a. Party served:            JOSEPH R. FRANCIS, AN INDIVIDUAL
   b. Person served:           party in item 3. a.

4. Address where the party was served:    1111 BEL AIR PLACE
                                          LOS ANGELES, CA 90077

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Apr. 19, 2012 (2) at: 6:59PM

7. Person Who Served Papers:
   a. Brad Blankenship
   b. FIRST LEGAL INVESTIGATIONS
      2112 N. MAIN STREET, SUITE 220
      SANTA ANA, CA 92706
   c. (714) 550-1375

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:
   e. I am: (3) registered California process server
      (i) Independent Contractor
      (ii) Registration No.:  4052
      (iii) County:           Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Apr. 20, 2012

   Judicial Council Form                PROOF OF SERVICE                (Brad Blankenship)
   Rule 2.150.(a)&(b) Rev January 1, 2007   SUMMONS & COMPLAINT                              335442  .mitlan.443586

| Attorney or Party without Attorney: <br> MITCHELL LANGBERG, ESQ., Bar #171912 <br> BROWNSTEIN HYATT FARBER SCHRECK, LLP <br> 2029 CENTURY PARK EAST <br> SUITE 2100 <br> LOS ANGELES, CA 90067 <br> Telephone No: 310-500-4600    FAX No: 310-500-4602 | For Court Use Only |
|---|---|
| Ref. No. or File No.: | |
| Attorney for: Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court: <br> DISTRICT COURT CLARK COUNTY, NEVADA | |
| Plaintiff: WYNN LAS VEGAS LLC, ETC. | |
| Defendant: GGW DIRECT, LLC, ETC. | |

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: A-12-660288-B |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; SEE ATTACHMENT FOR DOCUMENTS SERVED.

3. a. Party served:                    JOSEPH R. FRANCIS, AN INDIVIDUAL
   b. Person served:                   PARTY IN ITEM 3A

4. Address where the party was served:   10940 WILSHIRE BLVD.
                                         10TH FLOOR
                                         LOS ANGELES, CA 90024

5. I served the party:
   b. by substituted service. On: Thu., Apr. 19, 2012 at: 4:00PM by leaving the copies with or in the presence of:
      "JANE DOE", FRONT DESK, Caucasian, Female, 27 Years Old, Blonde Hair, 5 Feet 5 Inches, 110 Poun
   (1) (Business) a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

7. Person Who Served Papers:                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JONATHAN SOLIS                          d. The Fee for Service was:

   **First Legal**
   1511 West Beverly Blvd.                    e. I am: (3) registered California process server
   Los Angeles, CA 90026                          (i)   Independent Contractor
   Telephone    (213) 250-9111                    (ii)  Registration No.:    6303
   Fax          (213) 250-1197                    (iii) County:              Los Angeles
   www.firstlegalnetwork.com                      (iv)  Expiration Date:     Mon, Aug. 19, 2013

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Apr. 20, 2012

                                                                    *(signature)*
   Judicial Council Form                  PROOF OF SERVICE          (JONATHAN SOLIS)
   Rule 2.150.(a)&(b) Rev January 1, 2007  SUMMONS & COMPLAINT       5220465  .mlrla.443582

| Attorney or Party without Attorney: MITCHELL LANGBERG, ESQ., Bar #171912 BROWNSTEIN HYATT FARBER SCHRECK, LLP 2029 CENTURY PARK EAST SUITE 2100 LOS ANGELES, CA 90067 Telephone No: 310-500-4600    FAX No: 310-500-4602 | For Court Use Only |
|---|---|
| Ref. No or File No.: | |
| Attorney for: Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court: DISTRICT COURT CLARK COUNTY, NEVADA | |
| Plaintiff: WYNN LAS VEGAS LLC, ETC. | |
| Defendant: GGW DIRECT, LLC, ETC. | |

| PROOF OF SERVICE By Mail | Hearing Date: | Time: | Dept/Div: | Case Number: A-12-660288-B |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; COMPLAINT; SEE ATTACHMENT FOR DOCUMENTS SERVED.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

   a. Date of Mailing:         Fri., Apr. 20, 2012
   b. Place of Mailing:        LOS ANGELES, CA 90026
   c. Addressed as follows:    JOSEPH R. FRANCIS, AN INDIVIDUAL
                               10940 WILSHIRE BLVD.
                               10TH FLOOR
                               LOS ANGELES, CA 90024

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Fri., Apr. 20, 2012 in the ordinary course of business.

5. Person Serving:
   a. Thomas Tilcock
   b. FIRST LEGAL SUPPORT SERVICES
      1511 W. BEVERLY BLVD
      LOS ANGELES, CA 90026
   c. 213-250-9111

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:
   e. I am: Not a Registered California Process Server

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Apr. 20, 2012

   Judicial Council Form
   Rule 2.150.(a)&(b) Rev January 1, 2007          PROOF OF SERVICE
                                                      By Mail                    (Thomas Tilcock)
                                                                                  5220465  .mitla.443582

## "ATTACHMENT"

PLAINTIFF WYNN LAS VEGAS, LLC'S MOTION TO TEMPORARILY FILE UNDER SEAL; FILED UNDER SEAL PURSUANT TO THIS REQUEST

INITIAL APPEARANCE FEE DISCLOSURE; FILED UNDER SEAL PURSUANT TO PLAINTIFF'S REQUEST TO TEMPORARILY FILE UNDER SEAL, FILED CONCURRENTLY HEREWITH

EX PARTE APPLICATION FOR ORDER DIRECTING THE ISSUANCE OF A WRIT OF ATTACHMENT AND WRITS OF GARNISHMENT WITHOUT NOTICE; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S: (1) EX PARTE APPLICATION FOR WRIT OF ATTACHMENT AND WRIT OF GARNISHMENT WITHOUT NOTICE, AND (2) EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ON ORDER SHORTENING TIME; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

DECLARATION OF MITCHELL J. LANGBERG IN SUPPORT OF ISSUANCE OF WRIT OF ATTACHMENT, WRITS OF GARNISHMENT, TRO AND PRELIMINARY INJUNCTION; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

NOTICE OF POSTING BOND; SUBMITTED UNDER SEAL PURSUANT TO PENDING MOTION TO TEMPORARILY FILE UNDER SEAL

EXHIBIT B

SUPPLEMENTAL OPPOSITION TO MOTION



**STATE OF MONTANA**

ARTICLES of TERMINATION for
a LIMITED LIABILITY COMPANY
(35-8-906, MCA)

MAIL:    LINDA McCULLOCH
Secretary of State
P.O. Box 202801
Helena, MT 59620-2801
PHONE: (406) 444-3665
FAX:    (406) 444-3976
WEB SITE: sos.mt.gov



Prepare, sign, submit with an original signature and filing fee.
This is the minimum information required.

(This space for use by the Secretary of State only)

1289047
STATE OF MONTANA
FILED
MAR 12 2012
SECRETARY OF STATE

Required Filing Fee: $15.00
☐ 24 Hour Priority Handling check box and Add $20.00
☐ 1 Hour Expedite Handling check box and Add $100.00

1. The current name of this Limited Liability Company is:
   PEPE BUS, LLC

2. The reason for filing these articles of termination is:
   LLC has been dissolved.

3. The effective date of the articles of termination is: 03/05/2012
   If left blank, termination is effective upon filing in SOS office. (Month/Day/Year)

4. The name of the agent(s) authorized to receive service of process after dissolution or Termination of the LLC:
   Robert F. Klueger

5. The name of the person(s) authorized to wind up the business and execute documents on behalf of the limited liability company is:
   Robert F. Klueger

6. The date of dissolution was (cannot be a future date): 02/28/2012
   (Month/Day/Year)

7. I, HEARBY SWEAR AND AFFIRM, under penalty of law, that the company's business has been wound up and the legal existence of the company has been terminated.

   Signature of a Manager (if managed by managers) or a Member (if managed by members).

   Member                  3-5-2012
   Title (managing manager or member)   Date

   Daytime Contact: Phone 818-933-3838   Email bob@lataxlawyers.com

# CERTIFICATE OF SERVICE

1. On August 23, 2013 I served the following document:

   GGW GLOBAL BRANDS, INC. SUPPLEMTNAL OPPOSITION TO MOTION FOR ORDER APPROVING STIPULATION REGARDING RESOLUTION OF REMOVED ACTION

2. I served the above-named document by the following means to the persons listed below:

   X   ECF System (You must attach the "Notice of Electronic Filing")

   X   United States mail, postage fully prepaid

   Mitchell J. Langberg, Esq.
   Brownstein Hyatt Farber Schreck LLP
   100 North City Parkway, Suite 1600
   Las Vegas, NV  89106

   Malhar S. Pagay, Esq.
   Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067

   Robert M. Yaspan, Esq.
   21700 Oxnard St., Ste. 1750
   Woodland Hills, California

   David R. Grundy, Esq.
   LEMONS, GRUNDY & EISENBERG
   6005 Plumas Street, Third Floor
   Reno, Nevada 89509

   Andre M. Lagomarsino, Esq.
   PARKER SCHEER LAGOMARSINO LLP
   9555 South Eastern Avenue, Suite 210
   Las Vegas, NV  89123

   David M. Stern, Esq.
   KLEE TUCHIN BOGDANOFF & STERN LLP
   1999 Avenue of the Stars, Thirty-Ninth Floor
   Los Angeles, CA  89123

I declare under penalty of perjury the foregoing is correct and true.

August 23, 2013

                                                  /s/ Kenneth E Lyon III

**SUPPLEMENTAL OPPOSITION TO MOTION**