1  Mitchell J. Langberg, Esq., Nev. Bar. No. 10118
   Laura F. Bielinski, Esq., Nevada Bar No. 10516
2  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
3  Las Vegas, Nevada 89106
   mlangberg@bhfs.com
4  lbielinski@bhfs.com
   Telephone:   (702) 382-2101
5  Facsimile (702) 383-8135

6       and

7  MALHAR S. PAGAY, ESQ. (CA BAR NO. 189289)
   (admitted *pro hac vice*)
8  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
9  Los Angeles, California  90067
   mpagay@pszjlaw.com
10 Telephone:   (310) 277-6910
   Facsimile:   (310) 201-0760

11
   Attorneys for Wynn Las Vegas, LLC d/b/a Wynn Las Vegas
12
             **UNITED STATES BANKRUPTCY COURT**
13
                **DISTRICT OF NEVADA**
14
   In re:                              | Adversary Case No.: 13-01050-MMN
15                                      | Chapter 11
   WYNN LAS VEGAS LLC d/b/a/ WYNN LAS   |
16 VEGAS, a Nevada limited liability company,  | **OBJECTION TO, AND MOTION TO**
                                        | **STRIKE, GGW GLOBAL BRANDS, INC.**
17                          Plaintiff,  | **SUPPLEMENTAL OPPOSITION TO**
                                        | **MOTION FOR ORDER APPROVING**
18                vs.                    | **STIPULATION REGARDING**
                                        | **RESOLUTION OF REMOVED ACTION**
19 GGW DIRECT, LLC, a Delaware limited  | **AND DECLARATION OF JOSEPH**
   liability company; GGW BRANDS, LLC, a | **FRANCIS**[1]
20 Delaware limited liability company; GGW |
   EVENTS, LLC, a Delaware limited liability | **Hearing re Motion for Order Approving**
21 company; MANTRA FILMS, INC., a       | **Stipulation Regarding Resolution of**
   suspended Oklahoma corporation; BLUE | **Removed Action**
22 HORSE TRADING, LLC, a California limited |
   liability company; PEPE BUS, LLC, an inactive | Date:    August 28, 2013
23 Montana limited liability company; SANDS | Time:     9:30 a.m.
   MEDIA, INC., a revoked Nevada domestic | Place:    Courtroom 2
24 corporation; JOSEPH R. FRANCIS, an   |          U.S. Bankruptcy Court
   individual; DAVID R. HOUSTON, an     |          District of Nevada
25 individual; and DAVID R. HOUSTON, LTD., a |          Foley Federal Building
   Nevada professional corporation, doing business |          300 Las Vegas Boulevard South
26 as THE LAW OFFICE OF DAVID R.        |          Las Vegas, Nevada 89101
   HOUSTON,                             |
27                         Defendants.  |

28
   ─────────────────────
   [1] Related to Docket Nos. 41 and 42

1

Wynn Las Vegas, LLC d/b/a Wynn Las Vegas ("Wynn Las Vegas") objects to, and hereby moves to strike, *GGW Global Brands, Inc. Supplemental Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action* [Docket No. 41] (the "Supplemental Opposition") and supporting *Declaration of Joseph Francis* [Docket No. 42] (the "Francis Declaration") filed by GGW Global Brands, Inc. ("Global Brands) on or about August 23, 2013, on the following grounds:

## I.

## Procedural History

On July 31, 2013, Wynn Las Vegas filed that certain *Notice of Motion and Motion for Order Approving Stipulation Regarding Resolution of Removed Action; Memorandum of Points and Authorities in Support Thereof* [Docket No. 23] (the "Motion to Approve Stipulation"), seeking an administrative order from this Court to approve a stipulation.  The stipulation implements certain conditions of a Settlement Agreement among Wynn Las Vegas, the chapter 11 trustee appointed in four cases (the "Trustee") and a debtor in possession (GGW Marketing, LLC) in another case, all jointly administered and pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").  The stipulation relates to the disposition of certain funds (referred to as Trust Funds) that are under the jurisdiction of this Court as a result of the removal of this proceeding by four of the California debtors prior to the appointment of the Trustee. The Settlement Agreement, including the division and disposition of the Trust Funds described in the stipulation, already has been approved by the Honorable Sandra Klein of the California Bankruptcy Court at a hearing conducted on August 7, 2013, and by order entered on August 9, 2013.  Global Brands moved for a stay pending appeal of the order approving the Settlement Agreement, which motion was denied by Judge Klein by order also entered on August 9, 2013. Global Brands did not timely appeal the order approving the Settlement Agreement.

On August 14, 2013, Global Brands filed the *GGW Global Brands, Inc. Opposition to Motion for Order Approving Stipulation Regarding Resolution of Removed Action* [Docket No. 28], alleging, as it did before Judge Klein, that the Trust Funds belong to Global Brands and opposing the proposed disposition of the Trust Funds in accordance with the stipulation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    On August 21, 2013, Wynn Las Vegas filed the *Reply Re: Motion for Order Approving*

2  *Stipulation Regarding Resolution of Removed Action* [Docket No. 36], supporting *Declaration of*

3  *Malhar Pagay* [Docket No. 37]; and *Request for Judicial Notice* [Docket No. 38] (collectively, the

4  "Reply").

5    On August 23, 2013, in response to the Reply, Global Brands filed a sur-reply, styled as a

6  "Supplemental Opposition".  To the best of Wynn Las Vegas's knowledge, Global Brands did not

7  receive authorization from this Court to file the Supplemental Opposition in response to Wynn Las

8  Vegas's Reply.

9    A hearing regarding the Motion to Approve Stipulation has been set for August 28, 2013, at

10  9:30 a.m. [Docket No. 33].

11                                                    **II.**

12                  **Global Brands' "Supplemental Opposition" and Francis Declaration**

13                  **Constitute an Unauthorized Sur-Reply and Should Be Stricken**

14    Local Bankruptcy Rule ("LBR") 9014, which governs the briefs which may be filed in

15  connection with a motion before this Court, makes no provision for the filing of papers in response

16  to a reply – *i.e.*, a sur-reply.  In particular, LBR 9014(d), which governs the filing and service of

17  reply papers, does not authorize the submission of sur-replies.  A sur-reply that is not permitted by

18  either local rule or court authorization is an improper document that should be stricken and

19  disregarded.  *See, e.g.*, *United States of America v. Gaytan*, Case No. 2:12-cr-00237-APG-CWH,

20  2013 WL 3744181, *1 (D. Nev. June 14, 2013) (striking sur-reply that was filed without leave of the

21  court based upon the local rules of the District Court of Nevada as an "improper document"); *Padilla*

22  *v. Nevada*, Case No. 2:09–cv–01636–RLH–PAL, 2012 WL 380003, *1 (D. Nev. Feb. 6, 2012)

23  (holding that court's permission must be sought and obtained as a condition to filing a sur-reply and

24  striking unauthorized sur-reply under the Nevada District Court local rules); *Shilling v. Crawford*,

25  Case No. 2:05-CV-00889-PMP-GWF, 2007 WL 2790623 at *5 (D. Nev. Sept. 21, 2007) (same).

26    The applicable local rules do not authorize any party to file a sur-reply.  Moreover, Global

27  Brands has neither sought nor obtained the Court's permission to file a sur-reply.  The filing of the

28  Supplemental Opposition and Francis Declaration after the filing of Wynn Las Vegas's Reply –

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

notwithstanding Global Brands' efforts to circumvent this Court's rules by calling its sur-reply a "Supplemental Opposition" - is not in compliance with the applicable LBR, and such pleadings should be disregarded and stricken in their entirety.

### III.

### The Supplemental Opposition Lacks Merit

To the extent the Court is inclined not to strike, but instead will review and consider, the Supplemental Opposition and Francis Declaration, Wynn Las Vegas asserts its right as the moving party to reply to such pleadings as set forth hereinbelow.

**A.**    **Pepe Bus Was No Longer In Existence When the Alter Ego Litigation Was Commenced**

The Supplemental Opposition misstates the difference between the "termination" and the "dissolution" of a limited liability company.  On March 12, 2012, Articles of Termination, not articles of dissolution, were filed for Pepe Bus.[2]  As a result, the controlling statute is Montana Code § 35-8-906, not § 35-8-903(2), as stated by the Supplemental Opposition.  Montana Code § 35-8-906(2) states that "[t]he existence of a limited liability company is terminated upon the filing of the articles of termination or upon a later effective date, if specified in the articles of termination." There is no wind-up after termination; the termination is filed after wind up is complete.  *See* § 35-8-906(1)  ("At any time *after dissolution and winding up*, a limited liability company may terminate its existence by filing with the secretary of state").

Pepe Bus' Articles of Termination state that the effective date of the termination of Pepe Bus was March 5, 2012, and the termination was because the "LLC has been dissolved."[3]  Thus, Pepe Bus was no longer in existence when Wynn Las Vegas commenced the Alter Ego Litigation.

**B.**    **Robert Klueger Was Not the Member of Pepe Bus at the Time of Its Termination**

Even if Robert Klueger did sign the Articles of Termination supposedly as member, this was most likely a mistake and incorrect representation.  All evidence points to *Francis* being the sole member of Pepe Bus.  The Montana Certificate of Fact identifies Francis as the sole member and

---

[2] *See* Request for Judicial Notice ("SRFJN"), at **Ex. I** (Pepe Bus Articles of Termination).

[3] *Id.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

manager of Pepe Bus.[4]  A Statement of Change of Registered Agent filed for Pepe Bus in 2008 was signed by Francis as the member of Pepe Bus.[5]  Every annual report filed with the Montana Secretary of State for Pepe Bus from 2008 through 2012 identifies Francis as the member of Pepe Bus.[6]  The last annual report identifying Francis as the member of Pepe Bus was submitted on March 8, 2012, three days after the effective date of termination of March 5, 2012, stated in the Articles of Termination.[7]  The only evidence that Klueger was a member is his signature on the Articles of Termination.

Klueger most likely signed the Articles of Termination as part of his efforts representing Francis in 2012, not as the member of Pepe Bus.  When discussing his representation of Francis, Klueger, at his August 2012 deposition, stated that "part of my duties was to, you know, clean up and – and liquidate, you know, some – some entities that were, you know, long since defunct, as far as I know.  Some entity called Pepe Bus, and there were some others."  Klueger also confirmed that he did this "clean up" in 2012 and that Pepe Bus was defunct at the time.[8]

**C.    Francis' Past Testimony Regarding Pepe Bus Is Completely Contradictory**

The Francis Declaration directly contradicts Francis' past testimony about Pepe Bus and lacks credibility.  In his new declaration, Francis claims he was manager and member of Pepe Bus until Klueger became manager in March 2012.  However, at a debtor's examination taken on July 12, 2013, less than two months ago, Francis was asked about Pepe Bus and responded as follows:

> Q:  Do you know anything about the owners, members, managers of Pepe Bus?
>
> A:  Nope.[9]

---

[4]  *See* SRFJN, at **Ex. J** (Montana Certificate of Fact).

[5]  *See* SRFJN, at **Ex. K** (Statement of Change of Registered Agent).

[6]  *See* SRFJN, at **Ex. L** (Pepe Bus Annual Reports).

[7]  *Id.*

[8]  Declaration of Mitchell Langberg ("Langberg Decl."), at **Ex. Q** (Transcript of Deposition of Robert Klueger dated August 28, 2012, 42:34-43:16).

[9]  Langberg Decl., at **Ex. R** (Transcript of Judgment Debtor Exam of Joseph Francis dated July 12, 2013, 12:17-19).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  In June 2012, three months after Pepe Bus was terminated, at his deposition taken in

2  connection with the Alter Ego Litigation, Francis testified as follows:

3  Q:  Now what is Pepe Bus.

4  A:  It's just the name of an account for Mantra Films.

5  Q:  What is Pepe Bus, LLC?

6  A:  I don't know.[10]

7  When Francis was pressed on the topic, he answered as follows:

8  Q:  So you think that Pepe Bus, LLC and Mantra Films, Inc. was just
   one and the same?

9
10  A:  No, not one and the same. I believe – this is just my understanding.
    I believe Mantra owned Pepe.[11]

11  However, in August 2011, at a debtor's examination taken in California two months after

12  supposedly assigning any interest in the Trust Funds to Global Brands, Francis testified as follows

13  about Pepe Bus:

14  Q.  Are you familiar with Pepe Bus LLC?

15  A.  Am I familiar? Ever heard the name? Yes.

16  Q.  Let's start there.

17  A.  Yes.

18  Q.  Are you an officer of that LLC?

19  A.  I have no idea.

20  Q.  Do you know what they do?

21  A.  Not really.  I know it's one of the entities that is in the business,
    but I'm not sure of the structure or what exactly it does or holds or
22  whatever.[12]

23  Simply put, Francis' testimony and evidence regarding Pepe Bus simply is not reliable.

24  // //

25

26  [10]  Langberg Decl., at **Ex. S** (Transcript of Joseph Francis Deposition dated June 19, 2012 ("Francis June 2012 Depo"), 83:11-15).

27  [11]  Francis June 2012 Depo, 85:3-7.

28  [12]  Langberg Decl., at **Ex. T** (Transcript of Judgment Debtor Examination of Joseph Francis dated August 22, 2011, 44:14-23).

6

**D.    Boulevard Management Documents Reflect that $295,000, Not $1.75 Million, Were Transferred From Pepe Bus, to Pay for Francis' Personal Expenses**

In addition to all the evidence submitted in previous briefs identifying the Trust Funds as belonging to Francis alone, including a letter specifically stating that Boulevard Management would not be representing any of Francis' entities,[13] Boulevard Management produced to Wynn Las Vegas a schedule of deposits for Francis' account.  The schedule of deposits identifies three deposits, those made on January 26, 2010, January 28, 2010, and January 29, 2010, as deposits belonging to Pepe Bus, totaling $295,000.[14]  Francis' supposed ledger identifies three other deposits, on January 29, 2010, February 3, 2010, and February 24, 2010, totaling $1.55 million, as belonging to Pepe Bus. However, Boulevard Management's schedule of deposits identify these deposits as belonging to Joe Francis personally, not Pepe Bus.  In fact, Boulevard Management produced the actual checks for those three deposits, and all three checks are cashier's checks from Joe Francis personally to Boulevard Management.[15]  Thus, the evidence establishes that Pepe Bus only contributed $295,000, not $1.75 million, of the Trust Funds.

**E.    The June 2011 "Assignment" from Pepe Bus to Brands, Inc. Is Not Effective Because the Funds in Question Already Had Been Transferred to David Houston's Client Trust Account**

The June 2011 assignment submitted by Francis as part of his declaration states that Pepe Bus assigns to Global Brands "all right, title and interest of Pepe Bus in and to funds on deposit in the Boulevard Management Client Trust Account."  Boulevard Management's records confirm the funds were transferred to the Houston Account on May 12, 2011, one month before this supposed assignment.[16]  These funds were transferred with Francis' instruction.[17]  Francis knew very well there were no funds with Boulevard Management by June 2011, rendering this supposed assignment impossible and/or invalid.

---

[13]  Langberg Decl., at **Ex. U** (November 9, 2011 Boulevard Letter to Francis).

[14]  Langberg Decl., at **Ex. V** (Boulevard Schedule of Deposits).

[15]  Langberg Decl., at **Ex. W** (Francis' Cashier Checks).

[16]  Langberg Decl., at **Ex. X** (Boulevard May 2011 Account Statement).

[17]  Langberg Decl., at **Ex. Y** (Francis May 2011 email to Boulevard).

7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**F.      Global Brands' Position Conflicts With Its Dissolution Report to the Delaware Tax Authorities**

Global Brands dissolved on May 8, 2012.[18]  At the time of its dissolution, it reported "zero" assets in its report to the Delaware tax authorities.[19]  Global Brands cannot now claim it had a secret right to the money held by Boulevard Management.

IV.

**Francis Is Estopped From Claiming That Global Brands Has an Interest in the Trust Funds**

Pursuant to a stipulation and order, which was entered in the litigation that is presently before this Court, Francis stipulated that "David R. Houston, Ltd. is in possession of the sum of $1,846,578.28 *received from GGW Direct, LLC*…."[20]  Accordingly, he is estopped from arguing any differently today through a new corporate entity or submitting evidence to the contrary.

V.

**Global Brands Is Not A Proper Party to This Proceeding**

Global Brands is not a named Defendant in this proceeding.  Moreover, even if Global Brands had an interest in the Trust Funds as a successor to Pepe Bus, that does not make Global Brands a corporate successor to litigation.  In order to assert its rights in this proceeding, Global Brands would have to file a motion to intervene.  Fed. R. Bankr. Pro. 7024(a).  It has not done so.

---

[18]   SRFJN, at **Ex. M** (Global Brands Certificate of Dissolution).

[19]   SRFJN, at **Ex. N** (Global Brands Certificate of Dissolution).

[20]   SRFJN, at **Exs. O & P**.

8

# VI.

## Conclusion

Based on the foregoing, Wynn Las Vegas requests that the Court enter an Order (a) granting the Motion, (b) striking the Supplemental Opposition and Francis Declaration, and (c) granting Wynn Las Vegas such further relief as is just and proper.

Dated: August 27, 2013
BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:    /s/ Mitchell J. Langberg
       Mitchell J. Langberg

And

Dated: August 27, 2013
PACHULSKI STANG ZIEHL & JONES LLP

By:    /s/ Malhar S. Pagay
       Malhar S. Pagay

Attorneys for Wynn Las Vegas, LLC, d/b/a Wynn Las Vegas